**<u>EXHIBIT B</u>**

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 7** |

### INTERIM ORDER
### (I) APPROVING THE DEBTORS'
### PROPOSED ADEQUATE ASSURANCE
### OF PAYMENT FOR FUTURE UTILITY SERVICES,
### (II) APPROVING THE DEBTORS' PROPOSED PROCEDURES
### FOR RESOLVING ADDITIONAL ASSURANCE REQUESTS, (III)
### PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING,
### OR DISCONTINUING SERVICES, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"), (a) approving the Debtors' proposed adequate assurance of payment for future utility services, (b) approving the Debtors' proposed procedures for resolving additional adequate assurance requests, (c) prohibiting utility providers from altering, refusing, or discontinuing services, (d) scheduling a final hearing to consider approval of the Motion on a final basis, and (e) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on **September 9, 2025, at 2:00 p.m., prevailing Eastern Time**.  Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 2, 2025** and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.:  Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP,

2

601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases.

4.     The Adequate Assurance Deposit and the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code.

5. The following Adequate Assurance Procedures are hereby approved on an interim basis:

a. The Debtors will deposit the Adequate Assurance Deposit in the aggregate amount of approximately $430,000 in the Adequate Assurance Account within 20 days after the Petition Date.

b. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Providers List, attached as Exhibit C to the Motion.

c. If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to:  (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.:  Alexandra F. Schwarzman, P.C.  (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Richards, Layton & Finger, P.A., 920 N King Street, Wilmington, DE 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.:  Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (iv) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.:  Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (v) any statutory committee appointed in these chapter 11 cases; and (vi) to the extent not listed herein, those parties entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties").  The Debtors shall honor such request within seven business days after the date the request is received by the Debtors.  The Debtors and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d. The Debtors will serve a copy of the Motion and the Interim Order granting the relief requested herein to each Utility Provider identified on Exhibit C to the Motion within two business days after entry of the Interim Order.

e. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

4

   f.   Any Additional Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half the monthly cost of the Utility Services the Utility Provider supplies to the Debtors, calculated as a historical average over the twelve-month period ended June 30, 2025; (v) certify that the Utility Provider does not already hold a prepetition deposit equal to or greater than one-half the monthly cost of Utility Services; (vi) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (vii) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   g.   If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

   h.   Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have 21 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request. The Debtors and the Utility Provider may, without notice to any party-in-interest or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree.

   i.   Without further order of the Court, the Debtors may resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

   j.   If the Debtors and the Utility Provider are unable to reach a consensual resolution within the Resolution Period, or if a Utility Provider was omitted from the Utility Providers List and wishes to dispute that it received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Interim Order, the Debtors may request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

   k.   Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

   l.   The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of

the date upon which (i) the Debtors reconcile and pay the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.      Unless and until the Court orders otherwise, all Utility Providers, including those Utility Providers paid by the Debtors' Landlords or through the Utility Payment Processors, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

8.      The Adequate Assurance Deposit shall be placed into a segregated account for the benefit of each Utility Provider.  Notwithstanding anything to the contrary in any other order of this Court, including any order approving the use of cash collateral in these chapter 11 cases, the interests of any party, including but not limited to the Debtors' prepetition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the Court.

9.      The Debtors' service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10.     The Debtors are authorized, but not directed, to add or remove parties from the Utility Providers List; *provided*, *however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided*, *further*, that if a Utility Provider is removed

6

from the Utility Providers List, the Debtors shall provide the applicable Utility Provider with seven days' notice thereof and the opportunity to respond to such removal.  To the extent there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors are authorized, in their discretion and without further order of the Court, to reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) one-half of the average monthly cost of Utility Services previously provided, calculated based on the aforementioned historical average to align with the go-forward average monthly cost of Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five business days following the date upon which the plan becomes effective.

11.     For any Utility Provider that is subsequently added to the Utility Providers List, the Debtors shall serve such Utility Provider a copy of this Interim Order, including the Adequate Assurance Procedures, and provide such Utility Provider 14 days' notice to object to the inclusion of such Utility Provider on the Utility Providers List.  The Debtors shall increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtors' monthly average cost of services from the subsequently added Utility Provider.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider to

7

the same extent as if the Utility Provider was listed on the original Utility Providers List attached hereto.

12.     The inclusion of any entity in, as well as any omission of any entity from, the Utility Providers List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.  Nothing in this Interim Order constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

13.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

14.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any

RLF1 33523746v.1

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

15.      Notwithstanding anything to the contrary in this Interim Order, any payment to be made, obligation incurred or authorization contained herein shall be subject to and in compliance with the "Approved Budget" as defined in the orders of the Court approving the consensual use of cash collateral in these chapter 11 cases (including with respect to timing of payments thereunder).

16.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection

9

with the relief granted herein.

17.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

18.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 7th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

10