## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: September 9, 2025, at 2:00 p.m. (ET) |
| | ) Obj. Deadline: September 2, 2025, at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS, (II) ESTABLISHING PROCEDURES FOR
DESIGNATING SUCH PROFESSIONALS, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate the OCPs (as defined herein) on a postpetition basis pursuant to the procedures set forth herein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "First Day Declaration"). Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

(the "OCP Procedures"), without the need for each OCP to file a formal application for retention and compensation, and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 327, 328, 330, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

5. On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee

for the District of Delaware (the "U.S Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**The Ordinary Course Professionals**

6.  In the ordinary course of business, the Debtors employ various attorneys, accountants, and other professionals (collectively, the "OCPs"). The OCPs provide services for the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal services and certain business advisory and accounting services. A nonexclusive list of the Debtors' current OCPs is attached as Exhibit 2 to the Order (as may be amended or supplemented, the "OCP List") and is incorporated herein by reference. The Debtors are continuing to evaluate the extent of their needs for such services during the pendency of these chapter 11 cases and whether any given professional is properly classified as an OCP or would need to be independently retained. Such determination will be made on a case-by-case basis, depending on the scope of work anticipated to be conducted on a go-forward basis.[3]

7.  The continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will continue to represent the Debtors during these chapter 11 cases, many will not do so if the Debtors cannot pay them on a regular basis. The Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals without the knowledge, expertise, and familiarity the OCPs have. Accordingly, the Debtors'

---

[3] The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the OCP Procedures.

estates and their creditors are best served by avoiding any disruption in the professional services that are required to preserve and enhance operational value while allowing for the value-maximizing sale of some or all of the Debtors' assets during the administration of these chapter 11 cases. Moreover, in light of the costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

8. The Debtors are not requesting authority to pay prepetition amounts owed to OCPs. Although some of the OCPs may hold unsecured claims against the Debtors relating to services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest.

## The OCP Procedures

9. The Debtors request that the Court approve the following OCP Procedures for retention and payment of the OCPs:

  a. Within 30 days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Exhibit 1 to the Order (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and Three SW 129th Avenue, Pembroke Pines, Florida 33027, Attn.: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro

        (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, 32 Old Slip, New York, New York 10005, Attn: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (Zachary.weiner@stblaw.com) and (ii) Potter Anderson & Corroon LLP, 1313 N. Market Street, Suite 6, Wilmington, Delaware 19801, Attn.: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) counsel to the Committee (collectively, the "Notice Parties").

b.      The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.      If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to:  (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

d.      The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP, excluding costs and disbursements, may not exceed $100,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per such rolling three-month period, for each OCP, does not exceed $300,000 per OCP (the "OCP Quarterly Cap" and, together with the OCP Monthly Cap, the "OCP Caps").  The OCP Caps may be increased by mutual agreement between the Debtors, the Office of the United States

        Trustee for the District of Delaware (the "U.S. Trustee"), and the ABL Agent; *provided* that the Debtors shall file a notice with the Court and submit such notice to the Notice Parties of any such agreed increase.

e.     To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

f.     Beginning on the quarter ending September 30, 2025, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within 30 days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g.     The Debtors may designate OCPs from time to time during these chapter 11 cases by including such OCPs on an OCP List, or an amended version thereof, that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

## Basis for Relief

10.    Bankruptcy Code section 327 requires court approval for the employment of "professional persons" retained to represent or perform services for the estate. In determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts

often consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327:

    a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

    b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

    c.    whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    d.    whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

    e.    the extent of the entity's involvement in the administration of the debtor's estate; and

    f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that a litigation consulting firm was not a "professional" for purposes of section 327 of the Bankruptcy Code as the litigation consulting firm "did not play a central or significant role in the overall administration of the [d]ebtors' estate"); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (finding that the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case" did not require approval under section 327 of the Bankruptcy Code); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (noting that only those professionals involved in the "administration of the debtor's estate," rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy

7

Code).  The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

11. Upon consideration of all the factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under Bankruptcy Code section 327.  Instead, the OCPs will provide services in connection with the ongoing operation of the Debtors' business, which will help facilitate a value-maximizing sale of some or all of the Debtors' assets.  These services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

12. The Debtors will closely monitor expenses for the OCPs, and the OCPs will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.  Moreover, in light of the number of OCPs and the costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, it would be impractical, inefficient, and disproportionately costly for the Debtors and their advisors to prepare and submit individual applications and proposed retention orders for each OCP.  Therefore, it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures and avoid any

disruption in the professional services that are required for the day-to-day operation of the Debtors' business.

14. Although some of the OCPs may hold unsecured claims against the Debtors relating to services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

14. The relief requested herein is commonly granted by courts in this district. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. Aug. 6, 2025) (approving comparable OCP procedures); *At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Mar. 4, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 28, 2025) (same); *In re Am. Tire Distribs., Inc.*, 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same).[4]

15. For the reasons set forth herein, the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore should be granted.

### **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

16. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

17. The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; (j) the OCPs; and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 19, 2025
Wilmington, Delaware

*/s/ Clint M. Carlisle*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Daniel J. DeFranceschi (No. 2732) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Paul N. Heath (No. 3704) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Zachary I. Shapiro (No. 5103) | Allyson B. Smith (admitted *pro hac vice*) |
| Clint M. Carlisle (No. 7313) | 601 Lexington Avenue |
| Colin A. Meehan (No. 7237) | New York, New York 10022 |
| One Rodney Square | Telephone: (212) 446-4800 |
| 920 N. King Street | Facsimile: (212) 446-4900 |
| Wilmington, Delaware 19801 | Email: joshua.sussberg@kirkland.com |
| Telephone: (302) 651-7700 | allyson.smith@kirkland.com |
| Facsimile: (302) 651-7701 | |
| Email: defranceschi@rlf.com | - and - |
| heath@rlf.com | |
| shapiro@rlf.com | Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*) |
| carlisle@rlf.com | Robert A. Jacobson (admitted *pro hac vice*) |
| meehan@rlf.com | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: alexandra.schwarzman@kirkland.com |
| | rob.jacobson@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |