**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) </br> ) </br> CLAIRE'S HOLDINGS LLC, *et al.*,[1] ) </br> ) </br> ) </br> Debtors. ) </br> ) </br> ) | Chapter 11 </br></br> Case No. 25-11454 (BLS) </br></br> (Jointly Administered) </br></br> Related to Docket No. 209 |

**CBL & ASSOCIATES MANAGEMENT, INC.'S LIMITED**
**OBJECTION TO DEBTOR'S NOTICE OF POTENTIAL ASSUMPTION OR**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

CBL & Associates Management, Inc. ("CBL"), by and through counsel and as managing agent to certain landlords (the "Landlords")[2], hereby files this Limited Objection to Debtor's *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts of Leases* [Dkt. No. 209] (the "Cure Notice"), and states as follows:

1. On August 26, 2025 (the "Petition Date"), Claire's Holdings LLC, and various affiliated entities (collectively, the "Debtors") filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] CBL is managing agent to landlord counter-parties to six (6) leases, including the landlords of the three (3) properties referenced below in Table 1.

2.     The Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

3.     On August 20, 2025, Debtors filed their *Motion For Sale of Property Free and Clear of Liens(FEE) (Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* [Docket No. 190] seeking a proposed sale to Ames Watson, LLC (the "Buyer").

4.     On August 20, 2025, Debtors filed their Cure Notice. Debtor included proposed cure amounts in the Cure Notice.

5.     As of the Petition Date, Debtors leased space from Landlords pursuant to sixty (60) unexpired leases of nonresidential real property (the "CBL Leases").

6.     The CBL Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

7.     CBL is in active negotiations with the proposed Buyer pursuant regarding the proposed assumption and assignment of certain CBL Leases. This Objection is filed, in part, to reserve CBL's rights while negotiations continue.

**CURE CLAIM OBJECTION**

8.     Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such

---

[3] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

9. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The CBL Leases provide for recovery of attorneys' fees and expenses. CBL hereby objects to assumption of the CBL Leases listed in the Cure Notice absent payment of CBL's attorneys' fees and expenses.

10. As of the date of this Objection, CBL objects to the cure amounts proposed for four (4) CBL Leases included in Debtors' Cure Notice. CBL herein reserves the right to file supplementary cure objections to leases not included in the Cure Notice or which CBL does not object to the noticed cure amount as of August 20, 2025.

11. The proposed cure amounts are understated, as of the date of this Objection, as to the below four (4) locations as indicated in the below table:

**TABLE 1:**

| Entity Name | Premises | Debtor's Cure | CBL Cure | Attorneys' Fees | Total CBL Cure Amounts |
|---|---|---|---|---|---|
| JG Winston-Salem, LLC | Hanes Mall (Winston Salem, NC) | $18,028.00 | $18,211.33 (Claire's) | $500.00 | $18,711.33 |
| Meridian Mall Limited Partnership | Meridian Mall (Okemos, MI) | $5,791.00 | $6,746.39 (Claire's) | $500.00 | $7,246.39 |
| Parkdale Mall CMBS, LLC | Parkdale Mall (Beaumont, TX) | $5,991.00 | $6,048.52 (Claire's) | $500.00 | $6,548.52 |
| West County Mall CMBS, LLC | West County Mall (Des Peres, MO) | $7,937.00 | $8,136.66 (Icing) | $500.00 | $8,636.66 |

12. CBL further objects to the assumption of the CBL Leases absent payment of all cure amounts owed thereunder from August 20, 2025 through the effective date of assumption, including any amounts that will become due or be invoiced on or after August 20, 2025 (including,

3

but not limited to, additional amounts, not yet known, that accrued following August 20, 2025, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

13. As of the date of this Objection, CBL has no objection to the cure amounts listed in the Cure Notice for the CBL Leases not itemized in *Table 1*. However, CBL herein reserves the right to file a supplementary cure objection for additional charges that have accrued but have not yet been billed.

14. True and correct Lease Summaries supporting the actual CBL Lease Cure Amounts contained in Table 1 are attached hereto and incorporated collectively as **Exhibit A.**

## JOINDER

15. In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

16. CBL hereby reserves its rights to make such other and further objections as may be appropriate to all CBL leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

17. For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Leases affirmatively require Debtors to pay all amounts accrued but not yet billed following August 20, 2025, including attorneys' fees and expenses; and (iii) grant CBL such further relief as it deems proper.

Date: August 25, 2025
Wilmington, DE

                         HOGAN♦McDANIEL

                         */s/ Garvan F. McDaniel*
                         Garvan F. McDaniel (DE Bar No. 4167)
                         1311 Delaware Avenue
                         Wilmington, Delaware 19806
                         Telephone: 302.656.7540
                         Facsimile: 302.656.7599
                         Email: gfmcdaniel@dkhogan.com

                         *ATTORNEY FOR CBL & ASSOCIATES MANAGEMENT, INC*