# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: August 29, 2025 at 4:00 p.m. (ET)**<br><br>**Ref. Doc. Nos.: 190 & 209** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WPG LEGACY, LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES AND PROPOSED SALE

WPG Legacy, LLC, as owner and/or managing agent for the owners of the properties identified herein (collectively, "WPG"), by its undersigned counsel, files this limited objection and reservation of rights (this "Limited Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [Doc. No. 209] (the "Notice")[1] and the proposed sale of the debtors' (the "Debtors") going-concern assets pursuant to the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [Docket No. 190] (the "Sale Motion"). In support of this Limited Objection, WPG respectfully states:

## BACKGROUND

1. On August 6, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Notice or Sale Motion, as applicable.

of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and WPG are parties to certain unexpired leases of nonresidential real property (the "Leases") identified below, where the Debtors lease retail space (the "Premises").

| Center | Store No. |
|---|---|
| Mall at Fairfield Commons | 6966/Claire's |
| Mall at Fairfield Commons | 8487/Icing |
| Pearlridge Center 1 Uptown | 6614/Claire's |
| Pearlridge Center 1 Uptown | 8209/Icing |
| Pearlridge Center Downtown | 8206/Icing |
| Mall at Johnson City | 5719/Claire's |
| Gateway Mall | 5646/Claire's |
| Gateway Mall | 8802/Icing |
| Irving Mall | 6401/Claire's |
| Edison Mall | 6280/Claire's |
| Boynton Beach Mall | 6274/Claire's |
| Clay Terrace | 5587/Claire's |
| Grand Central Mall | 5642/Claire's |
| Melbourne Square | 1957/Claire's |
| West Shore Plaza | 3274/Claire's |
| Great Lakes | 5846/Claire's |
| Great Lakes | 8496/Icing [2] |
| Bowie Town Center | 6883/Claire's |

4. The Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5. On August 20, 2025, the Debtors filed the Sale Motion pursuant to which the Debtors are seeking authorization and approval of the Sale Transaction to AWS Claire's, LLC (the

---

[2] The Debtors and WPG are negotiating an amendment to the Lease that will extend the term of the Lease beyond the current expiration date of July 31, 2025. The Debtors remain in the Premises.

"Purchaser"). The same day, the Debtors filed the Notice, which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Sale Transaction. The Notice identifies the following Leases for potential assumption or assumption and assignment (the "Identified Leases") and proposes the amounts identified below necessary to cure all monetary defaults under the Identified Leases (the "Proposed Cure Amount"):

| Center | Store No. | Proposed Cure Amount |
| --- | --- | --- |
| Mall at Fairfield Commons | 6966/Claire's | $20,470 |
| Mall at Fairfield Commons | 8487/Icing | $6,144 |
| Pearlridge Center 1 Uptown | 6614/Claire's | $57,650 |
| Mall at Johnson City | 5719/Claire's | $20,184 |
| Gateway Mall | 5646/Claire's | $18,887 |
| Gateway Mall | 8802/Icing | $7,461 |
| Irving Mall | 6401/Claire's | $846.00 |
| Edison Mall | 6280/Claire's | $21,799 |
| Boynton Beach Mall | 6274/Claire's | $- |
| Clay Terrace | 5587/Claire's | $24,065 |
| Grand Central Mall | 5642/Claire's | $23,229 |
| Melbourne Square | 1957/Claire's | $20,055 |
| West Shore Plaza | 3274/Claire's | $- |
| Great Lakes | 5846/Claire's | $- |

**LIMITED OBJECTION**

6.      Although WPG does not object to the Debtors' right to sell the Going-Concern Assets, WPG does object to the Sale Transaction to the extent such sale seeks to impair, limit, and/or modify WPG's rights under the Identified Leases, the Bankruptcy Code, and applicable law. Moreover, any assumption and assignment of the Identified Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Identified Leases, including, but not limited to, paying all amounts due and owing under the Identified Leases through the effective

date of the assumption and assignment of the Identified Leases and providing adequate assurance of future performance information to WPG.

### A. The Debtors' Proposed Cure Amount for Certain Identified Leases is Incorrect and Must Provide for Payment of all Obligations due Under the Identified Leases.

7. As set forth in the table below, the Proposed Cure Amount is not accurate for certain of the Identified Leases and will not cure all amounts due and owing to WPG (the "Cure Amount").[3] Attached hereto and incorporated herein as **Exhibit A** is an itemization of the Cure Amount.

| Center | Store No. | Proposed Cure Amount | WPG Cure Amount |
|---|---|---|---|
| Mall at Fairfield Commons | 6966/Claire's | $20,470.00 | $22,305.34 |
| Mall at Fairfield Commons | 8487/Icing | $6,144.00 | $43,943.33 |
| Gateway Mall | 8802/Icing | $7,461.00 | $24,065.30 |
| Irving Mall | 6401/Claire's | $846.00 | $18,188.75 |

8. The Cure Amount may increase prior to any actual date of assumption and assignment of the Identified Leases if the Debtors do not pay all amounts that accrue and may come due after the date of this Limited Objection, including taxes, common area maintenance, and any other amounts, pursuant to the terms of the Identified Leases, and regardless of when those amounts accrued.

9. WPG notes that the Identified Leases impose certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against WPG in connection with the Identified Leases. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured if the Identified Leases are to be assumed and assigned as part of the Sale Transaction. WPG objects to the Proposed Cure Amount to the extent

---

[3] The Cure Amount for each Identified Lease listed in paragraph seven of this Limited Objection includes $500.00 in attorneys' fees. WPG is entitled to attorneys' fees as part of the Cure Amount for the Identified Leases, as the Identified Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the Identified Leases must be paid as part of any assumption of the Identified Leases. *See id.*

that it fails to include amounts related to the indemnification and contribution covenants and obligations for which the Debtors are responsible to WPG under the Identified Leases.

10. In connection with the assumption and assignment of the Identified Leases, all rights of WPG under the Leases (including defenses thereto) must be preserved. As such, any order approving the Sale Transaction should specify that WPG's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and any proposed assignee remain liable to WPG for: (i) any accrued but unbilled charges under the Identified Leases, including, but not limited to, year-end adjustments for common area maintenance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the Identified Leases; (iii) any percentage rent that may be due under the Identified Leases; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification, and other contractual obligations under each Identified Lease regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Identified Leases. *See* 11 U.S.C. § 365(b)(1).

11. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or WPG suffers other pecuniary losses with respect to the Identified Leases, WPG further reserves the right to amend the Cure Amount to: (i) reflect such additional amounts; and (ii) to account for year-end adjustments, including, without limitation, adjustments for calendar year 2025 (collectively, the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Identified Leases. The Debtors or any assignee of the Identified Leases must be responsible for satisfying the Adjustment Amounts when due in accordance with the terms of the Identified Leases regardless of when such Adjustment Amounts were incurred. To the extent that the Debtors are to remain responsible for any Adjustment Amounts, WPG requests that at the closing of

5

the Sale Transaction, such funds be placed into a separate and segregated escrow account outside of the Debtors' chapter 11 bankruptcy estates, so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay WPG when said Adjustment Amounts become due and owing to WPG in accordance with the terms of the Identified Leases.

12. Further, under section 365(k) of the Bankruptcy Code the Debtors remain responsible for any contractual obligations under the Identified Leases that arose prior to the assumption and assignment of the Identified Leases, thus, any provision in the proposed order approving the Sale Transaction that purports to release the Debtors from any further liability under the Identified Leases, including those contractual obligations that arose prior to the assumption and assignment of the Identified Leases, should be stricken.

13. Finally, the proposed order approving the Sale Transaction or any order approving the assumption and assignment of the Identified Leases must provide, among other things, that the Debtors or the proposed assignee promptly pay to WPG all amounts due and owing under the Identified Leases through the effective date of assumption and assignment of the Identified Leases (i.e., the Cure Amount), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Limited Objection.

    **B.**  **The Debtors Must Demonstrate Adequate Assurance of Future Performance.**

14. In accordance with section 365 of the Bankruptcy Code, WPG must be provided with sufficient information with respect to adequate assurance of future performance prior to the potential assumption and assignment of Identified Leases to the proposed assignee. As of this Limited Objection, WPG has requested but not received any adequate assurance information from the Debtors.

15. The adequate assurance of future performance information provided to WPG as part of the Sale Transaction must demonstrate that the heightened standards for adequate assurance of

future performance in a shopping center will be satisfied by the proposed assignee in accordance with section 365 of the Bankruptcy Code.

16.   Under this requirement, the Debtors must provide to WPG assurances: (a) of the source of rent and other consideration due under the Identified Leases, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Identified Leases; (b) that any percentage rent due under the Identified Leases, if applicable, will not decline substantially; (c) that assumption and assignment of the Identified Leases is subject to all provisions of the Identified Leases, including but not limited to radius, location, use, or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the Identified Leases will not disrupt any tenant mix in the shopping center. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating the proposed assignee's ability to provide adequate assurance of future performance. *In re Lafayette Radio Elecs. Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991); *see also, e.g.*, *In re Federated Dep't Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983).

17.   In order to satisfy the heightened adequate assurance of future performance burden, the proposed assignee of the Identified Leases must provide the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space; (iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Identified Leases, and any financial projections,

calculations and/or proformas prepared in contemplation of purchasing the Identified Leases; (v) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee WPG may directly contact in connection with the adequate assurance of future performance information.[4]

18. WPG demands strict proof of the proposed assignee's ability to establish adequate assurance of future performance with respect to the Identified Leases. WPG is entitled to the full benefit of its bargain under the Identified Leases and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the Identified Leases must be in accordance with all provisions of the Identified Leases and the Bankruptcy Code. *See, e.g.*, *In re Entm't, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

### C. The Debtors are Required to Assume and Assign the Identified Leases in Their Entirety, Including Any and All Obligations Contained Therein, and all WPG's Rights Under the Identified Leases and Applicable Law Must be Preserved.

19. Any assumption and assignment of the Identified Leases requires the Debtors to assume and assign the Identified Leases in their entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the Identified Leases for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it

---

[4] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of the Identified Leases to satisfy the requirements of section 365 of the Bankruptcy Code.

assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998))); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)). Further, the Sale Transaction cannot override the parties' contractually bargained for rights under the Identified Leases. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

20. The proposed assignee must be responsible for satisfying all obligations and charges when due in accordance with the terms of the Identified Leases regardless of when such amounts were incurred. Accordingly, the proposed order approving the Sale Transaction must preserve WPG's right to payment of these charges and expressly provide that any assignee of the Identified Leases (including, but not limited to, the Purchaser) continues to be responsible for any and all express and implied covenants and obligations under the Identified Leases or related documents or supplements, regardless of when such covenants or obligations arose.

21. Further, WPG's rights under the Identified Leases and applicable law must survive the Sale Transaction. Any acquisition of the Identified Leases free and clear of liens and claims could presumably result in the impairment of WPG's setoff and recoupment rights under the Identified Leases and applicable law. WPG's rights under the Identified Leases (including defenses thereto) cannot be extinguished through the Sale Transaction.

## RESERVATION OF RIGHTS

25. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under the Identified Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Sale Transaction, the proposed sale order and the asset purchase agreement; (b) amend the Cure Amount to include additional amounts owed under the Identified Leases; (c) assert any nonmonetary defaults under the Identified Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the Identified Leases; and (e) assert any further objections as it deems necessary or appropriate.

## JOINDER

26. WPG joins in any objections to the Sale Transaction that are filed by other landlords to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, WPG respectfully requests that this Court sustain this Limited Objection and grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: August 28, 2025　　　　　　　Respectfully submitted,
Wilmington, Delaware

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold (Ohio Bar No. 0061351)
Erin P. Severini (Ohio Bar No. 91478)
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com
　　　　eseverini@fbtlaw.com

**Counsel for WPG Legacy, LLC**