IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br><br>(Jointly Administered)<br><br>Related to Docket No. 209 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF KAHALA CENTER COMPANY TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

Kahala Center Company, as landlord of Kahala Mall in Honolulu, Hawaii ("Landlord") files this limited objection and reservation of rights concerning Debtor's *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [Docket No. 209] (the "Cure Notice"), and states as follows:

1. On August 6, 2025, Debtor Claire's Holdings LLC and various affiliated entities ("Debtors") filed voluntary petitions in this Court under Chapter 11 of the Bankruptcy Code. Debtors have continued to operate their businesses as debtors-in-possession.

2. Landlord is the owner of Kahala Mall, which is a shopping center as that term is used in Bankruptcy Code §365(b)(3). See *In re Joshua Slocum LTD,* 922 F.2d 1081 (3d Cir. 1990). Pursuant to a written lease dated March 19, 1998, as amended and extended thereafter, Landlord leases retail space at Kahala Mall to debtor Claire's Boutiques, Inc., and also leases storage space to the same debtor under a companion lease dated October 8, 2003, which runs concurrently with the lease for retail space (collectively, the "Lease").

3. On August 20, 2025, Debtors filed their motion to approve a sale of going-concern assets, free and clear of liens, and related relief [Docket No. 190] concerning a proposed sale of certain leases and related assets to an affiliate of Ames Watson, LLC.

4. On August 20, 2025, Debtors filed their Cure Notice, which included the Lease as one potentially to be assumed or assigned in connection with the sale, and listed a cure amount.

5. Landlord does not object to assumption and assignment of the Lease in general, but does object to the extent that the proposed transaction may seek to impair, limit, or modify Landlord's rights under the Lease, the Bankruptcy Code, and applicable law.  Moreover, any assumption and assignment should be conditioned on compliance with the requirements of Bankruptcy Code section 365, including full cure of any and all amounts due under the Lease through the effective date of the assumption and assignment.

6. Bankruptcy Code Section 365(b) requires a cure or prompt cure of defaults as a condition to assumption of a lease.  It provides in pertinent part as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

7. As of the date of this objection, Landlord agrees with the cure amount listed for the Lease in the Cure Notice through August 20, 2025, but Landlord submits this limited objection to ensure that the cure amount also includes any and all unpaid amounts that may accrue or come due under the Lease from and after August 20, 2025 through the effective date of the assumption and assignment.

8. Landlord reserves its rights to make such other and further objections as may be appropriate in connection with the potential assumption and/or assignment of the Lease,

including to adequate assurance of future performance.  Landlord further joins in other objections filed by landlords to the extent consistent with this objection.

      WHEREFORE, Landlord respectfully requests that any order authorizing assumption or assumption and assignment of the Lease require full cure of all amounts outstanding through the date of Closing, and for such other and further relief as the Court deems proper.

DATED:  August 28, 2025                LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
skaufman@skaufmanlaw.com

HANSON BRIDGETT LLP
Nancy J. Newman
425 Market Street, 26th Floor
San Francisco, CA 94105
P: (415) 995-5052
nnewman@hansonbridgett.com

Attorneys for Landlord,
*Kahala Center Company*

3