IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | Case No. 25-11454 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 190, 209 |

# THE TANGER MANAGEMENT LANDLORDS' LIMITED OBJECTION AND RESERVATION OF RIGHTS TO PROPOSED CURE AMOUNTS SET FORTH IN THE NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES

Tanger Management, LLC and its affiliates, including but not limited to those listed in the *Notice of Appearance and Request for Service of Notices and Papers* (D.I. 129) (collectively, the "Tanger Management Landlords"), through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to (a) object to the proposed assumption and assignment of, cure amounts for, and adequate assurance of future performance regarding each of their respective leases (each, a "Lease," and collectively, the "Leases") set forth in the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (D.I. 209) (the "Cure Notice"); and (b) join in any objection regarding the Cure Notice filed by any other landlord(s) or other contract counterparties for the reasons stated therein and to the extent not inconsistent with these limited objections. In support of this Limited Objection, the Tanger Management Landlords respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

**BACKGROUND**

1. The Tanger Management Landlords are landlords under at least 25 leases covering facilities of the above-captioned debtors and debtors in possession (the "Debtors"), where the Debtors operated stores as of the petition date of August 6, 2025 (the "Petition Date").

2. On August 20, 2025, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* (D.I. 190) (the "Motion")[2], pursuant to which the Debtors seek approval of procedures for the assumption and assignment of executory contracts and unexpired leases, and related relief, as set forth in the Motion.

3. On August 20, 2025, in connection with the Motion, the Debtors filed the Cure Notice, with an objection deadline of August 29, 2025, at 4:00 p.m. (ET). In the Cure Notice, the Debtors list several leases with the Tanger Management Landlords. The Debtors also list proposed cure amounts with respect to the Leases (the "Proposed Cure Amounts").

4. The Tanger Management Landlords dispute certain Proposed Cure Amounts.

**LIMITED OBJECTIONS**

**I. THE CURE NOTICE INCORRECTLY STATES THE DEBTORS' CURE OBLIGATIONS UNDER CERTAIN LEASES**

5. Although the Tanger Management Landlords do not object to the Debtors' assumption and assignment of their respective Leases *per se*, they do object to certain of the Proposed Cure Amounts.

6. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]" 11 U.S.C. § 365(b)(1). As a result, section 365(b)(1) makes clear that defaults must be cured as of the assumption.

7.     Accordingly, the proposed assumption of each Lease requires payment to the applicable Tanger Management Landlord of all amounts due under each Lease. Known liabilities must be paid or assumed up-front, and the Debtors (or their assignee) must remain liable for unknown Leases liabilities as and when they become known and due.

**A.     Known Cure Amounts as of the Applicable Dates**

8.     The Debtors failed to list the correct outstanding amounts for certain Leases in the Cure Notice and excluded certain known cure amounts due. Those known Lease payment defaults consist of: (a) unpaid amounts under certain Leases as of the Petition Date; and (b) the Tanger Management Landlords' legal fees and expenses through August 29, 2025[3] plus additional amounts incurred thereafter through the effective date of each Lease assumption.

**Unpaid Amount Under the Leases**

9.     The chart below identifies the correct outstanding and unpaid amounts under the Leases as of the Petition Date. Although the amounts are not material, the Proposed Cure Amounts should be adjusted to include the correct outstanding and unpaid amounts under the below Leases as of the Petition Date.

---

[3] The Tanger Management Landlords will provide the amount of legal fees and expenses to the Debtors or Buyer upon reasonable request.

| Landlord Counterparty | Lease Description | Property Address | Debtor Party | Proposed Cure Amount | Unpaid Amount as of the Petition Date |
|---|---|---|---|---|---|
| COROC/Hilton Head II LLC | Store Lease No. 6745 – Tanger Outlets Hilton Head | 1414 Fording Island Road, Suite #F140, Bluffton, SC 29910 | Claire's Boutiques, Inc. | 13,279 | 13,289.69 |
| COROC/Rehoboth II LLC | Store Lease No. 6219 – Tanger Outlets Rehoboth Beach | 36698 Bayside Outlet Dr., Suite #270, Rehoboth Beach, DE 19971 | Claire's Boutiques, Inc. | 12,959 | 13,370.13 |
| Galveston Outlets, LLC | Store Lease No. 5948 – Tanger Outlets Houston | 5885 Gulf Freeway, Suite #335, Texas City, TX 77591 | Claire's Boutiques, Inc. | 18,302 | 18,375.06 |
| Outlets at Westgate LLC | Store Lease No. 5966 – Tanger Outlets Glendale (Westgate) | 6800 N. 95th Ave, Suite #855, Glendale, AZ 85305 | Claire's Boutiques, Inc. | 21,009 | 24,580.50 |
| Tanger Charleston, LLC | Store Lease No. 5700 – Tanger Outlets Charleston | 4840 Tanger Outlet Blvd, Suite #811, N. Charleston, SC 29418 | Claire's Boutiques, Inc. | 16,774 | 17,201.04 |
| Tanger National Harbor, LLC | Store Lease No. 5981 – Tanger Outlets National Harbor | 6800 Oxon Hill Road, Suite #855, Oxon Hill, MD 20745 | Claire's Boutiques, Inc. | 17,846 | 17,860.54 |

**Attorney's Fees**

10. The Leases entitle the Tanger Management Landlords to reimbursement of their legal fees and expenses as they were incurred due to, among other things, enforcement of such Landlords' rights after the tenant's default.

11. The Bankruptcy Code requires payment of attorneys' fees due under a lease before it may be assumed. *See Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449 (2007) (upholding enforcement of a contract provision requiring payment of attorneys' fees because the Bankruptcy Code does not require disallowance of a contract-based claim

4

for attorneys' fees); *In re Fresh-G Rest. Intermediate Holding, LLC*, 580 B.R. 103, 114 n. 53 (Bankr. D. Del. 2017) (holding that landlord is "entitled to" attorney's fees when lease allows such fees) (citations omitted); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 WL 5355479 (S.D.N.Y. Apr. 9, 2002) (where lease "provides for recovery of atttorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the debtors' other obligations that arise postpetition . . . ."); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption).  Consequently, the Debtors or their assignee must reimburse each Tanger Management Landlord whose Lease is assumed for all such Tanger Management Landlord's legal fees and expenses incurred through the Lease assumption date.

**Interest**

12. To the extent interest or other charges, such as late fees, are due under a Lease, the "full benefit of the bargain" principle (explained in more detail below) requires payment of interest provided for in a lease being assumed.  *See In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) (court allowed 18% interest reasoning: "The cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation than it is to a claim in bankruptcy.  One of the purposes of section 365 is to permit debtors to continue in a beneficial contract; *provided, however,* that the other party to the contract is made whole at the time of the debtor's assumption of the contract.") (citation omitted).  For an assumed lease, interest on unpaid prepetition charges runs through the lease's assumption date.  *See In re Skylark Travel, Inc.*, 120 B.R. 352, 355 (Bankr. S.D.N.Y. 1990).

B. **Unknown Cure Amounts**

13. Each applicable Cure Amount listed in the Cure Notice also does not include Lease obligations for currently unknown defaults for which payment ultimately would be due.

5

However, the Debtors or their assignee must remain responsible for any such unknown cure amounts, including, without limitation, real estate taxes, indemnification, property maintenance, environmental, and other Lease payment obligations that accrued under each Lease, but are not yet known to the applicable Tanger Management Landlord.

14. Payment of all unknown lease obligations is required to assume an unexpired lease under the Bankruptcy Code. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) ("Congress's intent in imposing [the] conditions on the ability of the debtor to assume the contract was to ensure that the contracting parties received the full benefit of their bargain.'"); *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992) ("the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy has not intervened."); *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985) ("Section 365(b)(1) is intended to provide protection to the non-debtor lessor to ensure that he receives the full benefit of his bargain in the event of assumption."); 3 Collier on Bankruptcy ¶ 365.06[3][b] (16th ed. rev. 2017) ("The idea of cure in the [Bankruptcy] Code is to provide the other party to the contract with the benefit of its economic bargain.").

15. Correspondingly, payment of such unknown amounts is mandated by the general rule requiring a debtor to assume a lease or contract *in full*. *See In re CellNet Data Systems*, 327 F.3d 242, 249 (3d Cir. 2003) (assumption or rejection is an "all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected."); *Cinnicola v. Scharffenberger,* 248 F.3d 110, 119 (3d Cir. 2001) ("If the trustee [or debtor in possession] meets the assumption requirements under § 365 it must assume the executory contract entirely."); *AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2002) ("[U]nder the law of bankruptcy a contract cannot be assumed in part or rejected in part."); *In re MF Glob.*

*Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, . . . .").

16. This obligation to assume responsibility to pay unknown amounts is also consistent with section 365's language. For example, section 365(b), which governs a debtor's cure obligation upon assumption, applies "[i]f there has been a default" other than one based on the debtor's bankruptcy filing or financial condition. 11 U.S.C. § 365(b)(1). In effect, if a lease default is unknown, then the debtor could not be expected or required to cure it prior to assumption. Correspondingly, "adequate assurance of future performance [is required] by the assignee" of an assumed lease "whether or not there has been a default." 11 U.S.C. § 365(f)(2).

17. Additionally, providing for payment of unknown cure amounts is a requirement for assignment of each Lease upon any sale because assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004). *See In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677 at *36 (Bankr. S.D.N.Y. 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

18. Consequently, absent ensuring that all unknown accrued Lease obligations will be paid, the Cure Notice and any proposed order governing assumption and assignment or a sale would not satisfy applicable Bankruptcy Code requirements.

19. To comply with these requirements, the following (or substantially similar) language should be included in any proposed order governing assumption and/or assignment of each Lease:

Notwithstanding anything in this or any other order entered in these cases to the contrary, any liabilities due under: (a) [list each assumed Leases] respecting the real property and improvements covered by such Lease shall survive entry of this and any other order entered in these cases except for liabilities under such Lease not awarded by this Court as cure amounts pursuant to section 365 for the period prior to the entry of this order for: (x) basic rent; and (y) landlord's attorney's fees and costs due under the Lease.

## II. NEITHER THE DEBTORS NOR THE PURCHASER HAS PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE UNDER EACH LEASE.

20. The Debtors have the burden of proof on adequate assurance of future performance issues. *See In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (D. Conn. 1995); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

### A. Adequate Assurance of Payment of Known and Unknown Accrued Lease Obligations

21. Assumption by a debtor or lease assignee of a debtor/tenant's lease obligations to pay additional rent for any charges due and satisfy lease indemnity obligations *cum onere is* required to provide adequate assurance of future performance to each Tanger Management Landlord under section 365(b)(1)). *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014). Consequently, each Tanger Management Landlord objects to assumption or assumption and assignment of its Lease to the extent the Debtors or the Purchaser as Lease assignee has not provided adequate assurance of future performance of *all* the Debtors' Lease obligations.

22. Additionally, to the extent there are accrued payment obligations owed by a Debtor under a Lease that are not yet due on the Lease assumption date, or the applicable Tanger Management Landlord is billed later based on a Debtor's failure to pay an obligation due on or before

the Lease assumption date, those charges constitute additional cure amounts due under any applicable Lease assumption order.[4]

23. Consequently, absent ensuring that the Debtors/the Purchase will pay *all* of the Debtors' payment obligations under each applicable Lease, including for Lease obligations that are accrued, but not yet due (such as for real estate taxes), the Cure Notice and any proposed order governing assumption of a Lease would not satisfy applicable Bankruptcy Code requirements.[5]

## JOINDER

24. The Tanger Management Landlords join in any other landlord's or other contract counter-party's objection to or respecting the Cure Notice to the extent such objection is applicable to any of the Tanger Management Landlords' Leases and not inconsistent with these limited objections.

## RESERVATION OF RIGHTS

25. The Tanger Management Landlords reserve their respective rights to amend and/or supplement these limited objections, as circumstances might require, including, without limitation, regarding the terms of any proposed order(s) approving assumption and assignment or rejection of any of the Tanger Management Landlords' Leases or any proposed lease assumption and assignment agreement concerning any such Lease.

---

[4] For example, in paragraph 24 of the proposed sale order (D.I. 190-2) attached to the Motion, the Debtors and Purchaser seek to limit the obligation to pay cure amounts owing under all assumed leases, after the payment of the Cure Costs (which only includes the Proposed Cure Amounts), to only those amounts that accrue and come due on or after the sale Closing Date. This is inconsistent with section 365 of the Bankruptcy Code and should be expanded to include all amounts that accrue during the period prior to assumption regardless of whether they are currently due.

[5] The Tanger Management Landlords agree that AWS Claire's, LLC has provided adequate assurance of future performance. The Tanger Management Landlords reserve the right to object, however, if a purchaser other than AWS Claire's, LLC is the ultimate purchaser and seeks the assumption and assignment of the Tanger Management Landlords' leases.

**CONCLUSION**

WHEREFORE, the Tanger Management Landlords respectfully request that the Court: (a) condition any grant of relief related to the Motion or the Cure Notice upon entry of an order consistent with these limited objections; and (b) grant each Tanger Management Landlord such other and further relief as the Court may deem just or proper.

Dated: August 29, 2025
      Wilmington, Delaware      **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Echo Yi Qian*
Curtis S. Miller (No. 4583)
Echo Yi Qian (No. 7330)
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@morrisnichols.com
       eqian@morrisnichols.com

*Attorneys for the Tanger Management Landlords*