**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br><br>Jointly Administered<br><br>**Related to Docket No. 209**<br><br>**Obj. Deadline: 8/29/25 by 4:00 p.m. (ET)** |

**OBJECTION OF RCM ST. GEORGE PROPERTIES LLC**
**TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION**
**AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

RCM St. George Properties LLC, ("Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (Docket No. 209) (the "Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

**BACKGROUND**

1. On August 6, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, a predecessor of Landlord and the Debtors entered into a non-residential real property lease (the "Lease"), pursuant to which the Debtors lease from Landlord certain property located at 1770 East Red Cliffs Drive #114, St. George, Utah 84790

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

(the "Premises"), at which the Debtors operate a Claire's store. The Lease is a lease "of real property in a shopping center" as that term is used in section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3. Upon information and belief, the Debtors are currently attempting to sell their going concern assets to an entity named AWS Claire's, LLC (the "Purchaser"). In connection therewith, on or about August 20, 2025, the Debtors filed the Assumption Notice and the Motion of Debtors for Entry of an Order (i) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests and (ii) Granting Related Relief (Docket No. 190) (the "Sale Motion"). The Assumption Notice and the Sale Motion state that the Debtors may seek to assume and assign the Lease to the Purchaser in connection with the Debtors' sale of assets to Purchaser. The Assumption Notice states that the cure amount to cure all defaults under the Lease is $19,548.00 (the "Proposed Cure Amount").

## **OBJECTIONS AND BASIS THEREFOR**

4. The Proposed Cure Amount is incorrect according to Landlord's books and records. As of the date hereof, Landlord's records reflect that as of September 1, 2025, the Debtors will owe Landlord $29,291.95[2] under the Lease.

5. In addition, it is impossible to state with certainty now as to what the ultimate cure amount will be regarding the assumption and assignment of the Lease since it is not yet clear when the assumption and assignment of the Lease may occur. Additionally, under the Lease, Landlord is entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, Landlord cannot be certain as to when the actual effective date for the assumption and assignment of the Lease may occur.

---

[2] This amount includes amounts due under the Lease on 9/1/25 for rent, common area maintenance, real estate taxes and other monthly charges that come due on the 1st of every month.

The actual cure amount for the Lease should include the $29,291.95 identified above, as well as all of the interest and attorneys' fees and costs to which Landlord is entitled under the Lease, through the actual effective date of assumption and assignment of the Lease (the "Actual Cure Amount").

6. Further, any order that approves the assumption and assignment of the Lease must provide for the payment by the Purchaser of all charges due and/or accrued in the ordinary course under the terms of the Lease subsequent to the assumption and assignment whether or not they may relate to a pre-assumption period. In addition, the Lease provides that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after assumption and assignment of the Lease (i.e., personal injury claims, damage to the Premises or shopping center caused by Debtors or their agents). Any order that approves the assumption and assignment of the Lease must provide that the assumption and assignment of the Lease is pursuant to the terms of the Lease and that the Purchaser will continue to be responsible for all such indemnification obligations as and when they come due and regardless of whether they may have arisen prior to the assumption/assignment of the Lease.

7. Finally, prior to any assumption or assignment of unexpired leases in a bankruptcy case, a debtor must provide adequate assurance that the debtor will promptly cure all defaults under such leases, and that the proposed assignee will be able to perform in the future under such leases. *See generally* 11 U.S.C. §§ 365(b) and (f). In this case, in order to satisfy section 365(b) of the Bankruptcy Code, the cure amount for the Lease must be set in the Actual Cure Amount. In addition, the Debtors have not provided Landlord yet with the terms regarding a proposed assumption and assignment of the Lease, nor any information (financial or otherwise) regarding the Purchaser or its ability to perform in the future under the Lease, contrary to the requirements

of section 365(f) of the Bankruptcy Code. Accordingly, until the Debtors can accomplish all of the foregoing things, they have not met their burden under section 365 of the Bankruptcy Code. Landlord hereby preserves all rights it has to subsequently object to the terms of any proposed assumption and assignment of the Lease and to the Purchaser's ability to provide the required adequate assurance of future performance under the Lease.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that any order entered by the Court regarding the assumption and assignment of the Lease set a cure amount in the Actual Cure Amount and be consistent with the relief requested herein, and that the Court grant Landlord such other and further relief as is just and proper.

Dated: August 29, 2025

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for RCM St. George Properties LLC*