## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWRE

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | Case No. 25-11454 (BLS) |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. 209 |
| | Obj. Deadline: 8/29/25 by 4:00 pm ET |

## LIMITED OBJECTION OF
## CAPITAL AUGUSTA PROPERTIES LLC
## AND W/S PEAK CANTON PROPERTIES LLC
## TO NOTICE OF POTENTIAL ASSUMPTION OR
## ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES

Capital Augusta Properties LLC and W/S Peak Canton Properties LLC (the "Landlords") hereby file this objection (this "Objection") to the cure amounts proposed by the above-captioned debtors (the "Debtors") in the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [Docket No. 209] (the "Cure Notice"), filed on August 20, 2025. In support of this Objection, the Landlords respectfully state as follows:

### The Leases

1. Each Landlord is a party to the following nonresidential real property leases (each a "Lease" collectively, the "Leases"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

a. Capital Augusta Properties LLC and one of the Debtors are parties to that certain Lease for premises located within the shopping center known as The Marketplace at Augusta located in Augusta, Maine (the "Augusta Lease"); and

b. W/S Peak Canton Properties LLC and one of the Debtors are parties to that certain Lease for premises located within the shopping center known as the Shoppes at Farmington Valley located in Canton, Connecticut (the "Canton Lease").

2. Each of the Leases is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

## Limited Objection

### I. Cure Objection.

3. In the Cure Notice, the Debtors assert that the cure amount with respect to the Augusta Lease is $12,610.00. As of the date hereof, the actual arrearages currently owed under the Augusta Lease are at least $17,656.78. See **Exhibit A** hereto.

4. In the Cure Notice, the Debtors assert that the cure amount with respect to the Canton Lease is $10,774.00. As of the date hereof, the actual arrearages currently owed under the Canton Lease are at least $10,957.79. See **Exhibit B** hereto.

5. The Landlords reserve their right to update their cure claims to the extent the Debtors fail to pay post-petition rent and charges (including any reconciliations) timely.

### II. Pecuniary Losses.

6. To the extent the Leases are assumed or assumed and assigned, the Landlords are entitled to reimbursement of actual pecuniary losses in the form of attorney's fees. *See* 11 U.S.C. § 365(b)(1)(B); *see also, e.g., Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448–49 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees . . . is allowable in bankruptcy except where the Bankruptcy Code provides

otherwise"); *In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties.") (collecting cases); *In re Williams*, Case No. 10-11108 BLS, 2011 WL 2533046, at *1 (Bankr. D. Del. June 24, 2011) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees."); *In re Beltway Med., Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation."); *In re Ent., Inc.*, 223 B.R. 141, 152–54 (Bankr. N.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease).

7. As of August 22, 2025, each Landlord has incurred attorneys' fees and costs in connection with the enforcement of its rights under and with respect to its Lease in the approximate amount of $4,000.00 per Lease, which amount shall be added to and included in each Landlord's cure claim. The Landlords reserve their right to supplement this Objection with additional attorney's fees and costs incurred after August 22, 2025.

**III.    Ongoing Lease Reconciliation and Indemnification Obligations.**

8. Pursuant to sections 365(b)(1) and (f)(2)(B) of title 11 of the Bankruptcy Code, a debtor may assume or assume and assign a lease only if "adequate assurance of future performance by the [debtor or] assignee of such . . . lease is provided . . . ." Adequate assurance

also includes assurance of an assignee's ability to continue to perform monetary and non-monetary obligations under the Master Lease. *See, e.g., In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (section 365(b) is designed to ensure that parties receive the benefit bargained for if a lease or contact is assumed).

9. It is well-settled that such contracts must be assumed or rejected in their entirety with all the benefits and burdens. Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003); *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999). *See also Anytime Fitness v. Thornhill Bros. Fitness, L.L.C. (In re Thornhill Brothers Fitness, L.L.C.)*, 85 F.4th 321, 326 (5th Cir. 2023) ("[a] debtor cannot use § 365 to create a different deal than one it had originally.").

10. Any order of the Court approving the assumption and assignment of the Leases over the Landlords' objection should expressly state that the Purchaser (as defined in the Cure Notice), as assignee, shall continue to be liable for the payment and performance of all obligations under the Leases that become due or payable for payment or performance from and after the date of the closing of the Lease assignments, including, without limitation, percentage rent for prior and the current lease years, any real estate taxes, utilities, insurance and repair and maintenance obligations, rent-true up amounts, and other reconciliations that may later be billed by the Landlords, regardless of whether such obligations arose or are attributable to the period prior to the closing of the assignment(s) (the "Accrued Obligations"). It is up to the assignee(s), and not the Landlords, to make whatever adjustments to the purchase price are needed to reflect

the allocation as between the Debtors and the assignee(s) of these ongoing responsibilities for payment and performance of Accrued Obligations.  The fact that the Debtor tenant is attempting to assign the Leases in bankruptcy should not give the assignee a free pass to avoid paying Accrued Obligations thereunder as and when they become due.

11.     Similarly, the Leases provide that the Debtors must indemnify and hold harmless or save the Landlords from and against any losses or claims arising out of or related to, inter alia, environmental laws, hazardous materials, remediation, personal injury, and property damage. Accordingly, any order approving the assumption and assignment of the Leases should expressly state that the assignee(s) will remain liable to pay and perform any and all indemnification obligations as, and when, they become due and payable under the Leases, regardless of whether they arose or are attributable to the period prior to the assumption or the closing of the lease assignment(s).

## RESERVATION OF RIGHTS

12.     The Landlords reserve their rights to supplement this Objection to seek payment of any additional lease obligations that may arise or become due or payable under the Leases, or become known to the Landlords, prior to the effective date of any assignment of the Leases. Nothing herein shall be interpreted as consent by the Landlords to the assumption or assignment of the Leases.  All of the Landlords' objections and defenses to any request by the Debtors to assume and assign the Leases are expressly preserved.

**WHEREFORE**, the Landlords respectfully request that the Court (i) direct the Debtors to pay the cure amount owed under the Leases as a condition to any assumption and assignment (subject to the Debtors remaining current through the effective date of the Lease assignments); (ii) award and direct the reimbursement to the Landlords of at least, approximately, $4,000.00

per Lease in attorneys' fees, and expenses per lease incurred through August 22, 2025 (plus any additional attorneys' fees, expenses, and costs incurred thereafter), as pecuniary losses reimbursable under the terms of the Leases and section 365(b)(1)(B); (iii) include in any assumption or sale order appropriate reconciliation and indemnification protections as requested herein; and (iv) grant to the Landlords such other and further relief as this Court deems just and proper.

Dated: August 29, 2025               RESPECTFULLY SUBMITTED,

 /s/ *Karen C. Bifferato*
Karen C. Bifferato, Esq. (DE 3279)
**CONNOLLY GALLAGHER LLP**
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

- and -

Vanessa Moody, Esq.
Tiffani Chanroo, Esq.
**GOULSTON & STORRS PC**
One Post Office Square
Boston, MA 02109
Telephone: (617) 574-6483
Email: vmoody@goulstonstorrs.com
          tchanroo@goulstonstorrs.com

*Counsel to the Landlords*