**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CLAIRE'S HOLDINGS LLC, et al., ) | Case No. 25-11454 (BLS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Obj. Deadline: August 29, 2025 at 4:00 pm ET |
| ) | Related Docket No.: 209 |

**OBJECTION OF GREENE TOWN CENTER LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES AND PROPOSED SALE**

Greene Town Center LLC (the "**Landlord**"), by and through counsel, hereby objects (the "**Objection**") to the *Notice of Possible Assumption or Assumption and Assignment of Certain Contracts or Leases* [Dkt. 209] (the "**Assumption Notice**") filed by the Debtors on August 20, 2025. In support of the Objection, Landlord represents as follows:

**THE LEASE**

1. Landlord and Claire's Boutiques, Inc. (the "**Tenant**") entered into that certain Standard Commercial Shopping Center Lease ("**Original Lease**") dated as of January 20, 2006 with respect to the premises (store #5281) located at 76 Chestnut Street, Suite #H-118, Beavercreek, Ohio 45440 and located in the shopping center commonly known as the Greene Town Center (the "**Premises**"). The Original Lease was amended by (i) the First Amendment to Standard Commercial Shopping Center Lease with an effective date of November 15, 2015, (ii) the Second Amendment to Standard Commercial Shopping Center Lease with an effective date of August 24, 2018; and (iii) the Third Amendment to Standard Commercial Shopping Center Lease with an effective date of May 15, 2023. The Original Lease, as modified or amended (including those modifications and amendments listed above) is hereinafter referred to as the "**Lease**".

## BACKGROUND FACTS

2. On August 6, 2025 ("Petition Date"), the Debtors (including the Tenant), as debtors and debtors in possession (collectively, the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Premises are each located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g., In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. On August 20, 2025, the Debtors filed *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* ("**Sale Motion**") [Dkt. 190] seeking authorization and approval of the sale of certain assets to AWS Claire's, LLC ("**Purchaser**"). A hearing on the Sale Motion is scheduled for September 9, 2025 at 10:00 a.m.

6. The Assumption Notice was also filed on August 20, 2025, and identified various leases, including the Lease, for potential assumption and assignment to the Purchaser. The Assumption Notice also identified the Debtors' "**Proposed Cure Amount**" for each listed lease.

7. The Assumption Notice listed the Proposed Cure Amount for the Lease as $8,517.00.

## OBJECTIONS

8. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be

assumed and assigned and (b) of the future performance of a proposed assignee under the terms of any unexpired leases sought to be assumed and assigned.

9.   As of August 1, 2025, the Debtors' Proposed Cure Amounts, including attorney fees, are understated as follows:

| Property Name | Debtor | Debtor Proposed Cure Amounts | Lease Cure Amount | Estimated Attorneys' Fees | Total Estimated Cure Amount |
|---|---|---|---|---|---|
| Greene Town Center LLC | Claire's Boutiques, Inc. | $8,517.00 | $30,188.88 | $5,000.00 | **$35,188.88** |

The Lease Ledger delineating the amounts owed on the Lease (not including estimated attorney fees) as of August 1, 2025 is attached as **Exhibit A.** Thus, before the Debtors may assume and assign the Lease, they must provide adequate assurance that they will pay these amounts and that any proposed assignee will be able to perform under the Lease in the future.

10.   The "**Actual Cure Amount**" owed by the Debtors pursuant to the Lease includes the amounts listed above plus any additional amounts which become due on or after August 1, 2025, including ongoing rent and other amounts which continue to accrue, year-end adjustments and reconciliations for common area maintenance, taxes, insurance, utilities and/or such other amounts as may be owed pursuant to the terms of the Lease, and less any payments received by Landlord on or after August 6, 2025.

11.   In addition, the Debtors remain responsible for all accrued or accruing charges under the Lease and must pay such charges when they come due under the Lease. The Debtors must assume the Lease subject to its terms, and must assume all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease. Any final assumption or confirmation order should clearly state that the Debtors or the Purchaser will assume the obligations under the Lease and pay them when due, regardless of whether they relate

4926-4581-6420, v. 1

to the period prior to, or after, the assumption. Furthermore, any provision in an assumption or confirmation order that purports to release the Debtors of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease unless paid by Purchaser.

12. Some charges for which the Debtors bear responsibility under the Lease may not have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods. Subject to the terms of the Lease, the Debtors pay fixed minimum rent, along with (where applicable) a pro-rata share of expenses such as real property taxes, insurance, utilities, common area maintenance charges ("**CAM**"), fees, annual percentage rent, and the like. Certain charges, such as CAM and property taxes are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred. To the extent the estimated payments exceed actual charges; the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred under the Lease, the result is an additional amount (or debit) for which the tenant is liable. In some instances, year-end reconciliations and adjustments for previous years may not yet be complete. In other instances, certain charges may be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end. Because these accrued, but unbilled, charges are not yet due under the Lease, they do not create a current default that gives rise to a requirement to cure by the Debtors at this time.

13. Finally, the Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Premises. Any assumption of the Lease must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when any

4

claim arose.[1] Nothing in any assumption or confirmation order should preclude the Landlord from pursuing the Debtors, their insurance, or any other party that may be liable under the Lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

14. Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the Lease upon assumption. To the extent there is a dispute over the total cure obligation for the Lease, all undisputed cure amounts should be paid promptly upon the assumption or assumption and assignment of the Lease. The Debtors or Purchaser should escrow disputed amounts, and the Court should set a status conference within thirty (30) days of the assumption of the Lease to deal with any disputes that remain unresolved after such period.

15. As required by 11 U.S.C. § 365(b)(1), the Debtors and/or Purchaser must pay the Actual Cure Amount in full if the Lease is to be assumed and/or assumed and assigned to Purchaser or another third party (collectively referred to as being assumed or an assumption). Landlord objects to the assumption of the Lease unless the Debtors fully comply with all of the requirements of the Bankruptcy Code including section 365(b). Absent such full compliance, the proposed assumption must be denied.

16. Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding and supplementing objections to the Debtor's proposed cure amount and by adding or supplementing objections to the adequate assurance of future performance provided by the Debtors, the Purchaser or any proposed assignee(s).

17. Landlord has not received information with respect to the Purchaser's ability to provide adequate assurance of future performance and therefore Landlord reserves its right to file

---

[1] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease.

objections to adequate assurance of future performance with respect to any proposed assignment of the Lease.

## RESERVATION OF RIGHTS

18.    Landlord does not waive and expressly reserves its rights to amend, modify and supplement this Objection at or prior to the conclusion of any hearing relating to the assumption of the Lease. By this Objection, Landlord does not in any way admit or acknowledge that the Lease is assumable or assignable, or that the Lease has not been terminated by its terms, and all rights with respect thereto are being expressly reserved.

19.    To the extent not inconsistent with the arguments raised herein, Landlord joins in the objections of other landlords to the Assumption Notice and the Sale.

WHEREFORE, Landlord respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection, and granting the Landlord such other and further relief as it deems just and proper.

Dated: August 29, 2025

Respectfully submitted,

/s/ Michael S. Tucker
Michael S. Tucker
Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7120
(216) 583-7121 (fax)
mtucker@ubglaw.com

Counsel to Greene Town Center LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, et al., | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 29, 20205, I served or caused to be served a correct copy of the foregoing by the Court's CM/ECF system on all counsel or record registered in this case through CM/ECF and by separate email upon the following:

Brendan McKeough
Executive Vice President,
Chief Legal Officer, and Secretary
Claire's Holdings LLC
2400 West Central Road
Hoffman Estates, Illinois 60192
brendan.mckeough@claires.com

Michele Reilly
Assistant Secretary
Claire's Holdings LLC
3 SW 129th Avenue
Pembroke Pines, Florida 33027
michele.reilly@claires.com

Joshua A. Sussberg, Esq.
Allyson Smith, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
joshua.sussberg@kirkland.com
allyson.smith@kirkland.com

Alexandra F. Schwarzman, Esq.
Robert A. Jacobson, Esq.
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
alexandra.schwarzman@kirkland.com
rob.jacobson@kirkland.com

Paul N. Heath, Esq.
Zachary I. Shapiro, Esq.
Richards, Layton & Finger, PA
920 N King Street
Wilmington, DE 19801
heath@rlf.com
shapiro@rlf.com

Benjamin A. Hackman, Esq.
United States Trustee
844 King Street
Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Benjamin.A.Hackman@usdoj.gov

Joel Moss, Esq.
Amit Trehan, Esq.
Sean Tierney, Esq.
Cahill Gordon & Reindell LLP
JMoss@cahill.com
ATrehan@cahill.com
STierney@cahill.com

Elisha D. Graff, Esq.
Zachary J. Weiner, Esq.
Simpson Thatcher & Bartlett LLP
egraff@stblaw.com
zachary.weiner@stblaw.com

4926-4581-6420, v. 1

<div style="columns:2">

L. Katherine Good, Esq.
Jeremy Ryan, Esq.
Potter Anderson & Corroon LLP
kgood@potteranderson.com
jryan@potteranderson.com

Darren Azman, Esq.
Kristin K. Going, Esq.
Stacy A. Lutkus, Esq.
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, New York 10017
dazman@mwe.com
kgoing@mwe.com
salutkus@mwe.com

Justin R. Alberto, Esq.
Stacy L. Newman, Esq.
Michael E. Fitzpatrick, Esq.
Melissa M. Hartlipp , Esq.
Cole Schotz P.C.
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
jalberto@coleschotz.com
snewman@coleschotz.com
mfitzpatrick@coleschotz.com
mhartlipp@coleschotz.com

Seth Van Aalten, Esq.
Sarah A. Carnes, Esq.
Cole Schotz P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
svanaalten@coleschotz.com
scarnes@coleschotz.com

</div>

/s/ Michael S. Tucker
Michael S. Tucker Ohio Bar No. 0034398
(*Pro hac vice* admission to be sought)
UB Greensfelder LLP