IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al*[1]. | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Obj. Deadline: Sept. 3, 2025 (by consent)** |
| | ) | **Ref. D.I. 190, 209** |

### LIMITED OBJECTION TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE COSTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Simon Property Group, L.P. and its related landlord entities ("Landlord(s)"), through its counsel, the Law Office of Susan E. Kaufman, LLC, objects to the Notice of Possible Assumption or Assumption and Assignment of Certain Contracts and Leases [Docket No. 209] (the "Notice") and the proposed sale of the Debtors' going-concern assets pursuant to the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [Docket No. 190] (the "Sale Motion"). In support of the same, Landlord states as follows:

### PRELIMINARY STATEMENT AND BACKGROUND

1. On August 6, 2025 ("Petition Date"), the above-captioned debtors (the "Debtors") filed their petitions for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

2. This is a contested matter pursuant to Bankruptcy Rules 6006(b) and 9014.

3. Jurisdiction is based upon 28 U.S.C. §1334.

4. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

5. As of the Petition Date, the Debtors were the lessees under certain leases of non-residential real property with Landlord (individually, "Lease" or collectively, "Leases") as set forth in Exhibit "A" (attached hereto and incorporated by reference herein).

6. Each of the premises related to the Leases is within a "shopping center" as that term in used in §365(b)(3) of the Bankruptcy Code. *See Androse Assocs. Of Allaire, LLC v. A&P (In re A&P),* 472 B.R. 666, 677 (Bankr. S.D.N.Y. 2012); and *In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1086 (3d. Cir. 1990).

7. By way of background, the retail shopping centers managed by Landlord, are generally large, up-scale, centers. The leases between Landlord and the Debtors contain very specific restrictions and covenants, which are of paramount concern for shopping center owners and Landlord.

8. On August 20, 2025, the Debtors filed the Notice, which lists the Debtors' proposed cure amounts for the Leases [Docket No. 209].

9. On August 20, 2025, the Debtors filed the Sale Motion pursuant to which the Debtors are seeking approval of the sale transaction to AWS Claire's, LLC (the "Purchaser"). [Docket No. 190]

10. Landlord objects to the Debtors' proposed cure amounts for the Leases in the Notice as they are inaccurate. Landlord hereby asserts that the correct amounts required to cure the Leases are those amounts set forth on Exhibit "A".

**LIMITED OBJECTION**

11. Section 365(b) of the Bankruptcy Code provides in pertinent part:

> (1)(A) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee (a) cures, or provides adequate assurance that the trustee will promptly cure, such default….

12. The Notice asserts the amounts required to cure each Lease. Landlord is not in agreement with the proposed amounts asserted as the Debtors are either (i) in default of its monetary obligations under the Lease(s); (ii) the Notice fails to compensate Landlord for any actual pecuniary loss resulting from the default and/or bankruptcy filing; or (iii) both.

13. Any assumption and assignment of the Leases requires the Debtors to assume and assign the Leases in their entirety, subject to all conditions, covenants, both monetary and non-monetary, for which Debtors are responsible. In particular, Debtors shall not suffer any mechanics' or materialmen's lien(s) to be filed against any of the premises or the shopping center under any of the Leases and Debtors are required to cause any such lien(s) to be released by record of payment, bond, or otherwise.

14. Further, Section 365(b)(1)(B) includes compensation to Landlord for sums incurred for attorneys' fees in connection with the bankruptcy case. *See In re: F&N Acquisition Corp.,* 152 B.R. 304 (W.D. Wash. 1993); *In re: Westworld Community Healthcare, Inc.,* 95 B.R. 730 (C.D. Cal. 1989); and *In re: Child World, Inc.,* 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees based upon the language of the lease.) Landlord has also incurred attorneys' fees associated with the bankruptcy and possible assumption and assignment of each Lease.

15. Although Landlord does not object to the Debtors' right to sell the going-concern assets as noted in the Sale Motion, Landlord does object, in part, to the assumption and assignment of any of the Leases as assumption and assignment of the Leases must be subject to payment of any charges accrued, but not yet billed, including, but not limited to, common area maintenance, real estate taxes, utilities, overage rent or percent rent. Landlord further reserves the right to supplement this Limited Objection prior to any final determination by the Court regarding assumption and assignment of the Leases, including the amount and payment required for purposes of cure under Section 365, as rent, attorneys' fees and other charges continue to accrue.

16. In the event of a sale of all or substantially all of the Debtors' assets, and, specifically, the assumption and assignment of the Leases as contemplated in the Sale Motion, Landlord reserves its rights under Section 365(b)(3)(A-D) of the Bankruptcy Code, which specifically defines adequate assurance of future performance of a lease of real property in a shopping center as follows:

> 11 U.S.C. § 365 (b)(3)(A-D)
>
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

17. Landlord reserves the right to amend and/or supplement this objection and its cure claims and to raise further objections to the assumption and assignment or cures with respect to the Leases, including without limitation, with respect to adequate assurance of future performance.

18. In addition to the foregoing, Landlord further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Limited Objection.

Wherefore, Landlord respectfully requests that the Court enter an order requiring the Debtors to pay all outstanding amounts and cure all existing defaults associated with assumption and assignment of the Leases, that Landlord be awarded their costs and reasonable attorneys' fees incurred in connection with this Limited Objection, and upon the assumption and assignment of the Leases that Debtors provide adequate assurance of future performance from any potential purchaser to Landlord, and granting such other and further relief to Landlord as is just and proper.

Dated: September 3, 2025

Respectfully submitted,

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DE Bar No. 3381)
Law Office of Susan E. Kaufman, LLC
919 N. Market Street
Suite 460
Wilmington, DE 19801
302-472-7420 (phone)
302-792-7420 (fax)
skaufman@skaufmanlaw.com

*Attorney For Simon Property Group, L.P. and its Related Landlord Entities*