# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | Case No. 25-11454 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 190, 209, 264** |

## THE TANGER MANAGEMENT LANDLORDS' LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTORS' SALE MOTION

Tanger Management, LLC and its affiliates, including but not limited to those listed in the *Notice of Appearance and Request for Service of Notices and Papers* (D.I. 129) (collectively, the "Tanger Management Landlords"), through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to (a) the Proposed Sale Order (as defined below) attached to the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* (D.I. 190) (the "Sale Motion")[2]; and (b) join in any objection regarding the Sale Motion filed by any other landlord(s) or other contract counterparties for the reasons stated therein and to the extent not inconsistent with these limited objections. In support of this Limited Objection, the Tanger Management Landlords respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

**BACKGROUND**

1. The Tanger Management Landlords are landlords under at least 28 leases (the "Leases") covering facilities of the above-captioned debtors and debtors in possession (the "Debtors"), where the Debtors operated stores as of the petition date of August 6, 2025 (the "Petition Date").

2. On August 20, 2025, the Debtors filed the Sale Motion, pursuant to which the Debtors seek approval of procedures for the assumption and assignment of executory contracts and unexpired leases, and related relief, as set forth in the Sale Motion.

3. In Section V, paragraph 24 of the proposed *Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* (D.I. 190-2) (the "Proposed Sale Order") attached as Exhibit A to the Sale Motion, the Debtors and the Purchaser seek to limit their obligation to pay amounts owing under assumed leases, after payment of the stated Cure Costs, to only those amounts that *accrue and come due on or after the sale Closing Date*, which is inconsistent with section 365 of the Bankruptcy Code.

4. On August 20, 2025, in connection with the Sale Motion, the Debtors filed the Cure Notice, with an objection deadline of August 29, 2025, at 4:00 p.m. (ET). In the Cure Notice, the Debtors list several leases with the Tanger Management Landlords. The Debtors also list proposed cure amounts with respect to the Leases (the "Proposed Cure Amounts").

5. On August 29, 2025, the Tanger Management Landlords filed *The Tanger Management Landlords' Limited Objection and Reservation of Rights to Proposed Cure Amounts Set Forth in the Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (D.I. 264) (the "Cure Objection"), disputing certain Cure Costs. Additional details regarding

the Leases and the Tanger Management Landlords' objection to the proposed Cure Costs are set forth in the Cure Objection and incorporated herein by reference.

## **LIMITED OBJECTIONS**

6. As set forth in the Cure Objection, the Tanger Management Landlords do not object, *per se*, to the Debtors' assumption and assignment of their respective Leases; however, they object to the proposed Cure Costs. The Cure Objection sets forth the known Cure Amounts as of the applicable dates (unpaid amounts under the Leases, attorneys' fees, and interest), which are incorporated herein by reference.

7. The Debtors, the Purchaser, or any other assignee, are also obligated under section 365 of the Bankruptcy Code to pay for all amounts that accrue prior to assumption, regardless of whether they are currently due, including the "Unknown Cure Amounts" identified in the Cure Objection. These include, without limitation, real estate taxes, indemnification obligations, property maintenance, insurance, and environmental charges, and other Lease payment obligations that accrued under each Lease prior to the assumption and assignment but are not yet known (the "Additional Costs") to the applicable Tanger Management Landlord. The Tanger Management Landlords estimate such Additional Costs to be approximately $1.7 million, subject to further changes.

8. Payment of all unknown lease obligations is required to assume an unexpired lease under the Bankruptcy Code. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) ("Congress's intent in imposing [the] conditions on the ability of the debtor to assume the contract was to ensure that the contracting parties received the full benefit of their bargain.'"); *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992) ("the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy has not intervened."); *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985) ("Section 365(b)(1) is intended to provide protection to the non-debtor lessor to ensure that he receives the full benefit of his

bargain in the event of assumption."); 3 Collier on Bankruptcy ¶ 365.06[3][b] (16th ed. rev. 2017) ("The idea of cure in the [Bankruptcy] Code is to provide the other party to the contract with the benefit of its economic bargain.").

9. Correspondingly, payment of such unknown amounts is mandated by the general rule requiring a debtor to assume a lease or contract *in full*. *See In re CellNet Data Systems*, 327 F.3d 242, 249 (3d Cir. 2003) (assumption or rejection is an "all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected."); *Cinnicola v. Scharffenberger,* 248 F.3d 110, 119 (3d Cir. 2001) ("If the trustee [or debtor in possession] meets the assumption requirements under § 365 it must assume the executory contract entirely."); *AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2002) ("[U]nder the law of bankruptcy a contract cannot be assumed in part or rejected in part."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, . . . .").

10. Additionally, providing for payment of unknown cure amounts is a requirement for assignment of each Lease upon any sale because assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004). *See In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677 at *36 (Bankr. S.D.N.Y. 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

11. Consequently, the Debtors, the Purchaser, or any other assignee cannot limit their liabilities to counterparties to the Assigned Contracts to only those amounts that accrue and

4

become due and payable on or after the Closing Date.  *See* ¶24, Proposed Sale Order.  The Debtors' (and any assignee's) obligations must include all amounts that accrued prior to assumption, whether or not currently due.

12. As further set forth in the Cure Objection, each Tanger Management Landlord also objects to the assumption or assumption and assignment of its respective Lease(s) to the extent the Debtors or the proposed assignee have not provided adequate assurance of future performance of *all* Lease obligations, including the amounts described above.

## JOINDER

13. The Tanger Management Landlords join in any other landlord's or other contract counterparty's objection to or respecting the Proposed Sale Order to the extent such objection is applicable to any of the Tanger Management Landlords' Leases and not inconsistent with these limited objections.

## RESERVATION OF RIGHTS

14. The Tanger Management Landlords reserve their respective rights to amend and/or supplement these limited objections, as circumstances might require, including, without limitation, regarding the terms of any proposed order(s) approving assumption and assignment or rejection of any of the Tanger Management Landlords' Leases or any proposed lease assumption and assignment agreement concerning any such Lease.

## CONCLUSION

WHEREFORE, the Tanger Management Landlords respectfully request that the Court: (a) condition any grant of relief related to the Sale Motion upon entry of an order consistent with these limited objections; and (b) grant each Tanger Management Landlord such other and further relief as the Court may deem just or proper.

Dated: September 3, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Echo Yi Qian*
Curtis S. Miller (No. 4583)
Echo Yi Qian (No. 7330)
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@morrisnichols.com
       eqian@morrisnichols.com

*Attorneys for the Tanger Management Landlords*