IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | Case No. 25-11454 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 190 & 209** |

**CYPRESS EQUITIES MANAGED SERVICES, LP'S OBJECTION TO
DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION
AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

Cypress Equities Managed Services, LP ("Cypress"), on behalf of South Saturn Ridge LLC (the "Landlord"), by and through its undersigned counsel, hereby files this objection to Debtors' *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts of Leases* [D.I. 209] (the "Cure Notice"), and states as follows:

1. On August 6, 2025 (the "Petition Date"), Claire's Holdings LLC, and various affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. On August 20, 2025, Debtors filed their *Motion of Debtors for Entry of an Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

*(I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* [D.I. 190] seeking a proposed sale to Ames Watson, LLC (the "Buyer").

4. On August 20, 2025, the Debtors filed their Cure Notice. The Debtors included proposed cure amounts in the Cure Notice.

5. As of the Petition Date, the Debtors leased space from Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease").

6. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d Cir. 1990).

7. Cypress hopes to resolve the issues raised herein with the Debtors consensually, but files this Objection to preserve its rights and if necessary seek relief from this Court.

## **CURE CLAIM OBJECTION**

8. Section 365(b) of the Bankruptcy Code provides in pertinent part as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

11. U.S.C. § 365(b)(1).

9. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The Lease provides for recovery of attorneys' fees and expenses. Cypress hereby objects to assumption of the Lease listed in the Cure Notice absent payment of Landlord's and its agents' attorneys' fees and expenses in accordance with the Lease.

10. As of the date of this Objection, Cypress objects to the cure amounts proposed for the Lease included in the Debtors' Cure Notice.

11. The proposed cure amount is understated, as of the date of this Objection, as indicated in the below table:

**TABLE 1:**

| LANDLORD ENTITY | PREMISES (Store No.) | DEBTORS' PROPOSED CURE AMOUNT | LANDLORD'S ACTUAL CURE AMOUNT |
|---|---|---|---|
| South Saturn Ridge, LLC | Monroeville Mall (No. 5989) | $13,705.00 | $28,073.60 |

12. Cypress further objects to the assumption of the Lease absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after the Petition Date (including, but not limited to, additional amounts, not yet known, that accrued following the Petition Date, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

13. Cypress hereby reserves the right to file a supplementary cure objection for additional charges that have accrued but have not yet been billed.

14. A Lease Cure Amount Summary supporting the actual Lease Cure Amount contained in Table 1 is attached hereto and incorporated as **Exhibit A**.

## JOINDER

15. In addition to the foregoing, Cypress further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

16. Cypress hereby reserves its rights to make such other and further objections as may be appropriate to all Cypress-affiliated leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365 of the Bankruptcy Code.

## CONCLUSION

17. For the reasons set forth above, Cypress respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Leases affirmatively require Debtors to pay the Landlord's actual cure amounts summarized in Table 1 plus all other amounts accrued but not yet billed in respect of the Leases, including attorneys' fees and expenses; and (iii) grant Cypress such further relief as the Court deems proper.

[*Remainder of page left intentionally blank*]

5

Dated: September 3, 2025

**SAUL EWING LLP**
/s/ *Paige N. Topper*
Paige N. Topper (DE Bar No. 6470)
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: (302) 421-6800
Email: paige.topper@saul.com

-and-

**LIECHTY, McGINNIS, BERRYMAN & BOWEN, LLP**
Daniel B. Denny (*pro hac vice* pending)
11910 Greenville Avenue, Suite 400
Dallas, Texas 75243
Telephone: (214) 265-0008
Email: ddenny@lmlawyers.com

*Attorneys for Cypress Equities Managed Services, LP*