# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Obj. Deadline: Sept. 4, 2025 at 4:00 p.m. (ET)[2] |
| | ) Hearing Date: Sept. 9, 2025 at 2:00 p.m. (ET) |
| | ) Re: Docket No. 186 & 187 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 429 FULTON STREET LLC, 3902 ANNADALE LANE, LP, BELDEN MALL LLC, BRIDGEWATER COMMONS MALL II, LLC, BROADSTONE CLE ILLINOIS, LLC, BROWARD MALL LLC, CAPITAL MALL LP, CENTENNIAL REAL ESTATE COMPANY, LLC, CENTERCAL PROPERTIES, LLC, CHAMPLAIN CENTRE NORTH LLC, CONTINENTAL REALTY, FR DEL MONTE, LLC, FR GROSSMONT, LLC, FRIT FLORIDA, LLC, FEDERAL REALTY OP LP, GTM DENTON, LTD., GALLATIN MALL GROUP, L.L.C., KRE COLONIE OWNER, LLC, NORTHPARK MALL LIMITED PARTNERSHIP, PGIM REAL ESTATE, PACIFIC QKC MANAGEMENT PR, LLC, PALM DESERT PACIFIC OWNER LLC, PAPPAS LAGUNA NO. 2, L.P., PARK MALL, L.L.C., PLAZA WEST COVINA LP, POAG SHOPPING CENTERS, LLC, SOUTHLAKE INDIANA LLC,  STAR-WEST FRANKLIN PARK MALL, LLC, STAR-WEST GREAT NORTHERN MALL LLC, STAR-WEST PARKWAY MALL LP, THE FORBES COMPANY, THE MACERICH COMPANY, AND YTC MALL OWNER, LLC TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING (A) THE SOLICITATION AND VOTING PROCEDURES AND (B) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (III) SCHEDULING A COMBINED HEARING AND SETTING RELATED DATES AND DEADLINES, AND (IV) GRANTING RELATED RELIEF**

429 Fulton Street LLC, 3902 Annadale Lane, LP, Belden Mall LLC, Bridgewater Commons Mall II, LLC, Broadstone CLE Illinois, LLC, Broward Mall LLC, Capital Mall LP, Centennial Real Estate Company, LLC, CenterCal Properties, LLC, Champlain Centre North LLC,

---

[1] The Debtors in these cases chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (04160; Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]  Deadline extended by agreement of the parties.

Continental Realty, FR Del Monte, LLC, FR Grossmont, LLC, FRIT Florida, LLC, Federal Realty OP LP, GTM Denton, LTD., Gallatin Mall Group, L.L.C., KRE Colonie Owner, LLC, Northpark Mall Limited Partnership, PGIM Real Estate, Pacific QKC Management PR, LLC, Palm Desert Pacific Owner LLC, Pappas Laguna No. 2, L.P., Park Mall, L.L.C., Plaza West Covina LP, Poag Shopping Centers, LLC, Southlake Indiana LLC, Star-West Franklin Park Mall, LLC, Star-West Great Northern Mall LLC, Star-West Parkway Mall LP, The Forbes Company, The Macerich Company, and YTC Mall Owner, LLC (collectively, the "Landlords"), by and through their undersigned counsel, hereby file this limited objection and reservation of rights (this "Objection") to the *Motion of Debtors For Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving (A) The Solicitation and Voting Procedures and (B) The Forms of Ballots and Notices in Connection Therewith, (III) Scheduling a Combined Hearing and Setting Related Dates and Deadlines, and (IV) Granting Related Relief* [D.I. 187] (the "Disclosure Statement Motion"),[3] and respectfully state as follows:

I. **FACTUAL AND PROCEDURAL BACKGROUND**

1. On August 6, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases.[4]

---

[3] Capitalized terms used by not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Motion.
[4] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2

2. The Debtors lease retail spaces (the "Premises") from the Landlords pursuant to certain unexpired leases of nonresidential real property (individually, a "Lease," and collectively, the "Leases") at each of the locations more fully set forth on **Schedule A**, attached hereto and incorporated into this Objection by reference.

3. With the exception of the Lease with Broadstone CLE Illinois, LLC, each Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On August 18, 2025, the Debtors entered into an asset purchase agreement dated as of August 18, 2025 (the "APA") with AWS Claire's, LLC (the "Purchaser"), as attached to the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [D.I. 190] (the "Sale Motion"). If approved, the APA would provide for a going-concern sale of substantially all of the Debtors' business to the Purchaser (the "Sale"), and the assumption and assignment of certain unexpired leases of non-residential real property, including the Leases.[5] The APA further contemplates certain post-closing designation rights, giving the Purchaser the exclusive right to determine which Leases to assume or reject for as long as sixty (60) days after the Closing of the Sale (the "Designation Rights Period"). APA § 1.5(b).

5. On August 19, 2025, the Debtors filed the *Joint Chapter 11 Plan of Claire's Holdings LLC and its Debtor Affiliates* [D.I. 185] (the "Plan), the *Disclosure Statement for the Joint Chapter 11 Plan of Claire's Holdings LLC and its Debtor Affiliates* [D.I. 186] (the "Disclosure Statement"), and the Disclosure Statement Motion. The Disclosure Statement Motion seeks, among other things, an order approving the adequacy of the Disclosure Statement for

---

[5] On August 29, 2025, the Landlords filed an Objection to the Sale Motion [D.I. 278] and to the cure amounts listed in the Cure Notice filed by the Debtors.

solicitation purposes, approving the solicitation and noticing procedures in connection therewith, approving the form and manner of ballots and notices, and scheduling certain dates and deadlines related thereto.

6. More specifically, the Disclosure Statement provides that all assumption and rejection determinations for the Leases will be made either through the filing of a motion or identification in the Plan Supplement. *See* Disclosure Statement, VII.E. However, the Disclosure Statement also provides that nothing in the Plan or the Confirmation Order shall limit the Debtors' authority under the Sale Order to assume and assign the Leases to the Purchaser pursuant to the APA, including the right to make assumption or rejection determinations for the Leases subject to the Designation Rights Period in connection with the Sale. *See id.*

7. As drafted, the timing proposed under the Disclosure Statement Motion and imbedded into the Disclosure Statement and Plan improperly seeks to modify the Landlords' rights under their Leases and the Bankruptcy Code. The Landlords have reached out to the Debtors to seek clarity and modifications to the Disclosure Statement and Plan to address (i) the contradictory provisions in the Disclosure Statement and Plan with the requirements of Section 365(d)(4) of the Bankruptcy Code and the fact that entry of the confirmation order will cut off the Debtors' time to assume or reject the Leases subject to the Designation Rights Period beyond confirmation of the Plan; and (ii) lack of adequate notice to those Landlords with Leases subject to the Designation Rights Period of their treatment under the Plan, given the likelihood that such Leases will not be scheduled for assumption pursuant to the Plan or the Plan Supplement, but instead upon the expiration of the Designation Rights Period and, therefore, Landlords will not have adequate notice of their treatment under the Plan prior to the Voting Deadline or the Plan Objection Deadline. The Landlords will continue to work with the Debtors to resolve these issues in advance of the hearing

on the Disclosure Statement Motion and are hopeful that they can reach an agreement; however, as of the time of the filing of this Objection no resolution has been reached. Thereby necessitating the filing of this Objection to preserve the Landlords' rights under the Bankruptcy Code.

## II.     ARGUMENT

### A.     The Debtors seek to improperly extend the time to assume or reject leases.

8.     The Disclosure Statement and Plan provides for a process that would allow for the assumption and assignment or rejection of the Leases beyond entry of the confirmation order and, therefore, improperly seeks to extend the 365(d)(4) deadline beyond the Confirmation Date. Specifically, under the APA and the Designation Rights Period proposed therein, the Purchaser will have until the earlier of sixty (60) days following the closing of the Sale or the effective date of the Plan to make a determination on whether to assume or reject unexpired leases. APA § 1.5(b). The Disclosure Statement and Plan also provide that the Debtors made amend or otherwise modify any assumption schedule filed with the Plan Supplement up and until the Plan Effective Date. *See* Disclosure Statement, VII.E.

9.     As of the date of the filing of this Objection, the Sale has not closed, so even if the Sale closed today, the Purchaser would have through the earlier of November 3, 2025 or the effective date of the Plan—both well beyond the proposed October 14, 2025 Voting Deadline and Plan Objection Deadline or confirmation of the Plan proposed to be held on October 24, 2025 — to make a determination on whether to assume or reject unexpired leases. The deadlines proposed by the Disclosure Statement Motion are unworkable and must be revised as they do not work in conjunction with the Sale Motion or comply with the Bankruptcy Code.

10.     Neither the Disclosure Statement nor the Plan address that the Designation Rights Period seeks to allow the Debtors and the Purchaser to improperly extend the deadline under Section 365(d)(4) past the confirmation of the Plan, and instead state that the authority under the

Sale Order should control, notwithstanding any provision in the Plan or Disclosure Statement and without regard to Bankruptcy Code Section 365(d)(4). Should the Court enter an order confirming the Plan on the timeline under the Disclosure Statement Motion it would significantly cut off the ability of the Purchaser to designate the Leases for assumption or rejection beyond that date, as leases will be deemed rejected by operation of the Bankruptcy Code with the expiration of the 365(d)(4) deadline pursuant on the occurrence of the Confirmation Date.

11. Section 1129(a)(1) provides that "a plan may not be confirmed unless the plan complies with the applicable provisions of Title 11 . . . ." Mabey v. Southwestern Elec. Power Co. (In the Matter of Cajun Elec. Power Cooperative, Inc.), 150 F. 3d 503, 513, n.3 (5th Cir. 1998), citing Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.), 165 B.R. 188, 193 (Bankr. W.D. Tex. 1994) ("In order to confirm a plan the court must find that the plan and its proponent have complied with the applicable provisions of Title 11."). Moreover, a plan cannot be confirmed if it violates the provisions of Title 11. See Resorts Int'l., Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394 (9th Cir. 1995).

12. The Debtors cannot contract around or pick and choose which Bankruptcy Code provisions to follow and which to ignore. Section 365(d)(4) requires the assumption or rejection of leases no later than the earlier of: *"the date of the entry of the order confirming a plan,"* or the date that is 120 days after the Petition Date (or if extended for cause, the date that is 210 days after the Petition Date), otherwise "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected" by operation of the statute. 11 U.S.C. § 365(d)(4)(A). To be confirmed, the Debtors' Plan must abide by this provision.

13. Section 365(d)(4) is automatic and the Debtors or this Court is without any statutory authority to extend the period beyond the Confirmation Date. See In re Ariz. Appetito's Stores,

Inc., 893 F.2d 216, 219 (9th Cir. 1990) ("[T]he rejection of a lease occurs automatically without the need for court approval. Once statutory rejection of a lease has occurred, the rejection is conclusive."); see also In re Wisper, LLC, No. 13-10770, 2015 Bankr. LEXIS 2505, *9 (Bankr. W.D. Tenn. Feb. 13, 2015) (*citing In re Brown*, 367 B.R. 599, 603 (Bankr. S.D. Ohio 2006)) ("If a debtor-in-possession fails to assume a lease of nonresidential real property within § 365(d)(4)(A)'s time period or fails to seek an extension of that time period pursuant to § 365(d)(4)(B), the lease is deemed rejected. Such rejection occurs by operation of law because § 365(d)(4)'s provisions are 'self-executing.'"); In re Dickinson Theatres, Inc., Case No. 12-22602, 2012 Bankr. LEXIS 5684, at *8 (Bankr. D. Kan. Dec. 4, 2012) (explaining that section 365(d)(4) "unambiguously states that a lease of nonresidential real property will be deemed rejected unless assumed by the earlier of two dates, one of which is the date of an order of confirmation. There is no provision in § 365(d)(4) allowing for a conditional assumption - an assumption subject to a later option to reject…. The Court therefore concludes that the Plan violates § 365(d)(4) by attempting to extend the time for Debtor to decide whether to assume or reject the Palm Valley portion of the Master Lease beyond the date of entry of an order of confirmation."); In re Esmizadeh, 272 B.R. 377, 386 (Bankr. E.D.N.Y. 2002) ("The Landlord has no affirmative duty to seek Lease rejection upon the expiration of the 60-day period following the filing of the petition in bankruptcy as § 365(d)(4) of the Code states that the Lease is deemed rejected if the Debtor (or the Trustee) fails to move to assume the Lease within the 60-day period, and such rejection is self-executing."); see also In re Grayson-Robinson Stores, Inc., 227 F. Supp. 609, 613-15 (S.D.N.Y. 1964) (pre-Code case where court refused to permit rejection of an executory contract after plan confirmation).

14. The Bankruptcy Code requires that all leases of non-residential real estate be assumed or rejected no later than the <u>date of entry</u> of the confirmation order, absent the written consent by the counterparty to extend such date beyond the time permitted under the statute. Accordingly, the Debtors must either designate their remaining leases for assumption or rejection on or before the Confirmation Date and not the Effective Date deadline that is currently included in the Disclosure Statement and Plan, or the expiration of the Designation Rights Period deadline included in the APA.

   **B. The Disclosure Statement fails to provide adequate information upon which creditors can rely to make an informed judgment regarding the Plan.**

15. Further, based on the timeline proposed by the Disclosure Statement Motion, the Landlords will not even know what their treatment under the Plan (if any) will be, and may not even be considered a creditor entitled to vote on the Plan and/or opt-out of the Plan releases, until well after the Voting Deadline, the Plan Objection Deadline, and even the confirmation date.

16. Section 1125 requires that a disclosure statement contain "adequate information." 11 U.S.C. § 1125(a). Disclosure is the "pivotal" concept in a chapter 11 reorganization. <u>Westland Oil Development Corp. v. MCorp Management</u>, 157 B.R. 100, 102 (Bankr. S.D. Tex., 1993); citing 5 Collier on Bankruptcy, ¶ 1125.03 (15th ed. 1992); <u>see also</u> <u>Oneida Motor Freight, Inc. v. United Jersey Bank</u>, 848 F.2d 414, 417 (3d Cir. 1988) ("The importance of full disclosure is underlaid by the reliance upon the disclosure statement by creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'"). The purpose behind the disclosure requirement is to prevent a debtor from seeking acceptance of its reorganization plan until it provides its creditors and other parties-in-interest with a disclosure statement that contains "adequate information" about the details of the debtor's plan and its prospects of success. 11 U.S.C. § 1125(b).

17. Section 1125(a)(1) defines adequate information as "[i]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . " 11 U.S.C. § 1125(a)(1). Congress intended that the Disclosure Statement serve as the primary source of information upon which creditors and shareholders could rely in making an informed judgment about a plan of reorganization. In re Scioto Valley Mortgage Co., 88 B.R. 168 (Bankr. S.D. Ohio 1988).

18. The Disclosure Statement does not satisfy the disclosure standards set forth in Section 1125. The Disclosure Statement and Plan rely, in part, on a Plan Supplement, that will include, among other documents, an Assumed Executory Contracts and Unexpired Leases Schedule filed by the Plan Supplement deadline. Disclosure Statement at VII.E. But that Schedule will not presumably include any of the Leases subject to the Purchaser's Designation Rights Period, which period goes beyond confirmation. Accordingly, Landlords will not be provided with notice prior to any voting/objection deadline of their treatment of their Leases under the Plan on which to make an informed decision to vote on the Plan and/or opt-out of the Plan release, to the extent they receive a ballot to do so, by the applicable deadline. Without this information it is impossible for Landlords to properly evaluate the Plan.

19. The Disclosure Statement also provides that the Plan Supplement, the Schedule of Assumed Executory Contracts and Unexpired Leases a, may be amended or otherwise modified prior to the Plan Effective Date. Disclosure Statement at VII.E. This language is vague and ambiguous and purports to allow Debtors to amend the treatment of the Leases in such a way that

a Landlord will not have full knowledge of its claims and/or the treatment of its Lease prior to the deadline to object to Plan Confirmation and the Voting Deadline.

20. The ability reject leases after entry of the confirmation order also potentially disenfranchises Landlords by permitting the Debtors to reject leases after the voting deadline, depriving Landlords with potentially significant rejection claims from voting to accept or reject the Plan. The Debtors must either finalize its list of assumed and rejected leases such that landlords with rejected leases have time to vote on the Plan, or they must provide a mechanism to ensure that landlords are not improperly disenfranchised by the plan process.

21. Accordingly, the failure to provide notice of the Debtors' determinations as to the assumption and assignment of the Leases on or before the Plan Supplement deadline is contrary to the Bankruptcy Code and makes it impossible for creditors to make an informed decision on the Plan. "If, on the face of the plan, the plan could not be confirmed, then the Court [should] not subject the estate to the expense of soliciting votes and seeking confirmation. Not only would allowing an unconfirmable plan to accompany a disclosure statement, and be summarized therein, constitute inadequate information, it would be misleading and it would be a needless expense to the estate." In re Pecht, 57 B R. 137, 139 (Bankr. E.D. Va. 1986); In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) ("approval should be withheld if, . . . it is apparent that the plan will not comply with Code § 1129(a)"); In re Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (Allowing a facially nonconfirmable plan to accompany a disclosure statement is both inadequate disclosure and a misrepresentation); see also In re Beyond.com Corp., 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003) ("Because the underlying plan is patently unconfirmable, the disclosure statement may not be approved.").

22.     Landlords must have adequate information by any voting/objection deadline upon which it can rely to make an informed judgement regarding the Plan.  Given this, confirmation of the Plan is premature until such time as the Designation Rights Period expires.  Should the Debtors' intend to proceed with the schedule proposed in the Disclosure Statement Motion, this Court should deny the Disclosure Statement Motion as it seeks to make an end run around Section 365(d)(4) of the Bankruptcy Code, and direct the Debtors to modify the Disclosure Statement Motion to be consistent with the Bankruptcy Code.

### III.    RESERVATION OF RIGHTS

23.     Landlords reserve their rights to raise further objections to the Disclosure Statement and Plan and in response to any amended Disclosure Statement or Plan filed by the Debtors.

### IV.    JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

24.     To the extent consistent with the objections expressed herein, Landlords also join in the objections of other shopping center lessors to the Debtors' proposed relief.

**V.     CONCLUSION**

WHEREFORE, Landlords respectfully request that the Court enter an order consistent with the foregoing Objection and for such other and further relief as may be just and proper under all of the circumstances.

| | |
|---|---|
| Dated: September 4, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Leslie C. Heilman*<br>Leslie C. Heilman (DE No. 4716)<br>Laurel D. Roglen (DE No. 5759)<br>Margaret A. Vesper (DE No. 6995)<br>Erin L. Williamson (DE No. 7286)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: heilmanl@ballardspahr.com<br>           roglenl@ballardspahr.com<br>           vesperm@ballardspahr.com<br><br>-and-<br><br>Dustin P. Branch, Esquire<br>Nahal Zarnighian, Esquire<br>Sara Shahbazi, Esquire<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, California 90067-2915<br>Telephone: (424) 204-4400<br>Facsimile: (424) 204-4350<br>E-mail: branchd@ballardspahr.com<br>  zarnighiann@ballardspahr.com<br>  shahbazis@ballardspahr.com<br><br>-and- |

        Craig Solomon Ganz (pro hac vice pending)
        Michael S. Myers (pro hac vice pending)
        Joel F. Newell (pro hac vice pending)
        BALLARD SPAHR LLP
        1 East Washington Street, Suite 2300
        Phoenix, Arizona 85004-2555
        Telephone: (602) 798-5427
        Facsimile: (602) 798-5595
        E-mail: ganzc@ballardspahr.com
                myersm@ballardspahr.com
                newellj@ballardspahr.com

*Attorneys for 429 Fulton Street LLC, 3902 Annadale Lane, LP, Belden Mall LLC, Bridgewater Commons Mall II, LLC, Broadstone CLE Illinois, LLC, Broward Mall LLC, Capital Mall LP, Centennial Real Estate Company, LLC, CenterCal Properties, LLC, Champlain Centre North LLC, Continental Realty, FR Del Monte, LLC, FR Grossmont, LLC, FRIT Florida, LLC, Federal Realty OP LP, GTM Denton, LTD., Gallatin Mall Group, L.L.C., KRE Colonie Owner, LLC, Northpark Mall Limited Partnership, PGIM Real Estate, Pacific QKC Management PR, LLC, Palm Desert Pacific Owner LLC, Pappas Laguna No. 2, L.P., Park Mall, L.L.C., Plaza West Covina LP, Poag Shopping Centers, LLC, Southlake Indiana LLC, Star-West Franklin Park Mall, LLC, Star-West Great Northern Mall LLC, Star-West Parkway Mall LP, The Forbes Company, The Macerich Company, and YTC Mall Owner, LLC*