# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 187 |

**ORDER (I) CONDITIONALLY
APPROVING THE ADEQUACY OF
THE DISCLOSURE STATEMENT, (II) APPROVING
(A) THE SOLICITATION AND VOTING PROCEDURES
AND (B) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
THEREWITH, (III) SCHEDULING A COMBINED HEARING AND SETTING
RELATED DATES AND DEADLINES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (a) conditionally approving the adequacy of the Disclosure Statement; (b) scheduling certain dates and deadlines with respect to the Combined Hearing; (c) establishing the Plan Objection Deadline and approving related procedures; (d) approving the Solicitation and Voting Procedures; (e) approving the form and manner of the Combined Hearing Notice; and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

**I.    Conditional Approval of the Disclosure Statement.**

3. The Disclosure Statement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved on a conditional basis as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with sections 105 and 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017. The Court will make a final ruling on the adequacy of the Disclosure Statement at the Combined Hearing.

4.     The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in <u>Article VIII</u> of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.    Approval of the Solicitation and Voting Procedures.**

5.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**, which are hereby approved in their entirety.

6.     Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest solely for purposes of voting to accept or reject the Plan shall have until ten (10) days from the later of (a) the distribution of the Combined Hearing Notice and (b) the filing of an objection to such Claim or Interest, to file such a motion. The Debtors and other parties in interest shall have until October 14, 2025 to file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

**III.   Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

   **A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

7.     The following dates are hereby established (subject to modification as necessary) with respect to solicitation of votes on the Plan and Confirmation of the Plan (all times prevailing Eastern Time):

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | September 2, 2025 |
| Voting Record Date | September 8, 2025 |
| Hearing on Conditional Approval of the Disclosure Statement | September 9, 2025 at 9:30 a.m. |

3

| Event | Date |
|---|---|
| Publication Deadline | Within two (2) business days following entry of the Order (or as soon as reasonably practicable thereafter) |
| Solicitation Deadline | September 15, 2025 (or as soon as reasonably practicable thereafter) |
| Plan Supplement Filing Deadline | October 7, 2025 |
| Voting Deadline | October 14, 2025 at 4:00 p.m. |
| Plan Objection Deadline | October 14, 2025 at 4:00 p.m. |
| Confirmation Brief and Plan Objection Reply Deadline | October 21, 2025 |
| Voting Report Filing Deadline | October 21, 2025 |
| Combined Hearing | October 29, 2025 at 2:00 p.m. |

**B.     Approval of the Form of and Distribution of the Solicitation Package to Parties Entitled to Vote on the Plan.**

8.     In addition to a copy of this Order, the Solicitation Package to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

   a.    the Ballots, substantially in the form attached hereto as **Exhibit 3A** and **Exhibit 3B**;[3]

   b.    the Cover Letter, including instructions to obtain access, free of charge, to the Plan and Disclosure Statement and the Order (without exhibits, except the Solicitation and Voting Procedures), substantially in the form attached hereto as **Exhibit 5**; and

   c.    the Combined Hearing Notice substantially in the form attached hereto as **Exhibit 6**.

9.     The Solicitation Package provides the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in

---

[3]    The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in a Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to such Voting Class.

accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10. The Debtors shall distribute the Solicitation Package by email, where available, and otherwise by notice sent by first-class U.S. mail, to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

11. Upon request of a Holder of a Claim entitled to vote on the Plan, the Notice and Claims Agent shall provide a hard copy of the Solicitation Package within four (4) business days of receipt of such request, or as soon as reasonably practicable thereafter. On or before the Solicitation Deadline, the Debtors shall provide (a) the complete Solicitation Package (other than a Ballot) to the U.S. Trustee and (b) the Order and the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

12. Any party that would prefer to receive materials in paper format may contact the Notice and Claims Agent and request paper copies of the materials (to be provided at the Debtors' expense).

13. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the Debtors, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballot, the Solicitation Package, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

14. The Notice and Claims Agent is also authorized to accept Ballots and Opt-In Forms via electronic online transmission solely through the E-Ballot Portal. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

15. All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to the voting instructions by: (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) via the E-Ballot Portal, so that the Ballots are actually received by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the Ballot. The Debtors are authorized to extend the Voting Deadline in their sole discretion and without further order of the Court.

16. The Notice and Claims Agent will retain the Ballots and electronic copies of the same for a period of one year after the Effective Date, whereupon, the Notice and Claims Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period or unless otherwise ordered by the Court.

C. **Approval of the Combined Hearing Notice.**

17. The Combined Hearing Notice constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

18.     The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, shall be filed by the Debtors and served, within four (4) business days following entry of this Order (or as soon as reasonably practicable thereafter), upon the U.S. Trustee, all Holders of filed and scheduled claims, parties listed on Schedule G of each Debtors' schedules and statements, and all parties on the 2002 List.

19.     In addition, the Debtors shall publish the Publication Notice one time, within two (2) business days after entry of this Order (or as soon as reasonably practicable thereafter), in *The New York Times* or another similar nationally circulated news publication.

        **D.**      **Approval of Notice of Filing of the Plan Supplement.**

20.     The Debtors are authorized to file and post the Plan Supplement on the Debtors' restructuring website at https://omniagentsolutions.com/Claires, which will be filed and posted on the date that is (a) no later than seven (7) days prior to the earlier of (i) the Voting Deadline or (ii) the deadline to object to Confirmation of the Plan or (b) such later date as may be approved by the Bankruptcy Court.

        **E.**      **Approval of the Form of Notices to Non-Voting Classes.**

21.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide the Solicitation Package to Holders of Claims in Non-Voting Classes.  Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall distribute by email, where available, and otherwise by mail (first-class postage prepaid), instructions to access the Notices of Non-Voting Status and Opt-In Form through the Debtors' restructuring website at https://omniagentsolutions.com/Claires, as applicable, in lieu of the Solicitation Package, the form of each attached hereto as **Exhibit 4A**, **Exhibit 4B**, or **Exhibit 4C**, respectively, of which is hereby approved, to those parties who are not entitled to vote on the Plan.  If such Holder requests a hard copy of the Notice of Non-Voting Status and Opt-In Form, then the Notice and Claims Agent shall

provide a hard copy within three (3) business days of receipt of such request, or as soon as reasonably practicable thereafter.

22. The Debtors are not required to distribute the Solicitation Package or other solicitation materials to the following: (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full pursuant to an order entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's approval of the Disclosure Statement was sent but was subsequently returned as undeliverable; or (c) Holders of Class 7 Intercompany Claims and Class 8 Intercompany Interests.

23. Notwithstanding anything to the contrary in the Disclosure Statement, Plan, or this Order, the Debtors shall cause a Notice of Non-Voting Status and Opt-In Form, to be served on all counterparties to Unexpired Leases, including previously rejected Unexpired Leases. Any such counterparty to an Unexpired Lease that receives such Notice of Non-Voting Status and Opt-In Form shall be eligible to submit an Opt-In Form by the Voting Deadline on account of such claims as may later be filed by the counterparty to such Unexpired Lease in accordance with the order, if any, granting the relief requested in the *Motion of Debtors Seeking Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 183].

F. **Approval of Assumption Notice.**

24. The Debtors are authorized to distribute by email, where available, and otherwise by first-class U.S. mail, an Assumption Notice of any Executory Contracts or Unexpired Leases, substantially in the form attached hereto as **Exhibit 8**, to the applicable counterparties to Executory

Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods specified in the Plan.

### G. Approval of the Procedures for Filing Objections to the Plan.

25. Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Additionally, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Combined Hearing Notice on or before **October 14, 2025 at 4:00 p.m.**, prevailing Eastern Time.

## IV. Miscellaneous.

26. The Debtors may make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Package, Notices of Non-Voting Status and Opt-In Form, Ballot, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Voting and Tabulation Procedures, and related documents after the entry of this Order without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before distribution.

27. The Debtors reserve the right to modify the Plan without further order of the Court in accordance with Article X of the Plan.

28. The Debtors reserve the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date without further order of the Court in accordance with Article X of the Plan.

29. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

30. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

32. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 9th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
**UNITED STATES BANKRUPTCY JUDGE**