IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 297 & 298** |
| | ) | |

**CERTIFICATION OF NO OBJECTION REGARDING
DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R.
BANKR. P. 2014(a) AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1 FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

The undersigned hereby certifies that the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have received no answer, objection, or any other responsive pleading with respect to the *Debtors' Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 2016, and Del. Del. Bankr. L.R. 2014-1 and 2016-1 for Entry of an Order (I) Authorizing the Retention and Employment of Richards, Layton & Finger, P.A. as Co-Counsel to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Sealed] (Docket No. 297) (the "Application")[2] filed by the Debtors with the United States Bankruptcy Court for the District of Delaware (the "Court") on August 29, 2025.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] The Debtors also filed an unredacted version of the Application at Docket No. 298.

The undersigned further certifies that they have reviewed the Court's docket in these cases and no answer, objection, or other responsive pleading to the Application appears thereon. Pursuant to the *Notice of Application and Hearing* filed with the Application, any objections or responses to the Application were to be filed no later than September 12, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Response Deadline").[3]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, at its earliest convenience.

Dated: September 17, 2025
Wilmington, Delaware

*/s/ Clint M. Carlisle*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Daniel J. DeFranceschi (No. 2732) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Paul N. Heath (No. 3704) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Zachary I. Shapiro (No. 5103) | Allyson B. Smith (admitted *pro hac vice*) |
| Clint M. Carlisle (No. 7313) | 601 Lexington Avenue |
| Colin A. Meehan (No. 7237) | New York, New York 10022 |
| One Rodney Square | Telephone:    (212) 446-4800 |
| 920 N. King Street | Facsimile:    (212) 446-4900 |
| Wilmington, Delaware 19801 | Email:    joshua.sussberg@kirkland.com |
| Telephone:    (302) 651-7700 |             allyson.smith@kirkland.com |
| Facsimile:    (302) 651-7701 | |
| Email:    defranceschi@rlf.com | - and - |
|           heath@rlf.com | |
|           shapiro@rlf.com | Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*) |
|           carlisle@rlf.com | Robert A. Jacobson (admitted *pro hac vice*) |
|           meehan@rlf.com | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:    alexandra.schwarzman@kirkland.com |
| |           rob.jacobson@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

---

[3] The Debtors agreed to extend the Response Deadline for the Office of the United States Trustee (the "U.S. Trustee") through September 19, 2025. Prior to the extended Response Deadline, the Debtors received an informal inquiry regarding the Application from the U.S. Trustee. The Debtors resolved the inquiry without the need for any modification to the proposed form of order submitted with the Application.

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) ) | Case No. 25-11454 (BLS) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) ) ) | **Re: Docket Nos. 297 & 298** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (i) authorizing the retention and employment of Richards, Layton & Finger, P.A. ("RL&F") as co-counsel to the Debtors effective as of the Petition Date and (ii) granting related relief, all as more fully set forth in the Application; and upon the Shapiro Declaration and the Cramer Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and having found that RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that RL&F has the capability and experience to provide the services described in the Application; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to employ and retain RL&F as co-counsel to the Debtors on the terms and conditions set forth in the Application and the Shapiro Declaration effective as of the Petition Date.

3. RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. RL&F shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of*

*November 1, 2013,* in connection with any interim and/or final fee application(s) to be filed by RL&F in these chapter 11 cases.

4. RL&F shall, to the extent it has not previously done so, first apply the Retainer to all prepetition invoices and, thereafter, any remaining balance of the Retainer shall be held by RL&F as security throughout the Debtors' bankruptcy cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

5. RL&F shall use its reasonable efforts and coordinate with the Debtors and the Debtors' other professionals to avoid the duplication of services provided by other professionals retained by the Debtors in these chapter 11 cases.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors and RL&F are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. In the event of any inconsistency between the Application, the Shapiro Declaration, the Cramer Declaration, and this Order, this Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.