IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) |
| | ) Case No. 25-11454 (BLS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 375** |

**OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACT AND TO THE PROPOSED CURE COSTS
OF VIACOM INTERNATIONAL INC.**

Viacom International Inc. ("Viacom"), by and through its undersigned counsel, hereby files this objection and reservation of rights (this "Objection") to the Debtors' proposed assumption and assignment of a certain merchandise agreement between Viacom and CBI Distributing Corp. In support of its Objection, Viacom respectfully states as follows:

**Background**

**A.    The Chapter 11 Cases**

1. On August 6, 2025 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

3.     On August 15, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors in these Cases.  (Docket No. 154).

**B.     The Merchandise Agreement**

4.     Prior to the Petition Date, CBI Distributing Corp. (the "Licensee") and Viacom entered into a Merchandise Agreement, effective as of April 1, 2022 (as subsequently amended, the "Merchandise Agreement"), pursuant to which Viacom granted the Licensee a non-exclusive license to manufacture and sell merchandise and other products bearing Viacom's intellectual property in accordance with the licenses set forth in the Merchandise Agreement.  Viacom and the Licensee subsequently agreed to amend the Merchandise Agreement twice.  The second amendment – Amendment B – was signed on January 14, 2025, with an effective date of October 1, 2024.[2]

5.     Pursuant to Section 20.1 of the Standard Terms and Conditions incorporated into the Merchandise Agreement, the Licensee may not assign the Merchandise Agreement to a third party without Viacom's express prior written approval, which approval and assignment shall include the payment of a "Transfer Fee" determined by the Licensor.  Any assignment in violation of the anti-assignment provisions is null and void *ab initio*.

6.     As of the Petition Date, the Licensee was indebted to Viacom in the amount of at least $72,313.10 on account of unpaid pre-petition royalties that are currently due and owing. Additional royalties have been incurred since the Petition Date.

---

[2] Copies of the Merchandise Agreement and the two amendments are not attached to this objection because they contain confidential and proprietary information and Viacom believes that the Licensee has complete copies in its possession.  Copies are available upon request to Viacom's counsel.

**C.     The Assumption Notice**

7.     On August 6, 2025, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (Docket No. 15).

8.     On September 8, 2025, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Docket No. 363).

9.     On September 8, 2025, the Debtors filed the *Second Supplemental Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (Docket No. 375) (the "Assumption Notice").

10.     The Assumption Notice lists the following contract with Viacom that the Debtors may seek to assume and assign together with the proposed cure amount.

| Counterparty | Title | Debtor Entity | Cure Amount |
| --- | --- | --- | --- |
| Viacom (SMURFS) | Merchandise Vendor Agreement | Claire's Holdings LLC | $0 |

11.     Pursuant to the Assumption Notice, any objection to the proposed assumption and assignment of an executory contract must be received by September 18, 2025, at 4:00 p.m. (prevailing Eastern Time).

**Objection**

**A.     The Merchandise Agreement May Not Be Assumed and Assigned Without Viacom's Consent**

12.     Section 365(c)(1) of the Bankruptcy Code prohibits a debtor from assuming or assigning a contract if applicable law excuses the non-debtor party to the contract from accepting performance from, or rendering performance to, a party other than the debtor. 11 U.S.C § 365(c)(1); *see, e.g., In re West Elecs., Inc.*, 852 F.2d 79, 82–83 (3d Cir. 1988) (a debtor cannot

assume a contract where applicable law prohibits assignment). Applicable law for purposes of Section 365(c)(1) of the Bankruptcy Code is any non-bankruptcy law applicable to the contract, including the law governing copyright licenses and trademarks. *See, e.g., In re Golden Books Family Entm't, Inc.*, 269 B.R. 300, 308–10 (Bankr. D. Del. 2001) (addressing copyright licenses); *In re Trump Ent. Resorts, Inc.*, 526 B.R. 116, 123 (Bankr. D. Del. 2015) (addressing trademark licenses). The law is well settled that non-exclusive copyright and trademark licenses may not be assigned without the licensor's consent. *In re Golden Books Family Entm't, Inc.*, 269 B.R. at 310; *In re Patient Educ. Media, Inc.*, 210 B.R. 237, 243 (Bankr. S.D.N.Y. 1997) (holding that a non-exclusive copyright license may not be assumed and assigned without the consent of the licensor); *In re XMH Corp.*, 647 F.3d 690, 695 (7th Cir. 2011) (holding that "the universal rule is that trademark licenses are not assignable in the absence of a clause expressly authorizing assignment.").

13. The Merchandise Agreement contains limited, non-exclusive trademark and copyright licenses, which may not be assigned under applicable law without Viacom's consent. Moreover, the Merchandise Agreement prohibits the Licensee from assigning the Merchandise Agreement to a third party without Viacom's express prior written consent. Accordingly, the Debtors may not assume and assign the Merchandise Agreement without Viacom's consent, which it has not yet given.

**B.** **The Licensee Must Pay All Amounts Due to Viacom Before They May Assume and Assign the Merchandise Agreement.**

14. Pursuant to Sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, a debtor must cure, or provide adequate assurance that it will promptly cure, all monetary and nonmonetary defaults under a contract prior to assuming or assigning the contract. 11 U.S.C. §§ 365(b)(1)(A), 365(f)(2)(A). The Assumption Notice lists a proposed cure amount of $0.00.

However, according to Viacom's books and records, Viacom is due at least $72,313.10 on account of unpaid pre-petition license fees plus any additional unreported royalties incurred since the Petition Date. The Debtors must pay these amounts and any transfer fee to Viacom before the Debtors may assume and assign the Merchandise Agreement to any third party.

### Reservation of Rights

15.    Viacom reserves the right to file a further or supplemental objection on any basis, including, without limitation, objections based on the identity of any successful bidder, the successful bidder's ability to provide adequate assurance, the performance necessary to cure monetary and nonmonetary defaults under the Merchandise Agreement (whether known or unknown at this time), the form of any asset purchase agreement, and the form of any order approving any sale. Viacom reserves the right to be heard and to present evidence at any hearing on the proposed sale or assignment, including by way of declaration or witness testimony.

### Conclusion

**WHEREFORE**, Viacom respectfully requests that the Court (i) deny assumption and assignment of the Merchandise Agreement absent Viacom's consent; (ii) deny assumption or assignment of the Merchandise Agreement unless the Debtor cures the existing defaults and pays the proper cure amount; and (iii) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 17, 2025 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>*/s/ Jody S. Barillare*<br>Jody C. Barillare, Esq. (#5107)<br>1201 N. Market Street, Suite 2201<br>Wilmington, Delaware 19801<br>Tel: 302-574-3000<br>jody.barillare@morganlewis.com<br><br>- and -<br><br>Stephan E. Hornung*<br>101 Park Avenue<br>New York, New York 10178-0060<br>Tel: 212-309-6000<br>stephan.hornung@morganlewis.com<br><br>\**pro hac vice* motion pending<br><br>*Attorneys for Viacom International Inc.* |

I hereby certify that on this 17th day of September 2025, a true and correct copy of the foregoing *Objection to Assumption and Assignment of Executory Contract and to the Proposed Cure Costs of Viacom International Inc.* was sent via ECF Noticing to all parties receiving ECF Notices in these chapter 11 cases.

                                                    */s/ Jody C. Barillare*
                                                    Jody C. Barillare, Esq.