## N THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: </br></br> CLAIRE'S HOLDINGS LLC, *et al.*, </br></br> Debtors. | **Chapter 11** </br></br> **Case No. 25-11454 (BLS)** </br></br> **(Jointly Administered)** </br></br> **Objection Date: September 18, 2025 at 4:00 PM** </br></br> **Docket Nos. 190, 375 & 427** |

### ORACLE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' SECOND SUPPLEMENTAL NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES

Oracle Corporation UK Limited and Oracle America, Inc. (jointly, "**Oracle**"), a creditor and contract counterparty in the above-captioned jointly administered Chapter 11 cases, submits this limited objection and reservation of rights ("**Rights Reservation**") regarding the *Second Supplemental Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* [Dkt No. 375] ("**Supplemental Assumption Notice**"), filed in connection with the *Motion of the Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [Dkt. No. 190] ("**Sale Motion**").

### I.   INTRODUCTION

1.   By the Sale Motion and the Supplemental Assumption Notice, Claire's Holdings, LLC, et al. ("**Debtors**"), seeks Bankruptcy Court authority to, among other things, assume and assign to AWS Claire's, LLC ("**Purchaser**"), certain executory contracts between the Debtors and Oracle. Oracle objects to the proposed assumption and assignment on multiple grounds.

2.   First, Oracle's agreements with Debtors are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreements and applicable law.

3.   Second, the Supplemental Assumption Notice does not provide an adequate description of the Oracle agreements the Debtors seek to assume and assign, rendering Oracle unable to confirm the cure amount owed. Oracle and the interested parties' representatives have recently been in communications to clarify which contracts are being assumed and assigned along, and the parties hope to come to an agreement. However, given the pending objection deadline, Oracle files this Rights Reservation to preserve its rights.

4.   Lastly, Oracle has not received adequate assurance information for the Purchaser. Oracle reserves on this point until such information is received and evaluated.

5.   Accordingly, Oracle requests that the Court deny the Debtors' request for authority to assume and assign any Oracle agreement, in the absence of obtaining Oracle's consent.

## II.   FACTUAL BACKGROUND

6.   The Debtors filed the above-captioned case on August 6, 2025, and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

7.   On August 20, 2025, the Debtors filed their Sale Motion. Pursuant to the Sale Motion, the Debtors propose to sell certain assets as a going concern.

8.   On August 20, 2025 and September 5, 2025, respectively, the Debtors filed their *Notice of Potential Assumption, or Assumption and Assignment of Certain Contracts and Leases* [Dkt. No. 446] and their *First Supplemental Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* ("**Assumption Notices**"). No Oracle contracts were identified in the Assumption Notices.

9. On September 8, 2025, the Debtors filed the Supplemental Assumption Notice which identifies numerous Oracle agreements between Oracle and Debtors, Claire's Holdings, LLC and Claire's Stores, Inc.[1] ("**Oracle Agreements**"). The stated cure amount for the Oracle Agreements is $40,318.68.

10. On September 10, 2025, the Court entered an Order [Dkt. No. 427] approving the sale of the Debtors' assets to the Purchaser, pursuant to the Sale Motion.

### III. ARGUMENT

#### A. The Debtors May Not Assume and Assign the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property.

11. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

12. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017)

---

[1] *See*, Schedule "1" to the Supplemental Assumption Notice at pg. 13 of 19.

(holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

13. The Oracle Agreements pertain to non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign the Oracle Agreements without Oracle's consent. For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption and assignment at this time.

> **B.    The Debtors Have Not Sufficiently Identified The Oracle Agreements To Be Assumed and Assigned.**

14. The Debtors' Supplemental Assumption Notice, does not adequately describe the Oracle Agreements the Debtors seek to assume and assign, rendering Oracle unable to determine which contracts are at issue. In most instances, the Supplemental Assumption Notice also fails to identify a support renewal and omits inclusion of an underlying master agreement. It is impermissible for the Debtors to segregate the underlying Oracle license agreement from the corresponding support agreement and master agreement for purposes of assumption and assignment, if that is the Debtors' intention. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008). An executory contract must be assumed in its entirety and, "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Techs.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)). Under California law,[2] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken

---

[2] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.").

together." Cal. Civ. Code § 1642. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transaction, they constitute integrated contracts which may not be separately assumed and assigned.

15. In order to determine which contracts the Debtors wish to assume and assign, Oracle requests that the Debtors specify the targeted contracts' (1) name and date; (2) identification number; (3) any associated support or support renewals; and (4) the governing license agreement. This information will enable Oracle to evaluate whether the Oracle Agreements are supported, expired, or in default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

16. Oracle reserves its right to be heard on this issue until after the Debtors specifically identify the Oracle Agreements they seek to assume and assign.

### C. The Debtors May Not Have Provided The Correct Cure Amount.

17. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of ) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Debtors have identified a $40,318.68 cure for several Oracle Agreements listed in the Supplemental Assumption Notice. However, without a complete description of the Oracle Agreements, Oracle is unable to determine the correct cure amount. Therefore, Oracle reserves its right to be heard further regarding the cure amount, until after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure.

### D. The Debtors Have Not Provided Adequate Assurance of Future Performance For the Purchaser.

18. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1). Oracle has not received adequate assurance information for the Purchaser.

19. To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtors provide the following information about the Purchaser or its assignee: (1) financial bona fides; (2) confirmation that the Purchaser is not an Oracle competitor; and (3) confirmation that the Purchaser will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle Agreements to be assigned; and, if appropriate (b) enter into an Oracle Master License Agreement. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.

20. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C).

## IV. CONCLUSION

21. For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for approval of assumption, or assumption and assignment, of the Oracle Agreements. Oracle reserves its right to be heard on all issues set forth herein.

Dated: September 17, 2025
Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:      /s/ James E. Huggett
James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone:  (302) 888-1112
E-mail:  jhuggett@margolisedelstein.com

Mark F. Magnozzi, Esq.
Benjamin Rachelson, Esq.
**THE MAGNOZZI LAW FIRM P.C.**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
E-mail: mmagnozzi@magnozzilaw.com

**BUCHALTER,**
**A Professional Corporation**
Shawn M. Christianson, Esq.
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone:  (415) 227-0900
E-mail:  schristianson@buchalter.com

**ORACLE AMERICA, INC.**
Peggy Bruggman, Esq.
Alice Miller, Esq.
500 Oracle Parkway
Redwood City, California 94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

**Attorneys for Oracle**