## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 363** |

### SIXTEENTH NOTICE OF REJECTION OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on September 8, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (a) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (b) granting related relief [Docket No. 363] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2** or

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]   Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

such other date as the Debtors and the counterparty or counterparties to any such Contract agree in writing (email being sufficient).[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts, or if applicable, to the abandonment of the Abandoned Property, must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than 14 days after the date the Debtors filed and served this Rejection Notice and promptly serve such objection on the following parties:  (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn.: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, PA, 920 N King Street, Wilmington, DE 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

---

[3]    The Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.  Further, the Rejection Date for a lease of non-residential real property rejected pursuant to the Rejection Procedures shall not occur earlier than the date the Debtors filed and served this Rejection Notice.

Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (f) counsel to the Committee: (i) McDermott Will & Schulte LLP, One Vanderbilt Avenue, New York, New York 10017, Attn.: Darren Azman (dazman@mwe.com), Kristin K. Going (kgoing@mwe.com), and Stacy A. Lutkus (salutkus@mwe.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn.: Justin R. Alberto (jalberto@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Melissa M. Hartlipp (mhartlipp@coleschotz.com) and 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, Attn.: Seth Van Aalten (svanaalten@coleschotz.com) and Sarah A. Carnes (scarnes@coleschotz.com); and (g) the applicable Rejection Counterparties (and upon such Rejection Counterparty's counsel, if known, by email). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in

**Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree in writing (email being sufficient).[4]

 **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least 10 days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of the applicable Rejection Date specified in a Court order, which may be the Rejection Date set forth in **Schedule 2** attached hereto or such other date to which the Debtors and the applicable Rejection Counterparty agree in writing, or as ordered by the Court.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree in writing (email being sufficient).

 **PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

 **PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the General

---

[4]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Procedures Order.

Bar Date and (b) 30 days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Contract.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU MAY BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  September 29, 2025
Wilmington, Delaware

/s/ Zachary I. Shapiro
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           defranceschi@rlf.com
                 heath@rlf.com
                 shapiro@rlf.com
                 carlisle@rlf.com
                 meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           joshua.sussberg@kirkland.com
                 allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Robert A. Jacobson (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           alexandra.schwarzman@kirkland.com
                 rob.jacobson@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*Co-Counsel for the Debtors and Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 15** |

### ORDER (I) AUTHORIZING AND APPROVING
### PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession
(collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the
Contract Procedures and (b) granting related relief, all as more fully set forth in the Motion; and
upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28
U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States
District Court for the District of Delaware, dated February 29, 2012; and this Court having found
that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that
this Court may enter a final order consistent with Article III of the United States Constitution; and
this Court having found that venue of this proceeding and the Motion in this district is proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in
the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing
Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada
Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416);
Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950);
CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road,
Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      The following Rejection Procedures are approved in connection with rejecting Contracts:

      a.      ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>" and, collectively, the "<u>Rejection Counterparties</u>"); (iv) the proposed effective date of rejection for each such Contract(s) (each, the "<u>Rejection Date</u>"); (v) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; (vii) for a real property lease, the store number and physical address of the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 in accordance with Bankruptcy Rule 6006.  Furthermore, the Rejection Notice shall include the proposed form of order (the "<u>Rejection Order</u>") approving the rejection of the Contracts, which shall be substantially in the form of <u>Schedule 3</u> attached to the Rejection Notice.  No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.    ***Service of the Rejection Notice.***  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in a proof of claim filed by such Rejection Counterparties, if any, or other pleading filed with the Court, or at the notice address provided in the applicable Contract, if any (and upon such Rejection Counterparty's counsel via email, if known), and all known parties who may have any interest in any applicable Abandoned Property (if any); and (ii) by first class mail, email, or fax, upon (A) the U.S. Trustee, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (B) the  Priority Term Loan Agent; (C) the Existing Term Loan Agent; (D) the Agent under the ABL Facility; (E) the  Committee;  (F) the  United  States  Attorney  for  the  District  of Delaware; (G) the Internal Revenue Service; (H) the state attorneys general for states in which the Debtors conduct business; and (I) any party that is entitled  to  notice  pursuant  to  Bankruptcy  Rule  2002  (collectively, the "<u>Master Notice Parties</u>").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection of a Contract, or if applicable, to the abandonment of the Abandoned Property, must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than 14 days after the date the Debtors  file  and  serve  the  relevant  Rejection  Notice  (the "<u>Rejection Objection Deadline</u>") and promptly serve such objection on the following parties  (collectively,  the "<u>Objection Service Parties</u>"):  (i) the  Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary  (michele.reilly@claires.com);  (ii) proposed  co-counsel  to  the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New  York  10022,  Attn.:  Allyson  B.  Smith (allyson.smith@kirkland.com)  and  333  West  Wolf  Point  Plaza, Chicago, Illinois  60654,  Attn.:  Alexandra  F.  Schwarzman,  P.C. (alexandra.schwarzman@kirkland.com)  and  Robert  A.  Jacobson (rob.jacobson@kirkland.com) and (B) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.:  Paul  N.  Heath  (heath@rlf.com)  and  Zachary  I.  Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com),  Amit  Trehan  (ATrehan@cahill.com),  and  Sean

---

[3]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (vi) the applicable Rejection Counterparties (and upon such Rejection Counterparty's counsel via email, if known); and (vii) any statutory committee appointed in these chapter 11 cases.

d. ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, including to the proposed abandonment of any Abandoned Property, the Debtors shall file a Rejection Order under a certificate of no objection or a certification of counsel (if applicable). Upon Court entry of such order, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree in writing (email being sufficient); *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e. ***Unresolved Timely Objections***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least 10 days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of the applicable Rejection Date specified in a Court order, which may be the Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree in writing, or as ordered by the Court.

f. ***Consent Orders***. Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g. **Removal from Schedule**.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, and will file a modified Rejection Notice with the Court with a blackline showing the changes.

h. **No Application of Security Deposits**.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i. **Abandoned Property**.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date with the prior written consent (email being sufficient) of the Directing Cash Collateral Agent (as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 221] (the "Interim DIP Order")) solely with respect to the Collateral (as defined in the Interim DIP Order), which consent shall be deemed given upon the entry of this Order, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property; *provided*, *however*, that Abandoned Property shall not include any hazardous materials or personally identifiable information.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or Counterparties may, in their sole discretion and without further notice to any third party or the Debtors or any order of this Court, utilize and/or dispose of such property without liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  To the extent requested by Rejection Counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Rejection Counterparty to facilitate such party's use or disposal of such Abandoned Property.  For the avoidance of doubt, nothing in this Order is intended to affect the rights of any party other than the Debtors (or any consenting third parties) in such Abandoned Property.  The rights of any other party in Abandoned Property, and the rights of the landlord regarding such Abandoned Property, will be governed by applicable non-bankruptcy law.

      j.     ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the General Bar Date[4] and (ii) 30 days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant may be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases or otherwise.

    4.     The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts other than the assumption and assignment or transfer of Contracts in connection with any Sale Transaction (as such term is defined in the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [Docket No. 190]):

      a.     ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume, or assume and assign, a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract or Contracts to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty" and, collectively, the "Assumption Counterparties"); (iv) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business; (viii) for a real property lease, the store number and physical address of the leased premises; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice shall include the proposed form of order (the "Assumption Order") approving the assumption  or assumption and assignment of the Contracts, which shall be substantially in the form of Schedule 3 to the Assumption Notice, and no

---

[4]    As set by order of the Court pursuant to the *Motion of Debtors Seeking Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 183].

Lease shall be deemed assumed absent entry of an applicable Assumption Order.

b. ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served regardless of the manner and means required for delivery of notices stated in the affected Contracts: (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract, if any (and upon the Assumption Counterparties' counsel, if known, by email), and (ii) by first class mail, email, or fax upon the Master Notice Parties.[5] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by email). For the avoidance of doubt, as adequate assurance, the Assignee(s) may be required to provide information including, but not limited to: (i) the exact name of the entity that will be designated as the proposed assignee of the applicable lease and any guarantor; (ii) the proposed name under which the proposed assignee intends to operate the store pursuant to the unexpired lease if not the current trade-name of the Debtors; (iii) audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2022, 2023, and 2024 and Q1 of 2025 for both the proposed assignee and any guarantors, tax returns, and bank account statements; (iv) a corporate organization chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable executory contracts and unexpired leases; (v) a description of the business to be conducted at the premises; (vi) a contact person for the proposed assignee; and (vii) proof of tail liability insurance coverage to the extent insurance coverage is required under the applicable lease.

c. ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with this Court and ***actually received*** by the Objection Service Parties no later than 14 days after the date the Debtors file and serve the

---

[5] The Debtors shall serve (email being sufficient) a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[6] An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d. ***No Objection Timely Filed***.  If no objection to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection or a certification of counsel (if applicable).  Upon Court entry of such order, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree in writing (email being sufficient), and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e. ***Unresolved Timely Objections***.  If, following a good-faith attempt to reach a resolution with the Debtors, an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least 10 calendar days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be assumed upon entry of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or if resolution is not reached and/or the objection is overruled by entry of a Court order or withdrawn, such Contract shall be assumed as of (i) the Assumption Date set forth in the Assumption Notice, (ii) such other date to which the Debtors and the counterparty to such Contract have agreed, or (iii) as ordered by this Court.

f. ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a consensual proposed form of Assumption Order under certification of counsel.

g. ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

5.    Subject to the entry of an Assumption Order, with regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy

Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual

commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to

or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement,

understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances

(x) that purport to give to any party a right or option to effect any forfeiture, modification, or

termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but

only in connection with the assignment by the Debtor to the Assignee) or (y) in respect of any

taxes); *provided* that the assignment of any Contract(s) shall be in accordance with the

requirements of section 365(b)(3) of the Bankruptcy Code, including, but not limited to, the

obligation of Assignee to not breach any such provision contained in any other lease, financing

agreement, or master agreement relating to the Contract(s); *provided*, *further*, that the assignment

of any Contract(s) shall not be free and clear of any accrued but unbilled or not due rent and charges

under a lease of non-residential real property including adjustments, reconciliations, and indemnity

obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as

agreed by and among the Debtors and the applicable Assignee; and (b) constitute a legal, valid,

and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles,

and interests to the applicable Contracts.[7]   For the avoidance of doubt, the Assignment of the

Contract(s) shall not be free and clear of easements, rights-of-way, and restrictive covenants, as

well as any reciprocal easement agreement or declaration of covenants and restrictions or other

similar land use agreement (each an "REA" and collectively the "REAs") or any ground or master

lease (each a "Master Lease" and collectively the "Master Leases") and any local law related to

---

[7]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable and such counterparties' defenses are similarly reserved.

the shopping center (collectively, the "Local Laws," together with the REAs and the Master Leases, the "Permitted Encumbrances") to which the Debtors were subject as of the closing date; *provided*, *however*, that, in all respects, Assignee shall assume all of the terms, conditions and covenants of the Lease as tenant under the applicable Lease, and agrees to assume, pay, perform and discharge all obligations and duties with respect to the Lease that accrue and become due on or after the closing date (the "Lease Obligations") except as set forth in this Order.

6. The Assumption Order shall provide that subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and 365(f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignees being responsible only for the post-assignment liabilities or defaults under the applicable Contracts, except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract. To the extent that the Assignee and landlord enter into a separate written agreement with respect to the rights governed herein, such agreement shall govern with respect to the rights and obligations of the Assignee and landlord; *provided*, *however*, that such agreement shall not impair or affect any rights of the Debtors or their estates.

7. The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are counterparties' defenses to such assertions.

8.      Subject to the entry of an Assumption Order, unless otherwise agreed, the Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

9.      The Assumption Order shall provide that the Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments with the written consent of the Assumption Counterparty to the applicable Contract.

10.     Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

11.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an implication or  admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than as approved in this Order; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a  waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens

(contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction, as are the counterparties' defenses to such assertions.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 8th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

12

## **Schedule 2**

## **Rejected Contracts**[1]

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 1 | TANGOE US, INC | CLAIRE'S HOLDINGS LLC | VERIZON WIRELESS LOA FOR TANGOE | 9/30/2025 |
| 2 | TANYA SHRINGARPURE | CLAIRE'S HOLDINGS LLC | MANAGEMENT EQUITY INCENTIVE PLAN AGREEMENT | 9/30/2025 |
| 3 | TANYA SHRINGARPURE | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 4 | TEAM COMPUTERS | CLAIRE'S STORES, INC. | AMENDMENT TO MASTER SERVICES AGREEMENT | 9/30/2025 |
| 5 | TEAM COMPUTERS | CLAIRE'S STORES, INC. | TECHNO-COMMERCIAL PROPOSAL | 9/30/2025 |
| 6 | TEAM COMPUTERS PRIVATE LIMITED | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 7 | TELAID INDUSTRIES, INC | CLAIRE'S HOLDINGS LLC | CLAIRE'S/WALMART NEW STORES | 9/30/2025 |
| 8 | TELAID INDUSTRIES, INC | CLAIRE'S HOLDINGS LLC | TELAID INDUSTIRES, INC - CLAIRE'S MIGRATION FROM CP TO PERMANENT INTERNET SERVICE | 9/30/2025 |
| 9 | TELAID INDUSTRIES, INC. | CLAIRE'S BOUTIQUES, INC. | CLAIRE'S/WALMART NEW STORES | 9/30/2025 |
| 10 | TELAID INDUSTRIES, INC. | CLAIRE'S BOUTIQUES, INC. | QUOTATION AND OFFER TO SELL | 9/30/2025 |
| 11 | TELECOM BROKERAGE INCORPERATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | CENTURYLINK LETTER OF AUTHORIZATION | 9/30/2025 |
| 12 | TELECOM BROKERAGE INCORPERATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | TBI - CLAIRES AND VERIZAON LOA (WALMART) | 9/30/2025 |
| 13 | TELECOM BROKERAGE INCORPERATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | TELECOM BROKERAGE INCORPORTATE | 9/30/2025 |
| 14 | TELLMORE INC. | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 15 | TEMP COOLER LLC | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 16 | TERMINIX INTERNATIONAL, INC.THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP | CLAIRE'S BOUTIQUES, INC. CLAIRE'S CANADA CORP. CLAIRE'S STORES, INC. | SUPPLIER AGREEMENT | 9/30/2025 |
| 17 | TERRY BASHARA | CLAIRE'S HOLDINGS LLC | MANAGEMENT EQUITY INCENTIVE PLAN AWARD AGREEMENT | 9/30/2025 |
| 18 | THE AMERICAN NATIONAL RED CROSS | CLAIRE'S BOUTIQUES, INC. | AMERICAN RED CROSS FULL SERVICE AGREEMENT | 9/30/2025 |
| 19 | THE AMERICAN NATIONAL RED CROSS | CLAIRE'S BOUTIQUES, INC. | FULL SERVICE AGREEMENT | 9/30/2025 |
| 20 | THE AMERICAN RED CROSS | CLAIRE'S BOUTIQUES, INC. | FULL SERVICE AGREEMENT | 9/30/2025 |
| 21 | THE CARLSON GROUP, INC. | CLAIRE'S BOUTIQUES, INC. CLAIRE'S STORES, INC. | CONTRACT FOR SERVICES | 9/30/2025 |
| 22 | THE CLOUD CONNECTORS, INC. | CLAIRE'S BOUTIQUES, INC. CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 23 | THE CLOUD CONNECTORS, INC. | CLAIRE'S STORES, INC. | PERSONAL DATA PROCESSING AGREEMENT | 9/30/2025 |
| 24 | THE CM&R GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | FIRST AMENDMENT TO CONSULTING AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 25 | THE CM&R GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | SECOND AMENDMENT TO CONSULTING AGREEMENT | 9/30/2025 |
| 26 | THE CREME SHOP | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 27 | THE CYBERSMILE FOUNDATION | CLAIRE'S BOUTIQUES, INC. | CHARITABLE PARTNERSHIP AGREEMENT | 9/30/2025 |
| 28 | THE CYBERSMILE FOUNDATION | CLAIRE'S BOUTIQUES, INC. | CHARITABLE PARTNERSHIP AGREEMENT | 9/30/2025 |
| 29 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 30 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 31 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 32 | THE INTELLIGENCE GROUP | CLAIRE'S BOUTIQUES, INC. | AGREEMENT BETWEEN CLAIRE'S AND THE INTELLIGENCE GROUP | 9/30/2025 |
| 33 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 34 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 35 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 36 | THE OFFICE OF EXPERIENCE, LLC | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 37 | THE ORB FACTORY LIMITED | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 38 | THE PARTNERS LLC | CLAIRE'S STORES, INC. | PROPOSAL FOR A NEW BRAND VISUAL IDENTITY | 9/30/2025 |
| 39 | THEME | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 40 | THEO KILLION | CLAIRE'S HOLDINGS LLC | AMENDED AND RESTATED RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 41 | THEOPHLIUS KILLION | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 42 | THEOPHLIUS KILLION | CLAIRE'S HOLDINGS LLC | UNIT GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 43 | THINK THROUGH DIGITAL LIMITED | CLAIRE'S STORES, INC. | CONSULTANCY AGREEMENT | 9/30/2025 |
| 44 | THOMSON REUTERS (MARKETS) LLC | CLAIRE'S STORES, INC. | ORDER FORM | 9/30/2025 |
| 45 | THOMSON REUTERS (MARKETS) LLC | CLAIRE'S STORES, INC. | THOMSON REUTERS SERVICES CONTRACT | 9/30/2025 |
| 46 | THREE CHAMPIONS (SHENZEN | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 47 | THYMOS HOLDING LTD | CLAIRE'S STORES, INC. | NON-DISCLOSURE AGREEMENT | 9/30/2025 |
| 48 | TIERNEY BROTHERS | CLAIRE'S HOLDINGS LLC | TIERNEY BROTHERS SALES ORDER TERMS AND CONDITIONS | 9/30/2025 |
| 49 | TIERNEY BROTHERS | CLAIRE'S HOLDINGS LLC | TIERNY BROTHERS MUTUAL NDA | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 50 | TIGERBEAT MEDIA LLC | CLAIRE'S BOUTIQUES, INC. | DISTRIBUTION AGREEMENT | 9/30/2025 |
| 51 | TIGERLOGIC INC. | CBI DISTRIBUTING CORP. CLAIRE'S STORES, INC. | POSTANO MASTER SERVICES AGREEMENT | 9/30/2025 |
| 52 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | CONDITIONS FOR CONTRACT 4620 (STORE 8650 MILAN) | 9/30/2025 |
| 53 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET AND PHONE LINE FOR 8635 BRIANZA | 9/30/2025 |
| 54 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8636 CENTRO COMMERCIALE CURNO. | 9/30/2025 |
| 55 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8637 BOLOGNA VIA INDIPENDENZA 60. | 9/30/2025 |
| 56 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8645 GRANDE SUD GIULIANO NAPLES. | 9/30/2025 |
| 57 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8646 NAPOLI VIA TOLDEO. | 9/30/2025 |
| 58 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8647 NAVE DE VERO. | 9/30/2025 |
| 59 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8650 MILAN BUENOS AIRES. | 9/30/2025 |
| 60 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | STORE 8634 INTERNET CONNECTION | 9/30/2025 |
| 61 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | TIM, S.P.A - NUMBER PUBLISHING AGREEMENT - STORE 8650 | 9/30/2025 |
| 62 | TIMOTHY MCCLURE | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 63 | TINA M PERONI | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 64 | TINA M. PERONI | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 65 | TONG YI ACCESS.(HONG KON | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 66 | TOVAR'S SNOW PROFESSIONALS | CLAIRE'S HOLDINGS LLC | SNOW & ICE MANAGEMENT | 9/30/2025 |
| 67 | TOWER TRAVEL MANAGEMENT, CORP. | CLAIRE'S BOUTIQUES, INC. | TRA MANAGEMENT SERVICES AGREEMENT | 9/30/2025 |
| 68 | TRACE, INC. D.B.A. ETHIXBASE 360 – US CORPORATION | CLAIRE'S STORES, INC. | SALES ORDER FORM | 9/30/2025 |
| 69 | TRACE3, LLC | CLAIRE'S HOLDINGS LLC | TRACE3 - NDA | 9/30/2025 |
| 70 | TRADEWIN | CLAIRE'S HOLDINGS LLC | SERVICE AGREEMENT | 9/30/2025 |
| 71 | TRANSLATOR, INC. | CLAIRE'S STORES, INC. | AMENDMENTONE TO CLOUD SERVICE AGREEMENT | 9/30/2025 |
| 72 | TRANSLATOR, INC. | CLAIRE'S STORES, INC. | CLOUD SERVICE AGREEMENT | 9/30/2025 |
| 73 | TRANSOFT GROUP LIMITED T/A ADVANCED | CLAIRE'S HOLDINGS LLC | TRANSOFT - UBL AND USQL LICENSE PROPOSAL | 9/30/2025 |
| 74 | TRAVELUX LTD | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 75 | TREE HUT | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 76 | TREND MICRO INCORPORATED | CLAIRE'S HOLDINGS LLC | TREND MICRO ANTI VIRUS RENEWAL | 9/30/2025 |
| 77 | TREND MICRO INCORPORATED | CLAIRE'S HOLDINGS LLC | TREND MICRO ANTI VIRUS RENEWAL | 9/30/2025 |
| 78 | TRIANGLE SIGN AND SERVICE, LLC | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 79 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDED AND RESTATED CONSULTANCY AGREEMENT | 9/30/2025 |
| 80 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT | 9/30/2025 |
| 81 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT | 9/30/2025 |
| 82 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT AND JOINDER AGREEMENT | 9/30/2025 |
| 83 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | CONSULTANCY AGREEMENT | 9/30/2025 |
| 84 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S BOUTIQUES, INC. | ORDER FORM | 9/30/2025 |
| 85 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S BOUTIQUES, INC. | ORDER FORM | 9/30/2025 |
| 86 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S HOLDINGS LLC | SERVICE AGREEMENT | 9/30/2025 |
| 87 | TRUESOURCE FKA SMI | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 88 | TRUESOURCE, LLC | CLAIRE'S BOUTIQUES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 89 | TRUESOURCE, LLC | CLAIRE'S BOUTIQUES, INC. | SCOPE OF WORK | 9/30/2025 |
| 90 | TUNG HING PLASTIC(SHENZH | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 91 | TVS NEXT | CLAIRE'S HOLDINGS LLC | TVS NEXT NDA | 9/30/2025 |
| 92 | TWENTIETH CENTURY FOX LICENSING AND MERCHANDISING | CLAIRE'S BOUTIQUES, INC. | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT | 9/30/2025 |
| 93 | TWO BOYS DESIGNS INC | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 94 | TWO BOYS DESIGNS(NINGBO) | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 95 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 96 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 97 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 98 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 99 | TY INC. | CLAIRE'S BOUTIQUES, INC. | MERCHANDISE DISPLAY AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 100 | U&I FASHION (HAIPHONG) | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |

## <u>Schedule 3</u>

**Proposed Rejection Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 363** |

## SIXTEENTH ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 363] (the "Procedures Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the schedule attached hereto as **Exhibit 1** (the "Rejection Schedule"), in accordance with the terms of the Procedures Order; and no timely objections have been filed to the rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree in writing (email being sufficient); *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth on **Exhibit 1** and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises as of the date of such writing and, as applicable, (a) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such affected landlord or such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the property has been surrendered and that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to the Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date with the prior written consent (email being sufficient) of the Directing Cash Collateral Agent (as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 419] (the "<u>Final DIP Order</u>")) solely with respect to the Collateral (as defined in the Final DIP Order), which consent shall be deemed given upon the entry of this Order, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The personal property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such personal property without notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.      The rights of the counterparties to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims. Notwithstanding any other provision of this Order, (a) the Debtors are not authorized to abandon, and are directed to remove, any hazardous materials as defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law, and (b) to the extent the Debtors seek to abandon personal property that contains any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal or confidential information about the Debtors' employees or customers, or any other individual

(the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

4.      Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (a) the General Bar Date and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant may be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

5.      Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an implication or  admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease not listed on the Rejection Schedule pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy

4

under section 365 of the Bankruptcy Code (except for the Contracts set forth on the Rejection Schedule); (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease (except for the Contracts set forth on the Rejection Schedule).

6.        Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and 6006(c) and the Local Rules are satisfied by such notice.

7.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

9.        This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Rejected Contracts**[1]

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

Claire's Stores, Inc
Contract Rejection Notice

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 1 | TANGOE US, INC | CLAIRE'S HOLDINGS LLC | VERIZON WIRELESS LOA FOR TANGOE | 9/30/2025 |
| 2 | TANYA SHRINGARPURE | CLAIRE'S HOLDINGS LLC | MANAGEMENT EQUITY INCENTIVE PLAN AGREEMENT | 9/30/2025 |
| 3 | TANYA SHRINGARPURE | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 4 | TEAM COMPUTERS | CLAIRE'S STORES, INC. | AMENDMENT TO MASTER SERVICES AGREEMENT | 9/30/2025 |
| 5 | TEAM COMPUTERS | CLAIRE'S STORES, INC. | TECHNO-COMMERCIAL PROPOSAL | 9/30/2025 |
| 6 | TEAM COMPUTERS PRIVATE LIMITED | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 7 | TELAID INDUSTRIES, INC | CLAIRE'S HOLDINGS LLC | CLAIRE'S/WALMART NEW STORES | 9/30/2025 |
| 8 | TELAID INDUSTRIES, INC | CLAIRE'S HOLDINGS LLC | TELAID INDUSTIRES, INC - CLAIRE'S MIGRATION FROM CP TO PERMANENT INTERNET SERVICE | 9/30/2025 |
| 9 | TELAID INDUSTRIES, INC. | CLAIRE'S BOUTIQUES, INC. | CLAIRE'S/WALMART NEW STORES | 9/30/2025 |
| 10 | TELAID INDUSTRIES, INC. | CLAIRE'S BOUTIQUES, INC. | QUOTATION AND OFFER TO SELL | 9/30/2025 |
| 11 | TELECOM BROKERAGE INCORPORATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | CENTURYLINK LETTER OF AUTHORIZATION | 9/30/2025 |
| 12 | TELECOM BROKERAGE INCORPORATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | TBI - CLAIRES AND VERIZAON LOA (WALMART) | 9/30/2025 |
| 13 | TELECOM BROKERAGE INCORPORATED (TBI, INC) | CLAIRE'S HOLDINGS LLC | TELECOM BROKERAGE INCORPORTATE | 9/30/2025 |
| 14 | TELLMORE INC. | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 15 | TEMP COOLER LLC | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 16 | TERMINIX INTERNATIONAL, INC.THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP | CLAIRE'S BOUTIQUES, INC. CLAIRE'S CANADA CORP. CLAIRE'S STORES, INC. | SUPPLIER AGREEMENT | 9/30/2025 |
| 17 | TERRY BASHARA | CLAIRE'S HOLDINGS LLC | MANAGEMENT EQUITY INCENTIVE PLAN AWARD AGREEMENT | 9/30/2025 |
| 18 | THE AMERICAN NATIONAL RED CROSS | CLAIRE'S BOUTIQUES, INC. | AMERICAN RED CROSS FULL SERVICE AGREEMENT | 9/30/2025 |
| 19 | THE AMERICAN NATIONAL RED CROSS | CLAIRE'S BOUTIQUES, INC. | FULL SERVICE AGREEMENT | 9/30/2025 |
| 20 | THE AMERICAN RED CROSS | CLAIRE'S BOUTIQUES, INC. | FULL SERVICE AGREEMENT | 9/30/2025 |
| 21 | THE CARLSON GROUP, INC. | CLAIRE'S BOUTIQUES, INC. CLAIRE'S STORES, INC. | CONTRACT FOR SERVICES | 9/30/2025 |
| 22 | THE CLOUD CONNECTORS, INC. | CLAIRE'S BOUTIQUES, INC. CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 23 | THE CLOUD CONNECTORS, INC. | CLAIRE'S STORES, INC. | PERSONAL DATA PROCESSING AGREEMENT | 9/30/2025 |
| 24 | THE CM&R GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | FIRST AMENDMENT TO CONSULTING AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 25 | THE CM&R GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | SECOND AMENDMENT TO CONSULTING AGREEMENT | 9/30/2025 |
| 26 | THE CREME SHOP | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 27 | THE CYBERSMILE FOUNDATION | CLAIRE'S BOUTIQUES, INC. | CHARITABLE PARTNERSHIP AGREEMENT | 9/30/2025 |
| 28 | THE CYBERSMILE FOUNDATION | CLAIRE'S BOUTIQUES, INC. | CHARITABLE PARTNERSHIP AGREEMENT | 9/30/2025 |
| 29 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 30 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 31 | THE GLOVER PARK GROUP, LLC | CLAIRE'S STORES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 32 | THE INTELLIGENCE GROUP | CLAIRE'S BOUTIQUES, INC. | AGREEMENT BETWEEN CLAIRE'S AND THE INTELLIGENCE GROUP | 9/30/2025 |
| 33 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 34 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 35 | THE KROGER CO. | CLAIRE'S HOLDINGS LLC | SCAN-BASED TRADING AGREEMENT | 9/30/2025 |
| 36 | THE OFFICE OF EXPERIENCE, LLC | CLAIRE'S STORES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 37 | THE ORB FACTORY LIMITED | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 38 | THE PARTNERS LLC | CLAIRE'S STORES, INC. | PROPOSAL FOR A NEW BRAND VISUAL IDENTITY | 9/30/2025 |
| 39 | THEME | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 40 | THEO KILLION | CLAIRE'S HOLDINGS LLC | AMENDED AND RESTATED RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 41 | THEOPHLIUS KILLION | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 42 | THEOPHLIUS KILLION | CLAIRE'S HOLDINGS LLC | UNIT GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 43 | THINK THROUGH DIGITAL LIMITED | CLAIRE'S STORES, INC. | CONSULTANCY AGREEMENT | 9/30/2025 |
| 44 | THOMSON REUTERS (MARKETS) LLC | CLAIRE'S STORES, INC. | ORDER FORM | 9/30/2025 |
| 45 | THOMSON REUTERS (MARKETS) LLC | CLAIRE'S STORES, INC. | THOMSON REUTERS SERVICES CONTRACT | 9/30/2025 |
| 46 | THREE CHAMPIONS (SHENZEN | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 47 | THYMOS HOLDING LTD | CLAIRE'S STORES, INC. | NON-DISCLOSURE AGREEMENT | 9/30/2025 |
| 48 | TIERNEY BROTHERS | CLAIRE'S HOLDINGS LLC | TIERNEY BROTHERS SALES ORDER TERMS AND CONDITIONS | 9/30/2025 |
| 49 | TIERNEY BROTHERS | CLAIRE'S HOLDINGS LLC | TIERNY BROTHERS MUTUAL NDA | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 50 | TIGERBEAT MEDIA LLC | CLAIRE'S BOUTIQUES, INC. | DISTRIBUTION AGREEMENT | 9/30/2025 |
| 51 | TIGERLOGIC INC. | CBI DISTRIBUTING CORP. CLAIRE'S STORES, INC. | POSTANO MASTER SERVICES AGREEMENT | 9/30/2025 |
| 52 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | CONDITIONS FOR CONTRACT 4620 (STORE 8650 MILAN) | 9/30/2025 |
| 53 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET AND PHONE LINE FOR 8635 BRIANZA | 9/30/2025 |
| 54 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8636 CENTRO COMMERCIALE CURNO. | 9/30/2025 |
| 55 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8637 BOLOGNA VIA INDIPENDENZA 60. | 9/30/2025 |
| 56 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8645 GRANDE SUD GIULIANO NAPLES. | 9/30/2025 |
| 57 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8646 NAPOLI VIA TOLDEO. | 9/30/2025 |
| 58 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8647 NAVE DE VERO. | 9/30/2025 |
| 59 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | INTERNET CONNECTION WITH T.I.M. FOR STORE 8650 MILAN BUENOS AIRES. | 9/30/2025 |
| 60 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | STORE 8634 INTERNET CONNECTION | 9/30/2025 |
| 61 | TIM, S.P.A | CLAIRE'S HOLDINGS LLC | TIM, S.P.A - NUMBER PUBLISHING AGREEMENT - STORE 8650 | 9/30/2025 |
| 62 | TIMOTHY MCCLURE | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 63 | TINA M PERONI | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 64 | TINA M. PERONI | CLAIRE'S HOLDINGS LLC | RSU GRANT NOTICE AND AGREEMENT | 9/30/2025 |
| 65 | TONG YI ACCESS.(HONG KON | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 66 | TOVAR'S SNOW PROFESSIONALS | CLAIRE'S HOLDINGS LLC | SNOW & ICE MANAGEMENT | 9/30/2025 |
| 67 | TOWER TRAVEL MANAGEMENT, CORP. | CLAIRE'S BOUTIQUES, INC. | TRA MANAGEMENT SERVICES AGREEMENT | 9/30/2025 |
| 68 | TRACE, INC. D.B.A. ETHIXBASE 360 – US CORPORATION | CLAIRE'S STORES, INC. | SALES ORDER FORM | 9/30/2025 |
| 69 | TRACE3, LLC | CLAIRE'S HOLDINGS LLC | TRACE3 - NDA | 9/30/2025 |
| 70 | TRADEWIN | CLAIRE'S HOLDINGS LLC | SERVICE AGREEMENT | 9/30/2025 |
| 71 | TRANSLATOR, INC. | CLAIRE'S STORES, INC. | AMENDMENTONE TO CLOUD SERVICE AGREEMENT | 9/30/2025 |
| 72 | TRANSLATOR, INC. | CLAIRE'S STORES, INC. | CLOUD SERVICE AGREEMENT | 9/30/2025 |
| 73 | TRANSOFT GROUP LIMITED T/A ADVANCED | CLAIRE'S HOLDINGS LLC | TRANSOFT - UBL AND USQL LICENSE PROPOSAL | 9/30/2025 |
| 74 | TRAVELUX LTD | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 75 | TREE HUT | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 76 | TREND MICRO INCORPORATED | CLAIRE'S HOLDINGS LLC | TREND MICRO ANTI VIRUS RENEWAL | 9/30/2025 |
| 77 | TREND MICRO INCORPORATED | CLAIRE'S HOLDINGS LLC | TREND MICRO ANTI VIRUS RENEWAL | 9/30/2025 |
| 78 | TRIANGLE SIGN AND SERVICE, LLC | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 79 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDED AND RESTATED CONSULTANCY AGREEMENT | 9/30/2025 |
| 80 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT | 9/30/2025 |
| 81 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT | 9/30/2025 |
| 82 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | AMENDMENT TO CONSULTANCY AGREEMENT AND JOINDER AGREEMENT | 9/30/2025 |
| 83 | TRIVENTURE GROUP, LLC | CLAIRE'S BOUTIQUES, INC. | CONSULTANCY AGREEMENT | 9/30/2025 |
| 84 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S BOUTIQUES, INC. | ORDER FORM | 9/30/2025 |
| 85 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S BOUTIQUES, INC. | ORDER FORM | 9/30/2025 |
| 86 | TRUECOMMERCE (COVENTRY) LIMITED | CLAIRE'S HOLDINGS LLC | SERVICE AGREEMENT | 9/30/2025 |
| 87 | TRUESOURCE FKA SMI | CLAIRE'S HOLDINGS LLC | MAINTENANCE SERVICE AGREEMENT | 9/30/2025 |
| 88 | TRUESOURCE, LLC | CLAIRE'S BOUTIQUES, INC. | MASTER SERVICES AGREEMENT | 9/30/2025 |
| 89 | TRUESOURCE, LLC | CLAIRE'S BOUTIQUES, INC. | SCOPE OF WORK | 9/30/2025 |
| 90 | TUNG HING PLASTIC(SHENZH | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 91 | TVS NEXT | CLAIRE'S HOLDINGS LLC | TVS NEXT NDA | 9/30/2025 |
| 92 | TWENTIETH CENTURY FOX LICENSING AND MERCHANDISING | CLAIRE'S BOUTIQUES, INC. | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT | 9/30/2025 |
| 93 | TWO BOYS DESIGNS INC | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 94 | TWO BOYS DESIGNS(NINGBO) | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |
| 95 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 96 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 97 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 98 | TY INC. | CLAIRE'S BOUTIQUES, INC. | LETTER AGREEMENT | 9/30/2025 |
| 99 | TY INC. | CLAIRE'S BOUTIQUES, INC. | MERCHANDISE DISPLAY AGREEMENT | 9/30/2025 |

| # | Rejection Counterparty | Debtor Counterparty | Description of Contract | Rejection Date |
|---|---|---|---|---|
| 100 | U&I FASHION (HAIPHONG) | CLAIRE'S HOLDINGS LLC | MERCHANDISE VENDOR AGREEMENT | 9/30/2025 |