## Exhibit D

**Identity of Liquidating Trustee and Trust Agreement**

# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (this "<u>Agreement</u>") is made and entered into, as of the Effective Date (as defined herein), by and among Claire's Holdings LLC; BMS Distributing Corp.; CBI Distributing Corp.; Claire's (Gibraltar) Holdings Limited; Claire's Boutiques, Inc.; Claire's Canada Corp.; Claire's Intellectual LLC; Claire's Puerto Rico Corp.; Claire's Stores, Inc.; Claire's Swiss Holdings II LLC; Claire's Swiss Holdings LLC ; CLSIP Holdings LLC; CLSIP LLC; and CSI Canada LLC (collectively, the "<u>Debtors</u>"), and META Advisors, LLC (the "<u>Liquidating Trustee</u>," and collectively with the Debtors, the "<u>Parties</u>").

# RECITALS

WHEREAS, on August 6, 2025, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>");

WHEREAS, the Debtors filed with the Bankruptcy Court the *Second Amended Joint Chapter 11 Plan of Claire's Holdings LLC and its Debtor Affiliates* dated as of October [●], 2025 (together with all exhibits thereto, including without limitation, the Plan Supplement, as the same may be amended, modified or supplemented, the "<u>Plan</u>");[1]

WHEREAS, pursuant to the [●] (the "<u>Confirmation Order</u>") [Docket No. [●]] entered on [October] [●], 2025, the Bankruptcy Court confirmed the Plan;

WHEREAS, on [●], 2025 (the "<u>Effective Date</u>"), the conditions to effectiveness of the Plan were satisfied and the Plan became effective;

WHEREAS, under the terms of the Plan, on the Effective Date, the Liquidating Trust Assets were transferred to and vested in the Liquidating Trust;

WHEREAS, the Liquidating Trust was established pursuant to Article IV of the Plan to, among other things, (a) receive and hold the Liquidating Trust Assets; (b) administer, dispute, object to, compromise, or otherwise resolve all Claims and Interests; (c) make distributions in accordance with the Plan and this Agreement; (d) maximize recoveries for the Beneficiaries (the "<u>Liquidating Trust Beneficiaries</u>"); (e) perform all actions reasonably requested by the Purchaser to complete all of the Debtors' outstanding obligations under the Transaction Documents as successor to the Debtors; and (f) investigate, and if necessary, pursue, prosecute, resolve, compromise, and/or settle any Retained Causes of Action  and manage and administer any proceeds thereof;

WHEREAS, under the terms of the Plan, to the extent not paid prior to the Effective Date, the Liquidating Trustee is also authorized and required to make distributions to Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims, Allowed Other Priority Claims, Allowed Prepetition ABL Claims, Allowed Prepetition Priority Term Loan

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Confirmation Order, as applicable.

Claims, and Allowed Prepetition Existing Term Loan Claims from the Debtors' Cash reserved for such Claims;

WHEREAS, the Liquidating Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries and to implement the Plan pursuant to the terms of the Plan and this Agreement; and

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and mutual covenants and agreements contained herein, the Parties hereto agree as follows:

## DECLARATION OF TRUST

The Debtors hereby absolutely transfer and assign to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title, and interest of the Debtors in and to the Liquidating Trust Assets free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as may be otherwise provided for in the Plan;

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Liquidating Trust Beneficiaries, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article V hereof, this Agreement shall cease, terminate, and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidating Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions set forth herein.

## ARTICLE I
## NAME; PURPOSE; LIQUIDATING TRUST ASSETS

1.1     Name of Trust.    The trust created by this Agreement shall be known as the "Claire's Liquidating Trust" (hereinafter, the "Liquidating Trust").

1.2     Transfer of Liquidating Trust Assets.    In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their Estates shall be deemed to transfer, assign, and convey to the Liquidating Trust Beneficiaries the Liquidating Trust Assets, followed by a deemed transfer by such Liquidating Trust Beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the Liquidating Trust Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan.

1.3     <u>Title to the Liquidating Trust Assets</u>.  Pursuant to the Plan, all of the Debtors' right, title, and interest in and to the Liquidating Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidating Trust on the Effective Date free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as specifically provided for in the Plan.  The transfer of the Liquidating Trust Assets is on behalf of the Liquidating Trust Beneficiaries to establish the Liquidating Trust.  The Liquidating Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Liquidating Trust Assets, including any such assets in the possession or control of third parties, and pursue, assert, and/or exercise all rights of setoffs and recoupment and defenses of the Debtors to any counterclaims that may be asserted by any and all defendants as to any Claims or Interests.  On the Effective Date, the Liquidating Trust shall stand in the shoes of the Debtors for all purposes with respect to the Liquidating Trust Assets.  To the extent any law or regulation prohibits the transfer of ownership of any of the assets to be transferred from the Debtors to the Liquidating Trust and such law is not superseded by the Bankruptcy Code, the Liquidating Trust's interest shall be a lien upon and security interest in such assets, in trust, nevertheless, for the sole use and purposes set forth in this Agreement, and this Agreement shall be deemed a security agreement granting such interest thereon without the need to file financing statements or mortgages.  By executing this Agreement, the Liquidating Trustee, on behalf of the Liquidating Trust, hereby accepts all such property as assets to be held in trust for the Liquidating Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

1.4     <u>Purposes</u>.  The Debtors and the Liquidating Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Liquidating Trust in furtherance of the Plan and for the purpose of (a) receiving and holding the Liquidating Trust Assets; (b) administering, disputing, objecting to, compromising, or otherwise resolving all Claims and Interests; (c) making distributions in accordance with the Plan and this Agreement; (d) maximizing recoveries for the Liquidating Trust Beneficiaries; (e) performing all actions reasonably requested by the Purchaser to complete all of the Debtors' outstanding obligations under the Transaction Documents as successor to the Debtors; and (f) investigating, and if necessary, pursuing, prosecuting, resolving, compromising, and/or settling any Retained Causes of Action and managing and administering any proceeds thereof, in each case, with no objective to continue or engage in the conduct of a trade or business.

1.5     <u>Acceptance by the Liquidating Trustee</u>.  The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to the Plan and this Agreement and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by the Plan and this Agreement, including without limitation, to accept, hold, and administer the Liquidating Trust Assets and otherwise carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein and in the Plan.

## ARTICLE II
## RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE

2.1     <u>General</u>.  As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Liquidating Trust Assets, and subject to the provisions hereof and in the Plan, shall have full right, power, and discretion to manage the affairs of the Liquidating Trust.  Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance

of the purpose hereof and of the Plan and to execute, deliver, file or record any and all documents, contracts, instruments, releases, and other agreements that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of the Liquidating Trustee's duties hereunder.  On and after the Effective Date, the Liquidating Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidating Trust Assets (and the distribution of the proceeds thereof), the resolution of Claims and Interests, the investigation, and if necessary, pursuit, prosecution, resolution, compromise, and/or settlement of any Retained Causes of Action, and the winding down, liquidation or dissolution of the post-Effective Date Debtors and their wholly-owned subsidiaries, as contemplated by the Plan, including without limitation:

(a)    To preserve and liquidate the Liquidating Trust Assets;

(b)    To administer and pay taxes, including, among other things, (1) preparing and filing appropriate tax returns and information statements associated therewith for the Debtors and Liquidating Trust and (2) representing the interests and accounts of the Debtors and Liquidating Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding, or audit;

(c)    To engage and compensate, without prior Bankruptcy Court order or approval, employees and professionals to assist the Liquidating Trustee with respect to its responsibilities;

(d)    To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to prepare and file all monthly operating reports due after the Effective Date and all post-confirmation reports as required by the U.S. Trustee;

(e)    To file an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Cases;

(f)    To wind-down, liquidate or otherwise dissolve the post-Effective Date Debtors and their wholly-owned subsidiaries, without the necessity for any other or further actions to be taken by or on behalf of such dissolving Entity or its shareholder or any payments to be made in connection therewith, other than the filing of a certificate of dissolution with the appropriate governmental authorities, pursuant to Section 303 of the Delaware General Corporation Law codified at title 8 of the Delaware Code or other applicable state or foreign law;

(g)    To make distributions to Professionals for Allowed Professional Fee Claims, including from the Professional Fee Escrow Account;

(h)    To pay or otherwise satisfy Allowed Claims in accordance with the Waterfall Recovery established by the Plan;

(i)    To invest funds and Cash of the Liquidating Trust in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by this Agreement in accordance with the investment and deposit guidelines set forth in this Agreement;

(j)     To investigate (including pursuant to Bankruptcy Rule 2004), and if necessary, pursue, prosecute, resolve, compromise, and/or settle any Retained Causes of Action without notice to or approval of the Bankruptcy Court, participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding, litigate or settle such Retained Causes of Action on behalf of the Liquidating Trust, and pursue to settlement or judgment such actions;

(k)     To prosecute or object to any Claims and Interests (other than those Claims deemed to be Allowed on the Effective Date), estimate, defend, compromise and/or settle any such Claims and Interests prior to or following objection, including without limitation, the power to seek subordination or recharacterization of Claims by objection, motion, or adversary proceeding, as applicable;

(l)     To commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by any of the Debtors, with like effect as if authorized, exercised, and taken by the Debtors;

(m)     To open and maintain bank and other deposit accounts, escrows, and other accounts, calculate and implement distributions to Liquidating Trust Beneficiaries as provided for or contemplated by the Plan, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves;

(n)     To take all actions as may be necessary or appropriate to effectuate the Wind-Down Transactions as contemplated in Article IV.E of the Plan;

(o)     To make distributions to the Liquidating Trust Beneficiaries, as contemplated by the Plan;

(p)     To make distributions to Holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims, Allowed Other Priority Claims, Allowed Prepetition ABL Claims, Allowed Prepetition Priority Term Loan Claims, and Allowed Prepetition Existing Term Loan Claims from the Debtors' cash reserved for such Claims in accordance with the Waterfall Recovery, to the extent such Claims were not paid prior to the Effective Date;

(q)     To distribute Form W-2s and Form 1099s to former employees and contractors of the Debtors for calendar year 2025;

(r)     To file various reports with government agencies with respect to employee benefit plans for calendar year 2025;

(s)     To collect any accounts receivable or other claims and assets of the Debtors or their Estates not otherwise disposed of pursuant to the Plan or transferred pursuant to the Transaction Documents;

(t)      To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Liquidating Trustee thereunder;

(u)      To abandon in any commercially reasonable manner, including abandonment or donation to charitable organizations, any assets that the Liquidating Trustee concludes are of no benefit to the Liquidating Trust Beneficiaries or are too impractical to distribute;

(v)      To purchase or create and carry all appropriate insurance policies, employee benefit plans, bonds or other means of assurance and protection of the Liquidating Trust Assets and the employees of the Liquidating Trust and pay all insurance premiums and other costs the Liquidating Trustee deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee;

(w)      To implement and/or enforce all provisions of the Plan;

(x)      To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets;

(y)      To implement or otherwise continue adherence with the Transition Services Agreement, including pursuant to any Sale Transaction, if applicable.

(z)      To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan and/or winding down, liquidating, or otherwise dissolving the post-Effective Date Debtors and their wholly-owned subsidiaries; and

(aa)      To amend, modify or alter this Agreement in the Liquidating Trustee's sole discretion without order of the Bankruptcy Court so long as such amendment, modification or alteration of the Agreement is consistent with the Liquidating Trust's purpose and the Liquidating Trustee's duties under the Agreement or by order of the Bankruptcy Court; *provided*, *however*, that such amendments, supplements or waivers shall not adversely affect one Liquidating Trust Beneficiary or class of Liquidating Trust Beneficiaries relative to another, adversely affect the distributions to any of the Liquidating Trust Beneficiaries on account of Liquidating Trust Assets, or adversely affect the U.S. federal income tax status of the Liquidating Trust as a "liquidating trust"; (ii) comply with any requirements in connection with the U.S. federal income tax status of the Liquidating Trust as a "liquidating trust," or, consistent with the terms of this Agreement, as a partnership; (iii) comply with any requirements in connection with maintaining that the Liquidating Trust is not subject to registration or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act, or the Investment Company Act; and (iv) make the Liquidating Trust a reporting entity and, in such event, to comply with or seek relief from any requirements in connection with satisfying the registration or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act, or the Investment Company Act.  Any substantive provision of this Agreement may be amended or waived by the Liquidating Trustee only with the approval of the Bankruptcy Court (upon ECF notice and an opportunity for a hearing).

Other than the obligations of the Liquidating Trustee enumerated or referred to under the Plan or this Agreement, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2    <u>Privileges</u>

(a)    All attorney-client privileges, work product protections, and other privileges, immunities or protections from disclosure (the "<u>Privileges</u>") held by any one or more of the applicable Debtors (including any pre-petition or post-petition committee or subcommittee of the board of managers or equivalent governing body of any of the Debtors and their predecessors) and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed the Chapter 11 Cases (together the "<u>Privilege Transfer Parties</u>") related in any way to the Liquidating Trust Assets and the purpose of the Liquidating Trust (the "<u>Transferred Privileged Information</u>") are hereby transferred and assigned to the Liquidating Trust.  The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed.  For the avoidance of doubt, the Privileges shall include any right to preserve or enforce a Privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)    The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidating Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidating Trust and the Liquidating Trust Beneficiaries.  The Liquidating Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information; *provided*, *however*, that the Liquidating Trust may not, without good-faith consultation and coordination between the Liquidating Trustee and the applicable pre-Effective Date Debtor or former counsel thereto, (i) waive any Privileges in respect of Transferred Privileged Information, or (ii) use or disclose any Transferred Privileged Information. The applicable pre-Effective Date Debtor or former counsel thereto may not make disclosure in a manner that could effectuate a waiver of any Privileges in respect of Transferred Privileged Information without good-faith consultation and coordination between the Liquidating Trustee and the applicable pre-Effective Date Debtor or former counsel thereto. If the Liquidating Trustee or the applicable pre-Effective Date Debtor or former counsel thereto, object to an action proposed to be taken by the other with regard to records, documents, or information related to the Liquidation Trust Assets that are covered by the Privileges (or a disclosure that would result in a waiver), the parties shall be permitted to raise the issue with the Bankruptcy Court. The objecting party shall bear the burden of proof. Each of the parties shall bear its own costs and expenses, including attorneys' fees, incurred in connection with such dispute. Notwithstanding anything to the contrary contained herein, nothing in this Agreement shall operate as a waiver of any privileges held and retained by the pre-Effective Date Debtors, including, but not limited to, the Privileges that are transferred to the Liquidation Trust hereunder.

(c)    The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidating Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession,

custody or control reasonably requested by the Liquidating Trust. The Liquidating Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including attorneys, professionals, consultants, and experts that may possess Transferred Privileged Information, and no such person may object to the production to the Liquidating Trust of such Transferred Privileged Information on the basis of a Privilege held by a Privilege Transfer Party. Until and unless the Liquidating Trust makes a determination in its sole discretion to waive any Privilege, Transferred Privileged Information shall be produced solely to the Liquidating Trust or as required by law. For the avoidance of doubt, this Subsection is subject in all respects to Section 2.2(a) of this Agreement.

(d)     Pursuant to, *inter alia*, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidating Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidating Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)     If a Privilege Transfer Party, the Liquidating Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information. In such circumstances, the disclosing party shall, promptly upon discovery of the production, notify the Liquidating Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

(f)     Notwithstanding anything to the contrary contained in Section 2.2, for the avoidance of doubt, no Privilege or Transferred Privileged Information related to any Claims or Causes of Action that have been (a) transferred to the Purchaser pursuant to the Transaction Documents or (b) released under the Plan (including any materials relating to the preparation, filing, or prosecution of these chapter 11 cases) shall be deemed to have been transferred or assigned to the Liquidating Trust, *provided however,* that the foregoing shall not prevent the transfer of any Privilege or Transferred Privileged Information to the extent that such Privilege or Transferred Privileged Information also relates to Liquidating Trust Assets.

2.3     <u>Representative of the Estate</u>. From and after the Effective Date, the Liquidating Trustee shall act as the exclusive representative of the Estates for all purposes and as the sole officer and director of each of the post-Effective Date Debtors. Any successor Liquidating Trustee appointed pursuant to this Agreement shall be bound by and comply with the terms of the Plan, the Confirmation Order, and this Agreement.

2.4     <u>Wind-Down Reserve; Fees and Expenses of the Liquidating Trustee</u>. On and after the Effective Date, the Liquidating Trustee shall establish the Wind-Down Reserve from the Liquidating Trust Assets for the purposes of funding the Wind-Down Transactions and paying the expenses incurred by the Liquidating Trust (including fees and expenses for the Disbursing Agent, professionals, or employees (including the Professionals) retained by the Liquidating Trust and any

obligations imposed on the Liquidating Trustee or Liquidating Trust), including expenses relating to the performance of the Liquidating Trustee's obligations under the Plan and this Agreement (including any taxes imposed on the Liquidating Trust or in respect of the Liquidating Trust Assets) (collectively, the "Liquidating Trust Fees and Expenses") from the Trust GUC Assets; *provided* that, in the event that the Liquidating Trustee determines, in its sole discretion, that the Trust GUC Assets will be insufficient to satisfy all anticipated Liquidating Trust Fees and Expenses (including for the avoidance of doubt, any fees and expenses of the Disbursing Agent or professionals retained by the Liquidating Trustee or the Disbursing Agent), the Liquidating Trustee shall provide fourteen (14) days' notice to counsel for the Prepetition Priority and Existing Term Loan Lenders of such fact (the "Fee Notice Period").  Following expiration of the Fee Notice Period, the Liquidating Trustee shall be entitled to pay such Liquidating Trust Fees and Expenses from the Liquidating Trust Assets.  For the avoidance of doubt, the Liquidating Trust shall pay all Liquidating Trust Fees and Expenses, including without limitation, those of each of the Professionals pursuant to the terms of any agreements related to the retention of each Professional, before making any distributions contemplated by the Plan.

2.5     Transition Services Agreement.  On and after the Effective Date, the Liquidating Trustee shall be authorized to implement or otherwise continue adherence with the Transition Services Agreement, including pursuant to any Sale Transaction, if applicable.  The Transition Services Agreement shall help ensure that certain employees and contract counterparties are available to provide transition services to the Purchaser and/or to certain non-Debtor Affiliates, as applicable, and the Debtors or the Liquidating Trustee, as applicable, to wind down the Debtors' Estates.

2.6     Wind-Down Transactions.  On the Effective Date, the Liquidating Trustee, if applicable, shall take all actions as may be necessary or appropriate to effectuate the Wind-Down Transactions, including the steps set forth in the Wind-Down Transactions Memorandum, and any transaction described in, approved by, contemplated by, or necessary to effectuate the Wind-Down Transactions that are consistent with and pursuant to the terms and conditions of the Plan.

On and after the Effective Date, the Liquidating Trustee will be authorized to implement the Plan (including the steps set forth in the Wind-Down Transactions Memorandum) and any applicable orders of the Bankruptcy Court, and the Liquidating Trustee shall have the power and authority to take any action necessary to wind down and dissolve the Debtors' Estates.  Any certificate of dissolution or equivalent document may be executed by the Liquidating Trustee without need for any action or approval by the shareholders or board of directors or managers of any Debtor.

2.7     Effectuating Documents; Further Transactions.  On and after the Effective Date, the Liquidating Trustee may issue, execute, deliver, file, or record such contracts, Securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, the Confirmation Order, and the Wind-Down Transactions (including the steps set forth in the Wind-Down Transactions Memorandum), without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan or the Confirmation Order.

2.8   D&O Liability Insurance Policies.   After the Effective Date, the Liquidating Trustee shall not terminate or otherwise reduce the coverage under any of the D&O Liability Insurance Policies in effect on or after the Petition Date (including any "tail policy"), with respect to conduct or events occurring prior to the Effective Date, and all directors and officers of the Debtors who served in such capacity at any time prior to the Effective Date shall be entitled to the full benefits of any such D&O Liability Insurance Policy for the full term of such D&O Liability Insurance Policy, to the extent set forth therein and in accordance with and subject in all respects to the terms and conditions of such D&O Liability Insurance Policy, which shall not be altered, regardless of whether such directors and officers remain in such positions after the Effective Date.

2.9   Preservation of Causes of Action.   After the Effective Date, the Liquidating Trustee shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any actions specifically enumerated in the Schedule of Retained Causes of Action, other than the Causes of Action (a) acquired by the Purchaser in accordance with the Transaction Documents, as applicable, or (b) released or exculpated pursuant to the releases and exculpations contained in the Plan, including in Article VIII of the Plan, which shall be deemed released and waived by the Debtors as of the Effective Date.   The Liquidating Trust shall have standing to pursue Non-Released Former Officer Claims in accordance with the terms of the Plan; *provided* that: (a) any recovery by the Liquidating Trust on account of any Non-Released Former Officer Claim, including by way of settlement or judgment, shall be satisfied solely by and to the extent of the proceeds of the Debtors' available D&O Liability Insurance Policies after payment from such D&O Liability Insurance Policies of any and all covered costs and expenses incurred in connection with the defense of the Non-Released Former Officer Claims; (b) any attempt to collect on any settlement of or judgment (if any) shall be solely from available insurance coverage from the Debtors' available D&O Liability Insurance Policies; (c) the Liquidating Trust shall not (i) record any judgment against the Former Officers, or (ii) otherwise attempt to collect, directly or indirectly, from the personal assets of the Former Officers with respect to the Non-Released Former Officer Claims; (d) in no event shall the Non-Released Former Officer Claims include any claims against any Released Parties (as defined in the Sale Order); and (e) the Liquidating Trust may not pursue any Non-Released Former Officer Claim in any circumstance in which any insurance carrier or other third party may assert subrogation claims against any Released Parties (as defined in the Sale Order).   Only upon the occurrence of the earlier of (x) a release being given as part of any later settlement of the Non-Released Former Officer Claims; (y) final resolution of any coverage claims asserted against the Debtors' available D&O Liability Insurance Policies on account of the Non-Released Former Officer Claims; or (z) exhaustion of the available insurance coverage under the D&O Liability Insurance Policies, the Non-Released Former Officer Claims shall be released and discharged by the Liquidating Trust without the need for further action or Bankruptcy Court order. For the avoidance of doubt, any release of the Non-Released D&O Claims shall not become effective until one of the three conditions stated in the preceding sentence above has been met.

2.10   Abandonment of Non-Debtor Equity.   On or after the Effective Date, the Liquidating Trustee may abandon any Non-Debtor Equity Interests pursuant to section 554 of the Bankruptcy Code without further order of the Bankruptcy Court or further notice to any Entity.

2.11   Payment of Statutory Fees.   After the Effective Date, the Liquidating Trustee shall pay any and all Quarterly Fees in full in Cash when due and payable.   After the Effective Date, the

Liquidating Trustee shall file with the Bankruptcy Court separate UST Form 11- PCR reports when they become due.  The Liquidating Trustee shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code.

    2.12   Distributions.

    (a)   Generally.  Subject to Article VI of the Plan, the Liquidating Trustee or the Entity or Entities selected by the Liquidating Trustee, to make or facilitate distributions contemplated under the Plan (the "Disbursing Agent"), at the Liquidating Trustee's discretion, shall distribute the appropriate proceeds of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in proportion to such Liquidating Trust Beneficiaries' pro rata share of the Liquidating Trust Assets (the "Liquidating Trust Interests"); *provided* that the Disbursing Agent shall not be required to make a distribution to a Liquidating Trust Beneficiary on behalf of an Allowed Claim if such distribution is an amount less than fifty U.S. dollars ($50.00) or if the Liquidating Trustee otherwise determines that making a distribution would be impractical under the circumstances, and each such Claim to which this limitation applies shall be discharged pursuant to Article VIII of the Plan and its Holder is forever barred pursuant to Article VIII from asserting that Claim against the Debtors, the Liquidating Trust, or their respective property.

    (b)   Timing and Calculation of Amounts to Be Distributed.  Unless otherwise provided in the Plan or the Confirmation Order, on the Effective Date (or if a Claim is not an Allowed Claim on the Effective Date, on the date that such Claim becomes an Allowed Claim, or as soon as reasonably practicable thereafter), or as soon as is reasonably practicable thereafter, each Holder of an Allowed Claim (as applicable) shall receive the full amount of the distributions that the Plan provides for Allowed Claims (as applicable) in the applicable Class.  In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day but shall be deemed to have been completed as of the required date.  After such initial distribution, the Disbursing Agent shall distribute additional Liquidating Trust Assets (as the case may be), if any, as soon as practicable upon such Liquidating Trust Assets becoming available to the Debtors or the Liquidating Trust, as applicable.  Such additional Liquidating Trust Assets shall be distributed in accordance with the Waterfall Recovery, this Agreement, and the Plan.

    If and to the extent that there are Disputed Claims, distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in Article VII of the Plan. Except as otherwise provided in the Plan, Holders of Claims shall not be entitled to interest, dividends, or accruals on Plan Distributions, regardless of whether such distributions are delivered on or at any time after the Effective Date.

    (c)   Delivery of Distributions.  Except as otherwise provided in the Plan, the Liquidating Trustee shall make Plan Distributions to Holders of Allowed Claims (as applicable) as of the Distribution Record Date at the address for each such Holder as indicated on the Debtors' records as of the date of any such Plan Distribution; *provided* that the manner of such Plan Distributions shall be determined at the discretion of the Liquidating Trustee; *provided further*,

that the address for each Holder of an Allowed Claim shall be deemed to be the address set forth in any Proof of Claim Filed by that Holder.

All distributions to Holders of Allowed Prepetition Priority Term Loan Claims and Holders of Allowed Prepetition Existing Term Loan Claims shall be deemed completed when made to or at the direction of the applicable Prepetition Term Loan Agent. The applicable Prepetition Term Loan Agent shall hold or direct such distributions for the benefit of the Holders of the Allowed Prepetition Priority Term Loan Claims and the Allowed Prepetition Existing Term Loan Claims. The Prepetition Term Loan Agents shall not incur any liability whatsoever on account of any distributions under the Plan except for fraud, gross negligence, or willful misconduct. For the avoidance of doubt, all distributions referenced in this paragraph shall be subject to the terms of the Prepetition Term Loan Intercreditor Agreement.

(d)    Undeliverable Distributions and Unclaimed Property. In the event that any distribution to any Holder of an Allowed Claim or Allowed Interest (as applicable) is returned as undeliverable, such distribution shall be deemed an Unclaimed Distribution, and no distribution to such Holder shall be made unless and until the Liquidating Trustee has determined the then-current address of such Holder, at which time such distribution shall be made to such Holder without interest; *provided* that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of ninety (90) days from the date of the initial attempted distribution. After such date, all unclaimed property or interests in property shall revest in the Liquidating Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial, or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim or Interest of any Holder of Claims or Interests related to such property shall be released, settled, compromised, extinguished and forever barred.

(e)    Setoffs and Recoupment. Except with respect to the Allowed Prepetition Secured Lender Claims, or as expressly provided in the Plan (including the Plan Supplement), the Liquidating Trustee, may, pursuant to section 553 of the Bankruptcy Code, setoff and/or recoup against any Plan Distributions to be made on account of any Allowed Claim, any and all claims, rights, and Causes of Action (other than Avoidance Actions) that the Debtors or their Estates may hold against the Holder of such Allowed Claim to the extent such setoff or recoupment is either (1) agreed in amount among the Liquidating Trustee, as applicable, and the Holder of the Allowed Claim or (2) otherwise adjudicated by the Bankruptcy Court or another court of competent jurisdiction; *provided*, that neither the failure to effectuate a setoff or recoupment nor the Allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee, as applicable, of any and all claims, rights, and Causes of Action that the Debtors or their successor may possess against the applicable Holder. Notwithstanding anything to the contrary herein or in the Plan, in no event shall any Holder of a Claim be entitled to setoff any such Claim against the Purchasers following consummation of the Sale Transactions; *provided, however*, such setoff shall not be released solely to the extent asserted prior to Confirmation.

(f)    Claims Paid by Third Parties. The Liquidating Trustee shall reduce in full a Claim, and such Claim shall be disallowed without a Claim Objection having to be Filed and without any notice to or action, order, or approval of the Bankruptcy Court, to the extent that the Holder of such Claim receives payment in full on account of such Claim from a party that is not a Debtor or the Liquidating Trustee. Subject to the last sentence of this paragraph, to the extent a Holder of a

Claim receives a distribution on account of such Claim and receives payment from a party that is not a Debtor or the Liquidating Trustee on account of such Claim, such Holder shall, within fourteen days of receipt thereof, repay or return the distribution to the applicable Debtor or the Liquidating Trustee, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such Plan Distribution. The failure of such Holder to timely repay or return such distribution shall result in the Holder owing the applicable Debtor or Liquidating Trust annualized interest at the Federal Judgment Rate on such amount owed for each Business Day after the fourteen-day grace period specified above until the amount is repaid.

(g)     _Claims Payable by Third Parties_.  No Plan Distributions shall be made on account of an Allowed Claim that is payable pursuant to one of the Insurance Policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such Insurance Policy.  To the extent that one or more Insurers pays in full or in part a Claim, then immediately upon such Insurers' payment of such Claim, the applicable portion of such Claim may be expunged without a Claim Objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

2.13     _Limitations on Investment Powers of Liquidating Trustee_.  Funds of the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires; _provided_, _however_, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

2.14     _Liability of Liquidating Trustee_.

(a)     _Limitation of Liability_.  To the maximum extent permitted by applicable law, the Liquidating Trustee and the Liquidating Trustee's professional firms, companies, affiliates, professionals, advisors, disbursing agents, agents, representatives, members, employees, directors and officers, and any of such person's or entity's successors or assigns, shall have or incur no liability or responsibility for, and are hereby released and exculpated from, any and all Claims, Causes of Action, and other assertions of liability arising out of the discharge of the powers and duties conferred upon the Liquidating Trustee, or in good faith believed to be conferred upon the Liquidating Trustee, pursuant to or in furtherance of this Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for claims related to actions taken or not taken from and after the Effective Date that are determined by a final non-appealable order from a court of competent jurisdiction to be solely due to their own respective actual intentional fraud, willful misconduct, or gross negligence, but in all respects the Liquidating Trustee shall be entitled to reasonably rely upon the written advice of counsel with respect to the Liquidating Trustee's duties and responsibilities pursuant to this Agreement to the extent permitted under applicable law.  In no event shall the Liquidating Trustee or the Liquidating Trustee's professional firms be liable for indirect, punitive, special, incidental or consequential damage or loss (including, but not limited to, lost profits) whatsoever, even if the Liquidating Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

Without limiting the foregoing, the Liquidating Trustee shall be entitled to the benefits of any limitation of liability and exculpation provisions set forth in the Plan and Confirmation Order.

(b)  <u>No Liability for Acts of Predecessors</u>.  No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

(c)  <u>No Implied Obligations</u>.  The Liquidating Trustee shall not be liable except for the performance of such duties and obligations specifically set forth herein or in the Plan, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

(d)  <u>No Liability for Good Faith Error of Judgment</u>.  Unless otherwise provided herein or in the Plan, the Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved in a final non-appealable order from a court of competent jurisdiction that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

(e)  <u>Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons</u>.  Except as otherwise provided herein or in the Plan, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee may engage and consult with legal counsel, accountants, and other professionals for the Liquidating Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidating Trustee in reliance upon the advice of such counsel, agents or advisors.  The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust Assets.

(f)  <u>No Personal Obligation for Liquidating Trust Liabilities</u>.  Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtors or the Liquidating Trust, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement, and neither the Liquidating Trustee nor the Liquidating Trustee's company or organization shall have a personal or individual obligation to satisfy any such liability.

2.15  <u>Selection of Agents</u>.  Immediately after the Effective Date, the Liquidating Trustee may engage any employee of the Debtors or other persons, and may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys, accountants, and other advisors and agents (including professionals formerly or currently retained by the Committee), in each case without Bankruptcy Court approval, to assist and advise the Liquidating Trustee in the performance of the Liquidating Trustee's duties, and to compensate and reimburse expenses of such professionals in accordance with the Plan and this Agreement.  The Liquidating Trustee may pay the salaries, fees, and expenses of such Persons from the Trust GUC Assets or the proceeds thereof, or from the Liquidating Trust Assets if the procedures set forth in Article 2.4 of this Agreement are satisfied. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person

interested therein by reason of any mistake or default of any such Person referred to in this Section 2.8 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.16    Liquidating Trustee's Compensation, Indemnification and Reimbursement.

(a)    As compensation for services in the administration of the Liquidating Trust, the Liquidating Trustee shall be compensated as specified in this Agreement and the fee schedule affixed hereto as **Annex 1**, which shall be paid in accordance with the procedures laid out in Article 2.4 of this Agreement. The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable, and necessary out-of-pocket expenses incurred in the performance of the Liquidating Trustee's duties hereunder. The Liquidating Trustee (and any professionals retained by the Liquidating Trustee) shall not be required to File a fee application to receive compensation.

(b)    The Liquidating Trustee (and the Liquidating Trustee's agents and professionals) shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of their actions or inactions in their capacity as, or on behalf of, the Liquidating Trustee or the Liquidating Trust, except for any actions or inactions involving willful misconduct (including, but not limited to, conduct that results in a personal profit at the expense of the Liquidating Trust), gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), or ultra vires acts, each as determined by a final non-appealable order of a court of competent jurisdiction. Any indemnification claim of the Liquidating Trustee and the other parties entitled to indemnification under this Agreement shall be satisfied (i) first from the Trust GUC Assets and (ii) second, in the event that the Liquidating Trustee determines, in its sole discretion, that the Trust GUC Assets will be insufficient to satisfy the indemnification claim, the Liquidating Trustee shall provide fourteen (14) days' notice to counsel for the Prepetition Priority and Existing Term Loan Lenders of such fact (the "Indemnification Notice Period"). Following expiration of the Indemnification Notice Period, the Liquidating Trustee shall be entitled to satisfy such indemnification claims from the Liquidating Trust Assets. The Liquidating Trustee shall be entitled to rely, in good faith, on the advice of the Liquidating Trustee's professionals. The Liquidating Trustee is authorized to obtain, at the sole expense of the Liquidating Trust, all reasonable insurance coverage for the Liquidating Trustee and the Liquidating Trustee's agents, representatives, employees, or independent contractors, including without limitation, coverage with respect to the liabilities, duties, and obligations of the Liquidating Trustee and the Liquidating Trustee's agents, representatives, employees, or independent contractors under the Plan and this Agreement; *provided* that, the Liquidating Trustee may also obtain, at the expense of the Debtors, commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Debtors. The Liquidating Trustee may rely upon written information previously generated by the Debtors.

(c)    Notwithstanding any state or applicable law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond.

2.17    <u>Tax Provisions</u>.

(a)     For all U.S. federal and applicable state, local, and non-U.S. income tax purposes, all parties (including without limitation, the Debtors, the Liquidating Trustee, and the Liquidating Trust Beneficiaries) shall treat the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and Revenue Procedure 94-45, 1994-2 C.B. 684 and as a "grantor trust" within the meaning of Sections 671 through 679 of the Internal Revenue Code, and the Liquidating Trustee will take a position on the Liquidating Trust's tax return accordingly.  The Liquidating Trustee shall, in the Liquidating Trustee's business judgment, make continuing best efforts not to unduly prolong the duration of the Liquidating Trust.  Moreover, for all U.S. federal and applicable state, local, and non-U.S. income tax purposes, it is intended that (1) the Liquidating Trust Beneficiaries be treated as if they had (i) received a distribution from the Estates of an undivided interest in the Liquidating Trust Assets (to the extent of the value of their respective share in the applicable Liquidating Trust Assets) and (ii) subsequently contributed such undivided interest to the Liquidating Trust in exchange for an interest in the Liquidating Trust, and (2) the Liquidating Trust Beneficiaries be treated as the grantors of the Liquidating Trust and as deemed owners of the Liquidating Trust and Liquidating Trust Assets.

(b)     As soon as possible after the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets.  This valuation will be made available from time to time, as relevant for tax reporting purposes.  Each of the Debtors, the Liquidating Trustee, and the Liquidating Trust Beneficiaries shall take consistent positions with respect to the valuation of the Liquidating Trust Assets, and such valuations shall be utilized for all U.S. federal income tax purposes.

(c)     The Liquidating Trustee shall be responsible for filing all final or otherwise required federal, state, local and non-U.S. tax returns for the Liquidating Trust, the Liquidating Trust Assets, and the Debtors, as required by applicable law (and, for the avoidance of doubt, the Liquidating Trustee may pursue any refunds, credits, or other tax benefits to which the Debtors and the Liquidating Trust are entitled and file any tax returns or other filings as are required in connection therewith), including annual information tax returns with the IRS as a grantor trust pursuant to section 1.671-4(a) of the Treasury Regulations that will include information concerning certain items relating to the holding or disposition (or deemed disposition) of the Liquidating Trust Assets (e.g., income, gain, loss, deduction and credit).  Each Liquidating Trust Beneficiary holding interests in the Liquidating Trust will receive a copy of the information tax returns and must report on its federal income tax return its share of all such items.  The information provided by the Liquidating Trust will pertain to Liquidating Trust Beneficiaries who receive their interests in the Liquidating Trust in connection with the Plan.  The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any taxes imposed on the Liquidating Trust or the Liquidating Trust Assets.  The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Debtors, their Estates, or the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

(d)     The Liquidating Trustee, the Disbursing Agent, and any applicable withholding agent, as applicable, shall comply with all tax withholding and reporting requirements

imposed on them by any Governmental Unit, and all Plan Distributions shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, such parties shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the Plan Distributions to generate sufficient funds to pay applicable withholding taxes, withholding distributions pending receipt of information necessary to facilitate such distributions, or establishing any other mechanisms they believe are reasonable and appropriate. The Liquidating Trustee or the Disbursing Agent, and any applicable withholding agent, as applicable, reserve the right to allocate all Plan Distributions in compliance with applicable wage garnishments, alimony, child support, and other spousal awards, Liens, and encumbrances. Any tax withheld shall be treated as distributed and received by the applicable beneficiary for all purposes of the Plan and this Agreement. If a Liquidating Trust Beneficiary fails to provide the information necessary to comply with any withholding requirements of any governmental authority on or before the day that is six (6) months after the Effective Date, then such beneficiary's distribution may be treated as unclaimed property in accordance with this Agreement.

Any person entitled to receive any property as an issuance or distribution under the Plan shall, upon request, deliver to the Liquidating Trustee, the Disbursing Agent, and any applicable withholding agent, as applicable, an Internal Revenue Service Form W-9 or, if the payee is a foreign Person, an appropriate Internal Revenue Service Form W-8, as applicable.

(e) With respect to any of the assets of the Liquidating Trust that are subject to potential disputed claims of ownership or uncertain distributions, or to the extent "liquidating trust" treatment is otherwise unavailable or not elected to be applied with respect to the Liquidating Trust, such assets will be subject to disputed ownership fund treatment under section 1.468B-9 of the Treasury Regulations, any appropriate elections with respect to such treatment shall be made the Liquidating Trustee, and such treatment will also be applied to the extent possible for state and local tax purposes. Under such treatment, the Liquidating Trustee shall file a separate federal income tax return with the IRS for any such account. Any taxes (including with respect to interest, if any, earned in the account) imposed on such account shall be paid out of the assets of the respective account (and reductions shall be made to amounts disbursed from the account to account for the need to pay such taxes).

(f) <u>Allocation of Income</u>. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), allocation of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries shall be by reference to the manner in which an amount of cash equal to such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value) to the Liquidating Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust. Similarly, taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which any economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidating Trust Assets

are transferred to the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(g)    Tax Identification Numbers.  The Liquidating Trustee may require any Liquidating Trust Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidating Trustee's satisfaction that distributions to the Liquidating Trust Beneficiary are exempt from backup withholding.  The Liquidating Trustee may condition any distribution to any Liquidating Trust Beneficiary upon receipt of such identification number.  An Allowed Claim of a Holder that fails to provide an executed IRS Form or provide any other required information to effectuate a distribution within sixty (60) days after service (by first class mail) of a formal request for same by the Liquidating Trustee shall be deemed disallowed and expunged for purposes of distributions under the Plan.  For the avoidance of doubt, the Liquidating Trust is not required to follow up with any Holder of an Allowed Claim if they fail to timely provide an executed IRS Form.

(h)    Annual Statements.  The Liquidating Trustee shall annually (for tax years in which distributions from the Liquidating Trust are made) send to each Liquidating Trust Beneficiary a separate statement setting forth the Liquidating Trust Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i)    Notices.  The Liquidating Trustee shall distribute notices to the Liquidating Trust Beneficiaries as the Liquidating Trustee determines are necessary or desirable.

2.18    Conflicting Claims.  If the Liquidating Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidating Trust Assets, or has a good faith doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(i)    to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved;

(ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court (or such other court of competent jurisdiction) their respective Claims arising out of or in connection with this Agreement; or

(iii)    file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.19    Records of Liquidating Trustee.  The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activities of the Liquidating Trust.  After the Effective Date, the books and records maintained by the Liquidating Trustee, as well as any and all other books and records of the Debtors, may be disposed of by the Liquidating Trustee in the Liquidating Trustee's

sole discretion, without notice or approval of the Bankruptcy Court, at such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary or beneficial; *provided*, *however*, that the Liquidating Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or directors are a party, including any Retained Causes of Action without further order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, nothing contained in this Agreement, the Plan or the Confirmation Order shall affect the obligations of any third party to maintain, preserve and/or provide access to the Debtors' books and records on the terms so specified in any such document setting forth such obligations.

2.20    <u>Evidence of Beneficial Interest</u>.    Ownership of a beneficial interest in the Liquidating Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

# ARTICLE III
# RIGHTS, POWERS, AND DUTIES OF LIQUIDATING TRUST BENEFICIARIES

3.1    <u>Interests of Liquidating Trust Beneficiaries</u>.    The Liquidating Trust shall issue the Liquidating Trust Interests to the Liquidating Trust Beneficiaries in accordance with the Plan so that each Holder of an Allowed General Unsecured Claim shall receive a percentage of the Liquidating Trust Interests equal to such Holder's Allowed General Unsecured Claim divided by the sum of all Allowed General Unsecured Claims *plus* all Disputed General Unsecured Claims; *provided*, *however*, that (i) if a Disputed General Unsecured Claim is subsequently disallowed, (a) the amount of such Disputed General Unsecured Claim shall no longer be included in the calculation set forth above and (b) the Liquidating Trust shall issue additional Liquidating Trust Interests to the Liquidating Trust Beneficiaries in accordance with the calculation set forth above and (ii) if a Disputed General Unsecured Claim subsequently becomes an Allowed General Unsecured Claim, the Liquidating Trust shall make subsequent distributions of Liquidating Trust Interests to such Holder on account of such Allowed General Unsecured Claim.  The Liquidating Trust Interests shall be uncertificated.

3.2    <u>Interests Beneficial Only</u>.    The ownership of a beneficial interest hereunder shall not entitle any Liquidating Trust Beneficiary to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting.

3.3    <u>No Right to Accounting</u>.    None of the Liquidating Trust Beneficiaries, their successors, assigns or creditors, or any other Person, shall have any right to an accounting by the Liquidating Trustee, and the Liquidating Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Liquidating Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for making any advance, payment or distribution out of proceeds of Liquidating Trust Assets.

3.4    <u>No Standing</u>.    Except as expressly provided in this Agreement, a Liquidating Trust Beneficiary shall not have standing to direct or seek to direct the Liquidating Trust or Liquidating

Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any person upon or with respect to the Liquidating Trust Assets.

3.5  <u>Requirement of Undertaking</u>.  The Liquidating Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidating Trustee for any action taken or omitted by the Liquidating Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, that the provisions of this Section 3.5 shall not apply to any suit by the Liquidating Trustee.

3.6  <u>Limitation on Transferability</u>.  It is understood and agreed that the Liquidating Trust Interests shall be non-transferable and non-assignable except by will, intestate succession or by operation of law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to cause the Liquidating Trust to pay all amounts to or for the benefit of the assigning Liquidating Trust Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.

3.7  <u>Effect of Death, Dissolution, Incapacity or Bankruptcy of Liquidating Trust Beneficiary</u>.  The death, dissolution, incapacity or bankruptcy of a Liquidating Trust Beneficiary during the term of the Liquidating Trust shall not operate to terminate the Liquidating Trust during the term of the Liquidating Trust nor shall it entitle the representative or creditors of such deceased, incapacitated or bankrupt Liquidating Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of the Liquidating Trust Beneficiary under this Agreement or such Liquidating Trust Beneficiary's interests in the Liquidating Trust or the Liquidating Trust Assets.

3.8  <u>Exemption from Registration</u>.  The Liquidating Trust Interests, and the rights of the Liquidating Trust Beneficiaries to receive Liquidating Trust Assets (if any), shall not constitute "securities" under applicable law, and shall not be registered pursuant to the Securities Act.  However, if it is determined that the Liquidating Trust Interests and the Liquidating Trust Beneficiaries' rights to receive Liquidating Trust Assets (if any) constitute "securities," the exemption from registration under Section 1145 of the Bankruptcy Code is intended to be applicable to such securities, and such securities would be exempt from registration.  No party to this Agreement shall make a contrary or different contention.

## ARTICLE IV
## AMENDMENT OF TRUST OR CHANGE IN LIQUIDATING TRUSTEE

4.1  <u>Resignation of the Liquidating Trustee</u>.  The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the U.S. Trustee, *provided* that the Liquidating Trustee shall continue to serve as such after the Liquidating Trustee's resignation until the later of (i) thirty (30) calendar days or (ii) the

date the appointment of a successor Liquidating Trustee shall become effective in accordance with Section 4.3 hereof.

4.2     Removal of the Liquidating Trustee.  Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Liquidating Trustee for cause.  The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 4.2.  Such removal shall become effective on the date specified in the order of the Bankruptcy Court.  For the purposes of this Agreement, "cause" shall mean: (a) the willful and continued refusal by the Liquidating Trustee to perform the Liquidating Trustee's duties as set forth herein; or (b) gross negligence, gross misconduct, fraud, embezzlement or theft.

4.3     Appointment of Successor Liquidating Trustee.  In the event of the death, resignation, termination, incompetence or removal of the Liquidating Trustee, any Liquidating Trust Beneficiary or the outgoing Liquidating Trustee may file a motion with the Bankruptcy Court to appoint a successor Liquidating Trustee.  In the event no party in interest seeks the appointment of a successor Liquidating Trustee, the Bankruptcy Court may do so *sua sponte*.  Any successor Liquidating Trustee so appointed (a) shall consent to and accept their appointment as successor Liquidating Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of his or her appointment as successor Liquidating Trustee and (b) shall not have any liability or responsibility for the acts or omissions of any predecessor(s).  Any successor Liquidating Trustee may be appointed to serve only on an interim basis.

4.4     Continuity.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, termination, incompetence or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.  In the event of the resignation, termination or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports and other writings as may be reasonably requested from time to time by the successor Liquidating Trustee.

4.5     Amendment of Agreement.  This Agreement may be amended, modified or altered without order of the Bankruptcy Court so long as such amendment, modification or alteration of the Agreement is consistent with the Liquidating Trust's purpose, the Liquidating Trustee's duties under the Agreement, and the Plan or by order of the Bankruptcy Court; *provided*, *however*, that such amendments, supplements or waivers shall not adversely affect one Liquidating Trust Beneficiary or class of Liquidating Trust Beneficiaries relative to another, adversely affect the distributions to any of the Liquidating Trust Beneficiaries on account of Liquidating Trust Assets, or adversely affect the U.S. federal income tax status of the Liquidating Trust as a "liquidating trust"; (ii) comply with any requirements in connection with the U.S. federal income tax status of the Liquidating Trust as a "liquidating trust," or, consistent with the terms of this Agreement, as a partnership; (iii) comply with any requirements in connection with maintaining that the Liquidating Trust is not subject to registration or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act, or the Investment Company Act; and (iv) make the Liquidating Trust a reporting entity and, in such event, to comply with or seek relief from any requirements in connection with satisfying the registration or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act, or the Investment Company Act.  Any substantive provision of this Agreement may be amended or waived by the Liquidating Trustee

only with the approval of the Bankruptcy Court (upon ECF notice and an opportunity for a hearing).

**ARTICLE V**
**TERMINATION OF LIQUIDATING TRUST**

The Liquidating Trust shall be dissolved upon the earlier of (a) the distribution of all of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries; and (b) the fifth anniversary of the creation of the Liquidating Trust; *provided* that, if warranted by the facts and circumstances involved in resolving or monetizing any Liquidating Trust Assets, upon application to, and if approved by, the Bankruptcy Court after notice and an opportunity for hearing, and upon a finding that such extension is necessary or appropriate for purposes of resolving or monetizing such Liquidating Trust Assets and distributing the proceeds to the applicable Liquidating Trust Beneficiaries, the term of the Liquidating Trust may be extended by the Liquidating Trustee for a specified term in accordance with applicable tax laws and regulations.  This application must be filed with the Bankruptcy Court no earlier than six (6) months before the termination date of the Liquidating Trust.

**ARTICLE VI**
**RETENTION OF JURISDICTION**

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Assets as provided in the Plan, including without limitation, the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.  All Liquidating Trust Beneficiaries consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware and the state courts sitting in Wilmington, Delaware over all disputes related to this Agreement.

**ARTICLE VII**
**MISCELLANEOUS**

7.1    <u>Applicable Law</u>.  The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2    <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3    <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4    <u>Confirmation of Survival of Provisions</u>.  Without limitation in any way of any provision of this Agreement, the limitation of liability and indemnity provisions in Sections 2.14 through 2.16 shall survive the death, dissolution, liquidation, resignation, replacement or removal,

as may be applicable, of the Liquidating Trustee, or the termination of the Liquidating Trust or this Agreement, and shall inure to the benefit of the Liquidating Trustee's (together with and any persons indemnified under this Agreement) heirs and assigns.

7.5     Interpretation.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.6     Savings Clause.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.7     Entire Agreement.  This Agreement, the Plan, and the Confirmation Order constitute the entire agreement by and among the Parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan and the Confirmation Order supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the Parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement, the Plan or the Confirmation Order, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the Parties hereto and the Liquidating Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

7.8     Counterparts.   This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.  This Agreement may also be executed through the use of electronic signature, which the Parties acknowledge and agree is a lawful means of obtaining signatures in the United States.  The delivery of this Agreement and the Parties' executed counterpart signature pages hereto may be made by e-mail transmission of a PDF document, and such signatures shall be treated as original signatures for all applicable purposes.

7.9     Notices.

(a)     All notices to be given to Liquidating Trust Beneficiaries may be given by ordinary mail, or may be delivered by electronic mail, first class mail, commercial carrier delivery or hand delivery to such Liquidating Trust Beneficiaries at the addresses for such Liquidating Trust Beneficiaries appearing on the Claims Register.  Any notice or other communication which may be or is required to be given, served or sent to the Liquidating Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

If to the Liquidating Trustee:

META Advisors, LLC
3 World Trade Center 175 Greenwich Street, 67th Floor

New York, NY 10007
Attn:  James S. Carr (jcarr@kelleydrye.com)
Kristin S. Elliott (kelliott@kelleydrye.com)
Dana P. Kane (dkane@kelleydrye.com)
Grace Marie Codispoti (gcodispoti@kelleydrye.com)

(b)      Any notice or other communication which may be or is required to be given, served or sent to the Prepetition Priority and Existing Term Loan Lenders shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

If to counsel for the Prepetition Priority and Existing Term Loan Lenders:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Attn:   Laura Davis Jones (ljones@pszjlaw.com)
Jeffrey H. Davidson (jdavidson@pszjlaw.com)
Gabriel I. Glazer (gglazer@pszjlaw.com)
Edward A. Corma (ecorma@pszjlaw.com)

(c)      Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

7.10   <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date set forth above.

7.11   <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the Parties hereto and their respective successors and assigns and shall inure to the benefit of the Parties, the Liquidating Trust Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

7.12   <u>Conflict with the Plan</u>.  In the event of any conflict between the terms of the Plan and this Agreement, the terms of the Plan shall govern; *provided*, *however*, that in the event of a conflict between Articles IV.D and IV.G of the Plan and this Agreement, this Agreement shall govern.

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the Effective Date.

*[Signature Page Follows]*

**Claire's Holdings LLC; BMS Distributing Corp.; CBI Distributing Corp.; Claire's (Gibraltar) Holdings Limited; Claire's Boutiques, Inc.; Claire's Canada Corp.; Claire's Intellectual LLC; Claire's Puerto Rico Corp.; Claire's Stores, Inc.; Claire's Swiss Holdings II LLC; Claire's Swiss Holdings LLC; CLSIP Holdings LLC; CLSIP LLC; and CSI Canada LLC**

/s/ *DRAFT*
_____

By: Chris Cramer
Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer

**META Advisors, LLC, not individually, but solely in its capacity as Liquidating Trustee of the Claire's Liquidating Trust**

/s/ *DRAFT*
_____

By: James S. Carr
Managing Director