**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Obj. Deadline: November 6, 2025 at 4:00 p.m., ET** |

**SUMMARY COVER SHEET OF THE FIRST MONTHLY
FEE STATEMENT OF HOULIHAN LOKEY CAPITAL, INC. FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE
DEBTORS FOR THE PERIOD FROM AUGUST 6, 2025 THROUGH SEPTEMBER 30, 2025**

| | |
|---|---|
| Name of Applicant: | Houlihan Lokey Capital, Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | September 18, 2025, effective as of August 6, 2025 |
| Period for which compensation and reimbursement are sought: | August 6, 2025 through September 30, 2025 |
| Amount of Compensation sought as actual, reasonable and necessary: | $4,720,000 (80% of 5,900,000.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,305.63 |

This is a:   x   Monthly   ___ Interim   ___ Final Application

Prior Application Filed: None

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

**PRINCIPAL PROFESSIONALS AND HOURS BY INDIVIDUAL**

**Time Summaries for August 6, 2025 through September 30, 2025**

| NAME OF PROFESSIONAL | TITLE | HOURS |
|---|---|---|
| 1. Saul Burian | Managing Director | 115.0 |
| 2. David Salemi | Managing Director | 161.5 |
| 3. David Cumming | Director | 118.0 |
| 4. Joe Ebb | Vice President | 225.5 |
| 5. Gregory Preiser | Associate | 210.0 |
| 6. Zev Litwin | Associate | 63.5 |
| 7. Dylan Kelly | Financial Analyst | 192.0 |
| 8. Joanna Liu | Financial Analyst | 197.5 |

## HOURS BY PROJECT CATEGORY

| SERVICES RENDERED | HOURS |
|---|---|
| General Case Administration | 157.5 |
| Correspondence with Debtor and Debtor Advisors | 480.0 |
| Correspondence with Potential Buyers | 192.5 |
| Analysis, Presentations, and Due Diligence | 392.0 |
| Correspondence with Non-Debtor Stakeholders and Advisors | 61.0 |
| **SERVICE TOTALS:** | **1,283.0** |

## EXPENSE SUMMARY

| EXPENSES | AMOUNT |
|---|---|
| a) **Overtime Meals** | $2,045.18 |
| b) **Telephone and Data** | $52.12 |
| c) **Ground Transportation** | $1,208.33 |
| **EXPENSES TOTAL:** | **$3,305.63** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Obj. Deadline: November 6, 2025** |
| | ) **at 4:00 p.m., ET** |

### FIRST MONTHLY FEE STATEMENT OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER AND FINANCIAL ADVISORS TO THE DEBTORS FOR THE PERIOD FROM AUGUST 6, 2025 THROUGH SEPTEMBER 30, 2025

Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as investment banker to the above captioned debtors and debtors in possession (collectively, the "Debtors"), submits this fee statement (the "Fee Statement") pursuant to sections 327(a), 328(a), of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated September 8, 2025 [Docket No. 366] (the "Interim Compensation Order"). By this Fee Statement, Houlihan Lokey seeks compensation for investment banking services performed and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

expenses incurred during the period commencing August 6, 2025 through September 30, 2025 (the "Compensation Period").

By this Fee Statement, pursuant to the Retention Order (as defined below), Houlihan Lokey requests (a) monthly allowance of compensation of $140,000.00 (80% of $175,000.00 per month due for September), (b) monthly allowance of compensation of $4,400,000 (80% of $5,500,000 Sale Transaction Fee due September 18, 2025), (c) monthly allowance of compensation of $180,000 (80% of $225,000 Financing Transaction Fee due August 20, 2025), and (d) reimbursement of $3,305.63 in expenses in accordance with the Interim Compensation Order.[2]  The total amount of fees and expenses requested to be approved through this Fee Statement, is $4,723,305.63.

Pursuant to Local Rule 2016-1, this Fee Statement is supported by the certification of David Salemi, which is annexed hereto as **Exhibit D**.  In support of this Fee Statement, Houlihan Lokey respectfully represents as follows:

## BACKGROUND

1.	On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware.  The cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2.	A description of the Debtors' business, the reasons for commencing the Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the Declaration of Chris Cramer, Chief Executive Officer, Chief

---

[2]  Houlihan Lokey may have incurred certain expenses during the fee period that, due to internal accounting processes, may not have been realized in time to include in this Fee Statement.  Houlihan Lokey reserves its right to include any such unrealized expenses in future fee statements or applications.

2

Operating Officer, and Chief Financial Officer of Claire's Holdings LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions, filed on September 6, 2025 [Docket No. 27] and incorporated herein by reference.

3. On August 29, 2025, Houlihan Lokey filed its application to be retained by the Debtors [Docket No. 300] (the "Retention Application"), effective as of the Petition Date, in accordance with the terms and conditions set forth in the engagement agreement, dated as of May 13, 2025 between Houlihan Lokey and the Debtors (the "Engagement Letter").

4. On September 18, 2025, this Court entered the *Order (I) Authorizing Retention and Employment of Houlihan Lokey Capital, Inc., as Financial Advisory and Investment Banker to the Debtors, Effective as of the Petition Date, (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-1, and (III) Granting Related Relief* [Docket No. 505] (the "Retention Order"), authorizing the employment and retention of Houlihan Lokey. A copy of the Retention Order is attached as **Exhibit A**.

5. In addition, the Engagement Letter and Retention Order entitle Houlihan Lokey to receive reimbursement of all actual and reasonable out-of-pocket expenses.

6. As detailed in the Retention Application, the terms of the Engagement Letter are comparable to the terms Houlihan Lokey and other investment bankers have agreed upon in similar engagements, both in and outside of bankruptcy.

7. Under the Retention Order, Houlihan Lokey is compensated on a flat monthly and transactional basis, as opposed to an hourly fee basis, reflecting a typical fee structure for Houlihan Lokey and other leading investment banking firms. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit B** is a schedule setting forth estimated hours worked by professional by work category during the Fee Period. Because Houlihan Lokey

does not have the systems in place to allow its professional staff to regularly log hours worked, the hours logged are estimates only.

## JURISDICTION AND VENUE

8. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory and legal bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## FEE STATEMENT FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

11. This is Houlihan Lokey's first fee statement for compensation filed in these Chapter 11 Cases.

## SERVICES PERFORMED BY HOULIHAN LOKEY

12. The Debtors engaged Houlihan Lokey as their exclusive investment banker to provide investment banking and advisory services in connection with one or more sale, merger, and/or financing transactions involving the Debtors, and/or a financial restructuring or reorganization of the Debtors and their business. Houlihan Lokey provided the Debtors with

investment banking services, including: (a) preparing for and running a comprehensive marketing process for the sale of some or substantially all of the Debtors' assets; (b) reviewing and analyzing the Debtors' business, operations and financial projections; (c) evaluating the Debtors' potential transaction alternatives in light of its projected financial performance and cash flows; (d) assisting the Debtors in evaluating indications of interest and proposals regarding any transaction; (e) advising the Debtors on strategies for negotiating with potential buyers and the Prepetition Lenders; (f) assisting the Debtors in negotiations with the Prepetition Lenders with respect to transaction alternatives; and (g) attending meetings of and providing advice to the Debtors' board of directors (the "Board of Directors") and the special committee of the Board of Directors (the "Special Committee") charged with the administration of the Chapter 11 Case on behalf of the Debtors, in connection with matters relating to Houlihan Lokey's engagement.

13. Although several professionals have worked on this engagement, the following professionals in Houlihan Lokey's New York office provided substantial services to the Debtors in this case: Saul Burian (Managing Director); David Salemi (Managing Director); David Cumming (Director); Joe Ebb (Vice President); Gregory Preiser (Associate); Zev Litwin (Associate); Dylan Kelly (Analyst); and Joanna Liu (Analyst).

14. During the Compensation Period, Houlihan Lokey's work on behalf of the Debtors involved five separate categories of work, which included:

A. **General Case Administration**. Houlihan Lokey expended time on administrative matters related to the set-up and management of the case, as well as other general matters, including, but not limited to, preparing certain administrative court filings, including retention applications, and fee statements, assisting the Debtors and Debtors' legal counsel in reviewing and drafting court documents including declarations, attending or listening to court hearings, tracking hours, and responding to questions and communication from various interested parties.

B. **Correspondence with Debtor and Other Debtor Advisors**. During the Compensation Period, Houlihan Lokey participated in calls and meetings with the Debtors' management and the Debtors' other advisors. These calls covered various topics including but not limited to: the chapter 11 process; liquidity; the state of business operations; restructuring strategy; the sale process; and negotiations and documentation of terms with the prospective buyers. Houlihan Lokey also participated in board of director meetings regarding the status of the restructuring process and other matters.

C. **Correspondence with Potential Buyers**. Houlihan Lokey conducted an extensive sale process, reaching out to 165 prospective buyers and soliciting their interest in a potential acquisition of some or all of the Debtors' assets. Houlihan Lokey assisted in providing marketing materials as well as responding to extensive diligence requests from the parties that were under NDA. In addition, Houlihan Lokey assisted in negotiations between prospective buyers and the Debtors.

      **D.**    **Analysis, Presentations, and Due Diligence**.  Houlihan Lokey has provided advice regarding many of the decisions facing the Debtors, including issues related to the Debtors' liquidity and financial condition, bankruptcy matters, negotiating offers from potential buyers and liquidators, financing alternatives, and other strategy and tactics related to these Chapter 11 Cases.  Houlihan Lokey assisted in preparation of various materials for management and creditors in connection with the provision of strategic advice.

      **E.**    **Correspondence with Non-Debtor Stakeholders and Advisors**.  Houlihan Lokey participated in regular calls with creditors and their advisors to discuss the restructuring and sale process.

15. Pursuant to the Retention Order, Houlihan Lokey and its professionals (a) are granted a limited waiver of the information keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1 and the guidelines of the Office of the United States Trustee for the District of Delaware to permit them to keep professional time records in half-hour increments, and (b) shall not be required to provide or conform with a schedule of hourly rates for its professionals.

16. Pursuant to the Retention Order, Houlihan Lokey and its professionals (a) are granted a limited waiver of the information keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1 and the guidelines of the Office of the United States Trustee for the District of Delaware to permit them to keep professional time records in half-hour increments, and (b) shall not be required to provide or conform with a schedule of hourly rates for its professionals.

**Houlihan Lokey's Fee and Expense Structure**

17. Pursuant to the Engagement Letter, in consideration of the services provided by Houlihan Lokey, the Debtors agreed to pay Houlihan Lokey the compensation set forth in the Engagement Letter (the "Fee and Expense Structure"). The principal terms of the Fee and Expense Structure are as follows: [3]

    (a) *Initial Fee:* In addition to the other fees provided for herein, upon the execution of this Agreement, the Company shall pay Houlihan Lokey a nonrefundable cash fee of $175,000, which shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement ("Initial Fee").

    (b) *Monthly Fees:* In addition to the other fees provided for herein, upon the first monthly anniversary of the Effective Date, and on every monthly anniversary of the Effective Date during the term of this Agreement, the Company shall pay Houlihan Lokey in advance, upon receipt of an invoice, a nonrefundable cash fee of $175,000 ("Monthly Fee"); provided, however, that no additional Monthly Fee shall accrue or be paid after the effective date of any plan of reorganization or liquidation under chapter 11 or chapter 7 of the Bankruptcy Code (as defined below). Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein. Beginning with the payment of the sixth Monthly Fee, 50% of such Monthly Fee and any Monthly Fees paid thereafter (to the extent paid on a timely basis) shall be credited against the next Transaction Fee (as defined below) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event shall such Transaction Fee be reduced below zero.

    (c) *Transaction Fee(s):* In addition to the other fees provided for herein, the Company shall pay Houlihan Lokey the following transaction fee(s):

        i. *Restructuring Transaction Fee.* Upon the earlier to occur of: (I) in the case of an out-of-court Restructuring Transaction (as defined below), the closing of such Restructuring Transaction; and (II) in the case of an in-court Restructuring Transaction, the effective date of a confirmed plan of reorganization or liquidation under Chapter 11 or Chapter 7 of the Bankruptcy Code (as defined below) pursuant to an order of the applicable bankruptcy court, Houlihan Lokey shall earn, and the Company shall

---

[3] The summary of the Engagement Letter included in this Fee Statement is provided for the purposes of convenience only and is qualified in its entirety by reference to the Engagement Letter. To the extent there is any discrepancy between the summary contained in this Fee Statement and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall control. Capitalized terms used but not defined in this summary shall have the meanings ascribed to them in the Engagement Letter.

8

promptly pay to Houlihan Lokey, a cash fee ("Restructuring Transaction Fee") of $5,500,000.

ii. *Sale Transaction Fee.* Upon the closing of the Sale Transaction (as defined below), Houlihan Lokey shall earn, and the Company shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Sale Transaction, as a cost of such Sale Transaction, a cash fee ("Sale Transaction Fee") of $5,500,000.

iii. *Financing Transaction Fee.* Upon the closing of each Financing Transaction (as defined below), Houlihan Lokey shall earn, and the Company shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Financing Transaction, as a cost of such Financing Transaction, a cash fee ("Financing Transaction Fee") equal to the sum of: (I) 1.0% of the gross proceeds of any indebtedness raised or committed that is senior to other indebtedness of the Company, secured by a first priority lien and unsubordinated, with respect to both lien priority and payment, to any other obligations of the Company (including with respect to debtor-in-possession financing), (II) 2.0% of the gross proceeds of any indebtedness raised or committed that is secured by a lien (other than a first lien), is unsecured and/or is subordinated, and (III) 4.0% of the gross proceeds of all equity or equity-linked securities (including, without limitation, convertible securities and preferred stock) placed or committed. Notwithstanding the immediately preceding sentence, if the gross proceeds of any indebtedness raised or committed or of all equity and equity-linked securities placed or committed is (i) provided solely by Elliott Investment Management L.P., Monarch Alternative Capital LP and/or Redwood Capital Management, LLC (together, the "Ad Hoc Group") prior to June 1, 2025, then the percentage in each clause (I), (II) and (III) shall be reduced by 100% or (ii) either (a) provided solely by the Ad Hoc Group after May 31, 2025 or (b) provided at any time by a consortium of holders (or advisors or managers of certain funds and accounts that are holders) under the Company's Term Loan B due 2026 (which may include certain members of the Ad Hoc Group but would also include other holders), then the percentage in each clause (I), (II) and (III) shall be reduced by 50%. Any warrants issued in connection with the raising of debt or equity capital shall, upon the exercise thereof, be considered equity for the purpose of calculating the Financing Transaction Fee, and such portion of the Financing Transaction Fee shall be paid upon such exercise and from the gross proceeds thereof, regardless of any prior termination or expiration of this Agreement. It is understood and agreed that if the proceeds of any such Financing Transaction are to be funded in more than one stage, Houlihan Lokey shall be entitled to its applicable compensation hereunder upon the closing date of each stage. The Financing Transaction Fee(s) shall be payable in respect of any sale of securities whether such sale has been arranged by Houlihan Lokey, by another agent or directly by the Company or any of its affiliates. Any non-cash consideration provided to or received in connection with the

9

        Financing Transaction (including but not limited to intellectual or intangible property) shall be valued for purposes of calculating the Financing Transaction Fee as equaling the number of Securities (as defined below) issued in exchange for such consideration multiplied by (in the case of debt securities) the face value of each such Security or (in the case of equity securities) the price per Security paid in the then current round of financing. The fees set forth herein shall be in addition to any other fees that the Company may be required to pay to any investor or other purchaser of Securities to secure its financing commitment.

    iv. *Disposition Transaction Fee.* Upon the closing of the Disposition Transaction (as defined below), Houlihan Lokey shall earn, and the Company shall thereupon pay to Houlihan Lokey immediately and directly from the gross proceeds of such Disposition Transaction, as a cost of such Disposition Transaction, a cash fee ("Disposition Transaction Fee") of $3,000,000.

    v. *Expenses.* In addition to all of the other fees and expenses described herein, and regardless of whether any Transaction is consummated, the Company shall, upon Houlihan Lokey's request, reimburse Houlihan Lokey for its reasonable and (other than expenses described in clause (ii) below) documented out-of-pocket expenses incurred from time to time. Houlihan Lokey bills its clients for its reasonable out-of-pocket expenses including, but not limited to (i) documented travel-related and certain other expenses, without regard to volume-based or similar credits or rebates Houlihan Lokey may receive from, or fixed-fee arrangements made with, travel agents, airlines or other vendors, and (ii) research, database and similar information charges paid to third party vendors, and reprographics expenses, to perform client-related services that are not capable of being identified with, or charged to, a particular client or engagement in a reasonably practicable manner, based upon a uniformly applied monthly assessment or percentage of the fees due to Houlihan Lokey. Houlihan Lokey shall, in addition, be reimbursed by the Company for the reasonable and documented fees and expenses of Houlihan Lokey's legal counsel incurred in connection with the negotiation and performance of this Agreement and the matters contemplated hereby.

    If (i) a Financing Transaction is consummated, (ii) the Financing Transaction Fee exceeds $2,000,000, and (iii) contemporaneous with or subsequent to such Financing Transaction, a Restructuring Transaction, Sale Transaction, or Disposition Transaction is consummated, Houlihan Lokey will credit 50% of the portion (if any) of the Financing Transaction Fee that is above $2,000,000 against the Restructuring Transaction Fee, Sale Transaction Fee, or Disposition Transaction Fee, except that, in no event, shall such Restructuring Transaction Fee, Sale Transaction Fee, or Disposition Transaction Fee be reduced below zero.

    Any Restructuring Transaction Fee, Sale Transaction Fee, Financing Transaction Fee, and Disposition Transaction Fee is each referred to herein as a "Transaction Fee" and are

10

collectively referred to herein as "Transaction Fees."  All payments received by Houlihan Lokey pursuant to this Agreement at any time shall become the property of Houlihan Lokey without restriction.  No payments received by Houlihan Lokey pursuant to this Agreement will be put into a trust or other segregated account.

### **CERTIFICATION OF DAVID R. SALEMI**

18. A Certification of David R. Salemi is attached hereto as **Exhibit D**.

### **HOULIHAN LOKEY'S FEE STATEMENT**

19. The professional services and related expenses that are the subject of this Fee Statement were rendered and incurred in connection with this case, and in discharge of Houlihan Lokey's professional responsibilities as investment banker for the Debtors in these Chapter 11 Cases.  Houlihan Lokey's services have been substantial, necessary, and beneficial to the Debtors in this case.  Houlihan Lokey believes that the fees and expenses requested by this Fee Statement are reasonable and necessary given the variety and complexity of the issues involved in this case, the need to act or respond on an expedited basis to those issues and are contemplated by the Bankruptcy Code and this Court's Retention Order.

20. Houlihan Lokey believes that this Fee Statement substantially complies with the Retention Order and the Local Rules.  To the extent there has not been material compliance with any particular rule or guideline, Houlihan Lokey respectfully requests a waiver or an opportunity to cure.

21. The fees charged by Houlihan Lokey in this case are billed in accordance with its fees and procedures in effect during the Compensation Period. The amount of compensation requested is fair and reasonable given the complexity of this case, time expensed, nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

22. All requested expenses are in compliance with Local Bankruptcy Rule 2016-1. Houlihan Lokey has maintained detailed records of actual and necessary expenses incurred. Accordingly, Houlihan Lokey requests: (a) monthly allowance of compensation of $4,720,000.00 (80% of $5,900,000.00 due for September) and (b) reimbursement of $3,305.63 in expenses in accordance with the Interim Compensation Order.

23. Prior to the Petition Date, Houlihan Lokey has earned and been paid its Initial Fee ($175,000), two Financing Fees ($80,621.07 in aggregate), and three Monthly Fees for the period of May 13, 2025 and ending August 13, 2025 ($525,000 in aggregate).

24. Prior to the Petition Date, Houlihan Lokey received $9,715.04 in expense reimbursement, inclusive of a $2,500 expense retainer.

25. Houlihan Lokey's fee and expense detail is outlined in Exhibit C attached hereto. The total amount of compensation and expense reimbursement requested to be approved pursuant to this Fee Statement is $4,723,305.63, of which $4,723,305.63 remains unpaid as of this filing.

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, Houlihan Lokey respectfully requests (i) allowance of compensation for professional services rendered as investment banker to the Debtors during the Compensation Period in the amount of $4,720,000.00 (ii) reimbursement of actual and necessary expenses incurred by Houlihan Lokey during the Compensation Period in the amount of $3,305.63; and (iii) such other and further relief as this Court deems just and proper.

Dated:  October 16, 2025

                      **HOULIHAN LOKEY CAPITAL, INC.**
                      *Financial Advisor and Investment Banker to the Debtors*

By:    */s/ David R. Salemi*
           David R. Salemi
           Managing Director
           Houlihan Lokey Capital, Inc.