# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 688** |

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF DEBTORS' FIRST AMENDED JOINT PLAN

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this statement (this "Statement") in support of the *First Amended Joint Chapter 11 Plan of Claire's Holdings LLC and its Debtor Affiliates (Technical Modifications)* [Docket No. 688] (the "Plan").[2] The Committee respectfully states as follows in support of the Plan:

1. The Committee supports confirmation of the Plan. The Plan incorporates the terms of a global settlement reached among the Committee, the Debtors, and the Prepetition Secured Parties (the "Committee Settlement") in connection with the Court's approval of the private sale of substantially all of the Debtors' assets (the "Sale") to AWS Claire's, LLC (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan, the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 419], the *Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests and (II) Granting Related Relief* [Docket No. 427] (the "Sale Order"), and the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Claire's Holdings LLC and its Debtor Affiliates* [Docket No. 430] (the "Disclosure Statement"), as applicable.

"Purchaser"), an entity owned by a buyer group led by Ames Watson, LLC, in September. The Committee Settlement fully resolved the Committee's objections to, among other things, the proposed releases in the Sale Order, and was intended to accomplish two primary goals: *first*, to allow the Debtors to quickly close a sale that would provide immense value to the Debtors' unsecured creditor constituency and, *second*, to pave the way for a consensual plan of liquidation providing for the fair treatment of unsecured creditors. Both goals have been accomplished. The Sale closed on September 18, 2025: a result which was nothing short of extraordinary under the circumstances. As the Court is aware, the Debtors filed these Chapter 11 Cases to commence a full-chain liquidation after receiving little interest from going concern purchasers following a fulsome prepetition marketing process. This trajectory was upended shortly after the Petition Date when the Purchaser submitted a last-minute proposal to purchase a significant portion of the Debtors' business and preserve thousands of jobs and business relationships that would otherwise be lost. The Committee Settlement allowed the Debtors, the Committee, and the Prepetition Secured Parties to avoid complex and costly litigation that risked jeopardizing not only the Sale, but a subsequent chapter 11 plan process.

2. The Committee Settlement is incorporated in the Plan and provides for materially improved treatment for unsecured creditors than what was originally contemplated for the initial chapter 11 plan filed at the outset of these Chapter 11 Cases [Docket No. 185] (the "Initial Plan"), as set forth below:

> (a) Stub Rent and 503(b)(9) Claims Reserves. Reserves were established to provide for the full payment of all Allowed Stub Rent and Allowed 503(b)(9) Claims, ensuring administrative solvency in these Chapter 11 Cases. Prior to the Committee Settlement, the Debtors were not required to reserve for these claims and, as such, there were no assurances that the Debtors would have sufficient funds to pay all Allowed Stub Rent and Allowed 503(b)(9) Claims in full.[3]

---

[3] *See* Plan, Art. II.A.; Initial Plan, Art. II.A.

  (b) <u>Trust GUC Assets</u>.  The Plan now provides for the establishment of a Liquidating Trust and the appointment of a Liquidating Trustee to oversee the trust's administration and distribution of certain assets reserved for the exclusive benefit of unsecured creditors (the "<u>Trust GUC Assets</u>"), comprised of:

    (i). $1 million in cash to be funded into the Debtors' estates after all Allowed Prepetition ABL Claims are paid in full;

    (ii). All Retained Causes of Action and any proceeds thereof; and

    (iii). All cash remaining, if any, in the $3.3 million fee reserve earmarked for the payment of Allowed fees and expenses of the Committee Professionals after payment of such Allowed fees and expenses.

  Under the Initial Plan, general unsecured creditors were not entitled to receive any distributions on account of their claims.[4]

  (c) <u>Non-Released Former Officer Claims</u>.  The Plan now provides that any Claims or Causes of Action held by the Debtors or their respective estates against any of the Debtors' former officers as of the Petition Date who were appointed as such by express board resolution (the "<u>Non-Released Former Officer Claims</u>") shall not be released; *provided* that, any recovery on account of any Non-Released Former Officer Claim, including by way of settlement or judgment, shall be satisfied solely by and to the extent of the proceeds of the Debtors' available D&O Liability Insurance Policies. Under the Initial Plan, such parties were to receive full releases.[5]

3. In connection with the negotiation of the Committee Settlement, the Committee conducted an investigation into potential estate causes of action against the Prepetition Secured Parties and certain related parties to be released under the Sale Order, and ultimately concluded no valuable claims exist.  Critically, the Committee concluded there were no colorable claims to challenge the validity of the $600+ million in aggregate secured claims asserted by the Prepetition Priority and Existing Term Loan Lenders, the majority of which will never be

---

[4] *See* Plan, Art. III.B.5.(b); Initial Plan, Art. III.B.6.(b).

[5] *See* Plan, Art. IV.T.; Initial Plan, Art. VIII.B.

repaid.[6] In light of the results of the Committee's investigation, the Committee believes that the Plan and the Committee Settlement maximizes value for the Debtors' unsecured creditors.

4. For the foregoing reasons, the Committee supports the Plan and respectfully requests that the Court confirm the Plan.

[*Remainder of Page Intentionally Left Blank*]

---

[6] Under the Plan, the Prepetition Priority Term Loan Lenders are projected to recover approximately 36% on account of their claims and the Prepetition Existing Term Loan Lenders are projected to recover nothing on account of their claims. *See* Disclosure Statement, Art. III.D.

| | |
|---|---|
| Dated: October 22, 2025<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, Suite 600<br>Wilmington, DE 19801<br>Tel: (302) 652-3131<br>Fax: (302) 652-3117<br>Email: jalberto@coleschotz.com<br>snewman@coleschotz.com<br><br>-and-<br><br>Seth Van Aalten (admitted *pro hac vice*)<br>Sarah A. Carnes (admitted *pro hac vice*)<br>Michael A. Solimani (admitted *pro hac vice*)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Tel: (212) 752-8000<br>Fax: (212) 752-8393<br>Email: svanaalten@coleschotz.com<br>scarnes@coleschotz.com<br>msolimani@coleschotz.com<br><br>-and-<br><br>**MCDERMOTT WILL & SCHULTE LLP**<br><br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>Stacy A. Lutkus (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Tel: (212) 547-5400<br>Fax: (212) 547-5444<br>Email: dazman@mwe.com<br>kgoing@mwe.com<br>salutkus@mwe.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |