**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 25-11454 (BLS) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, AND METHODOLOGY REGARDING POST-CONFIRMATION REPORT FOR CLAIRE'S HOLDINGS LLC FOR THE QUARTER ENDED SEPTEMBER 30, 2026**

META Advisors LLC, solely in its capacity as trustee (the "Liquidating Trustee") of the Claire's Liquidating Trust (the "Trust"), has filed the attached post-confirmation report (the "PCR") in the United States Bankruptcy Court for the District of Delaware (the "Court") in the case of Claire's Holdings LLC (Case No. 25-11454) (the "Lead Debtor"), the remaining debtor of fourteen entities that filed voluntary petitions on August 6, 2025 (together, the "Debtors"). The PCR, prepared by the Liquidating Trustee with the assistance of its advisors and professionals, was prepared solely for the purpose of complying with the post-confirmation quarterly reporting requirements established by the United States Trustee Program (*see* *https://www.justice.gov/ust/chapter-11-operating-reports*). The PCR should not be relied upon by any persons for any information in connection with current or future financial conditions or events relating to the Debtors, the Trust, or the Debtors' estates.

The financial information contained in the PCR is preliminary, unaudited, limited in scope, and is not prepared in accordance with accounting principles generally accepted in the United States of America nor in accordance with other applicable non-bankruptcy law. In preparing the PCR, the Liquidating Trustee relied on financial data from the books and records available to it at the time of such preparation, as well as certain filings on the docket in the Chapter 11 cases. Although the Liquidating Trustee made commercially reasonable efforts to ensure the accuracy and completeness of the PCR, inadvertent errors or omissions may exist. The Liquidating Trustee reserves the right to amend and supplement the PCR as may be necessary or appropriate.

---

[1] The Post-Effective Date Debtor's service address is c/o META Advisors, LLC, 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, Attn: Dana P. Kane. On March 17, 2026, the Court entered a final decree (the "Final Decree") closing the chapter 11 cases of Claire's Stores, Inc., Case No. 25-11462, Claire's Puerto Rico Corp., Case No. 25-11461, Claire's Boutiques, Inc., Case No. 25-11458, Claire's Canada Corp., Case No. 25-11459, Claire's Swiss Holdings LLC, Case No. 25-11464, CSI Canada LLC, Case No. 25-11467, Claire's Swiss Holdings II LLC, Case No. 25-11463, CBI Distributing Corp., Case No. 25-11456, Claire's (Gibraltar) Holdings Limited, Case No. 25-11457, CLSIP Holdings LLC, Case No. 25-11465, BMS Distributing Corp., Case No. 25-11455, Claire's Intellectual LLC, Case No. 25-11460, and CLSIP LLC, Case No. 25-11466.

**Part 1: Summary of Post-Confirmation Transfers**

On September 10, 2025, the Court entered an *Order (I) Authorizing and Approving the Sale of Going-Concern Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief*[2] approving the sale (the "Sale") of the Going-Concern Assets (as defined therein) pursuant to an asset purchase agreement between AWS Claire's, LLC, as the Purchaser (as defined therein), and the Debtor parties thereto, as the Seller (as defined therein). On September 18, 2025, the Sale closed.

On October 29, 2025, the Court entered its *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming the First Amended Joint Chapter 11 Plan of Claire's Holdings LLC and Its Debtor Affiliates (Technical Modifications)* (the "Confirmation Order")[3] confirming the *First Amended Joint Chapter 11 Plan of Claire's Holdings LLC and Its Debtor Affiliates (Technical Modifications)* (the "Plan").[4] On November 10, 2025 (the "Effective Date"),[5] the Trust was created pursuant to the terms and conditions of the Confirmation Order and Plan and that certain *Liquidating Trust Agreement*, dated as of November 10, 2025.

Pursuant to Section IV.D of the Plan, all Liquidating Trust Assets -- defined in Sections I.A.78 and I.A.157 of the Plan to mean all Distributable Proceeds, the Stub Rent Reserve, the 503(b)(9) Claim Reserve, the Trust GUC Assets, and all other remaining assets of the Debtors on the Effective Date, but excluding the Professional Fee Escrow Account, the Seller Note, and the Acquired Assets -- vested in the Trust on the Effective Date for further administration by the Trust in winding down and dissolving the Debtors' Estates. Consistent with these Plan provisions, all disbursements that were made by the Trust during any post-confirmation reporting period are being deemed made by, and reported in the Lead Debtor's PCR.

On March 17, 2026, the Court entered the Final Decree that closed all of the Debtors' Chapter 11 cases except for the Chapter 11 case of the Lead Debtor. Accordingly, the Trust is filing a PCR only in the Lead Debtor's case for this reporting period of July 1, 2026 through and including September 30, 2026 (the "Current Reporting Period").

Reported in Part 1 of the PCR under Current Quarter, Total Transferred is the amount of $1,044,000.91. This amount reflects all disbursements made by or on behalf of the Trust during the Current Reporting Period, including $88,489.55[6] attributable to post-Effective Date contingency fees paid to the Trust's litigation counsel, ASK LLP, which is pursuing certain chapter 5 avoidance actions on behalf of the Trust.

---

[2] Docket No. 427.

[3] Docket No. 741.

[4] *Id.*, Ex. A. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] Docket No. 805

[6] Of this amount, $27,763.15 was disbursed by the Trust during the quarter ending June 30, 2026, which was inadvertently omitted from the Lead Debtor's PCR for that reporting period.

**Part 2: Pre-Confirmation Professional Fees and Expenses**

Part 2a

Information regarding cumulative pre-confirmation professional fees and expenses included in Part 2a of the PCR, comprising professionals of both the pre-Effective Date Debtors and the Official Committee of Unsecured Creditors, is derived from the monthly fee applications filed in the Chapter 11 Cases.[7] As the PCR form requires disclosures regarding amounts "Approved Current Quarter" and "Paid Current Quarter," the aggregate amounts listed under "Paid Cumulative" in Part 2a include payments made by the Debtors during the approximately six weeks preceding the Trust's formation and, accordingly, are not a subset of the total disbursements since the Effective Date listed in Part 1.

Part 2b

The Trust did not pay pre-confirmation fees and expenses to non-bankruptcy or ordinary course professionals during the Current Reporting Period, as reflected on the PCR.

**Part 3: Recoveries of the Holders of Claims and Interests Under Confirmed Plan**

"Total Anticipated Payments Under Plan" are unknown at this time and will depend on, among other things: (i) claims reconciliation efforts and the resultant final allowed amount of such claims at every priority level, including the results of efforts to solicit taxpayer identification (predominantly IRS Form W-9); and (ii) the operating expenses of the Trust.

The claims reconciliation process is at an early stage and the Liquidating Trustee is not able to determine at this time the total amount of claims that will be allowed. As such, reporting with respect to the anticipated total amount of "Allowed Claims" of all priority levels is not possible at this time, and a figure of "$0" has been entered in the PCR in the columns "Total Anticipated Payments Under Plan."

During the Current Reporting Period, payments totaling $15,674.00 were made by or on behalf of the Trust to certain taxing authorities, which payments are included in the distributions reported in Part 1 of this PCR. Depending upon the applicable time periods at issue and the nature of such tax obligations, they may be appropriately characterized as secured claims, administrative claims, or priority claims. Moreover, to the extent such an obligation is properly classified as an administrative claim, applicable bankruptcy law may have excused such taxing authority from filing a request for payment of an administrative expense in the Chapter 11 case. Accordingly, the

---

[7] Pursuant to the order authorizing the retention and appointment of Omni Agent Solutions, Inc. ("Omni") as claims and noticing agent (Docket No. 86), Omni was not required to file fee applications or otherwise seek Court approval of compensation for its services and reimbursement of its expenses when providing services to the Debtors in that capacity, and was to be paid in the ordinary course of business as an administrative expense of the Debtors. Accordingly, Part 2a of this PCR does not include information of the cumulative fees and expenses of Omni in its capacity as claims and noticing agent to the Debtors, but does report fees and expenses sought by Omni in a separate capacity as administrative agent to the Debtors. Fees and expenses paid to Omni as claims and noticing agent are nonetheless included in Part 1 of this PCR to the extent paid during the Current Reporting Period.

Trust has not undertaken a review to classify the tax obligations that were paid during the Current Reporting Period and such payments have not been reported in Part 3 of this PCR.

Payments made on account of post-petition obligations incurred in the ordinary course of business of the Debtors have not been reported in Part 3 of the PCR but are included in Part 1 of the PCR. For the avoidance of doubt, the Trust has not in this PCR, and will not in future reports, include disputed claims in Part 3 of the PCR.

**Part 4: Questionnaire**

The date of December 31, 2028 listed in Part 4 is included solely as a placeholder. The Liquidating Trustee cannot currently anticipate, with any degree of certainty, when the application for a Final Decree closing the Chapter 11 case of the Lead Debtor may be filed.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF Delaware

In re: Claire's Holdings LLC §
§
§
Debtor(s) §

Case No. 25-11454

☐ Jointly Administered

# Post-confirmation Report

Chapter 11

Quarter Ending Date: 09/30/2026

Petition Date: 08/06/2025

Plan Confirmed Date: 10/29/2025

Plan Effective Date: 11/10/2025

This Post-confirmation Report relates to: ○ Reorganized Debtor

◉ Other Authorized Party or Entity: Claire's Liquidating Trust
Name of Authorized Party or Entity

/s/ Lucian B. Murley
Signature of Responsible Party

10/21/2026
Date

Lucian B. Murley
Printed Name of Responsible Party

Akerman LLP
222 Delaware Avenue, Suite 1710
Wilmington, DE 19801
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name Claire's Holdings LLC Case No. 25-11454

## Part 1: Summary of Post-confirmation Transfers

| | Current Quarter | Total Since Effective Date |
|---|---|---|
| a. Total cash disbursements | $1,044,001 | $23,950,228 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $1,044,001 | $23,950,228 |

## Part 2: Preconfirmation Professional Fees and Expenses

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | $0 | $23,370,458 | $0 | $23,370,458 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Hilco Merchant Resources LLC | Other | $0 | $6,803,597 | $0 | $6,803,597 |
| | ii | Alvarez & Marsal | Financial Professional | $0 | $2,479,062 | $0 | $2,479,062 |
| | iii | Kirkland & Ellis LLP | Lead Counsel | $0 | $6,413,926 | $0 | $6,413,926 |
| | iv | Richards, Layton & Finger, P.A. | Co-Counsel | $0 | $387,007 | $0 | $387,007 |
| | v | Houlihan Lokey Capital, Inc. | Financial Professional | $0 | $4,723,306 | $0 | $4,723,306 |
| | vi | Katten Muchin Rosenman LLP | Special Counsel | $0 | $753,120 | $0 | $753,120 |
| | vii | Omni Agent Solutions, Inc. | Other | $0 | $8,196 | $0 | $8,196 |
| | viii | BDO USA, P.C. | Other | $0 | $361,998 | $0 | $361,998 |
| | ix | McDermott Will & Schulte LLP | Lead Counsel | $0 | $650,293 | $0 | $650,293 |
| | x | Cole Schotz P.C. | Co-Counsel | $0 | $720,489 | $0 | $720,489 |
| | xi | Province, LLC | Financial Professional | $0 | $69,466 | $0 | $69,466 |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor *Aggregate Total* | | | $0 | $8,060 | $0 | $8,060 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | DLA Piper LLP (US) | Other | $0 | $3,126 | $0 | $3,126 |
| | ii | Mb Manzano-Bahamonde & Co | Other | $0 | $4,934 | $0 | $4,934 |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxviii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxvii | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $23,370,458 | $0 | $23,370,458 |

## Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $122,275 | $122,275 | 100% |
| b. Secured claims | $0 | $0 | $0 | $0 | 0% |
| c. Priority claims | $0 | $0 | $0 | $0 | 0% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

## Part 4: Questionnaire

a. Is this a final report? Yes ○ No ◉

If yes, give date Final Decree was entered:

If no, give date when the application for Final Decree is anticipated: 12/31/2028

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? Yes ◉ No ○

Debtor's Name Claire's Holdings LLC Case No. 25-11454

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

| | |
|---|---|
| /s/ Grace Marie Codispoti | Grace Marie Codispoti |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Operating Officer, META Advisors, LLC | 10/21/2026 |
| Title | Date |

Debtor's Name Claire's Holdings LLC Case No. 25-11454

Page 1

Other Page 1

Page 2 Minus Tables

Bankruptcy Table 1-50

Debtor's Name Claire's Holdings LLC Case No. 25-11454

Bankruptcy Table 51-100

Non-Bankruptcy Table 1-50

Non-Bankruptcy Table 51-100

Part 3, Part 4, Last Page